Daniel M. Baczynski, Bar No. 15530
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
(801) 255-5588 Fax

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar #4311
12339 South 800 East Ste. 101
Draper, Utah 84020
(801) 553-1700
(801) 255-5588 fax
*Legaljustice3@gmail.com*

# IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER, | **AMENDED COMPLAINT AND JURY DEMAND** |
| Plaintiffs, | |
| vs. | Case No: 1:18-cv-002 |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK | Judge: Jill Parrish |
| Defendants. | |

Plaintiffs' Cynthia Stella and the Estate of Heather Miller, by and through their attorneys, and for their Complaint against Defendants Davis County, Sheriff Todd Richardson, James Ondricek, and Mavin Anderson allege as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the Utah state law pursuant to 28 U.S.C. § 1367.

2. Venue lies in the United States District Court for the District of Utah because the events and omissions giving rise to Plaintiffs' claims occurred in Davis County, Utah. 28 U.S.C. § 1391(b)(2).

3. Defendants are subject to personal jurisdiction within this district.

**PARTIES**

4. Prior to her death, Heather Miller was and at all times pertinent has been a citizen of the United States and a resident of the State of Utah.

5. Cynthia Stella, mother of the deceased, is allowed to bring this action on her own behalf, and on behalf of the estate of Heather Miller without opening formal probate. Utah Code Ann. 78B-3-106.5.

6. Plaintiffs brings this action on behalf of Cynthia Stella and on behalf of the Estate of Heather Miller.

7. Defendant is Davis County (County), a political subdivision of the State of Utah. As part of its corporate powers, and at all times relevant, the County maintained the Davis County Jail.

2

8. Defendant is Todd Richardson (Richardson), in both his official and individual capacity, who as sheriff of Davis County is a principal policy maker for the Davis County Jail. Upon information and belief, Richardson is a resident of Davis County, State of Utah.

9. Defendant is Mavin Anderson, a nurse employed by Davis County to provide medical services at the Davis County Jail. Anderson is believed to be a resident of Davis County.

10. Defendant is James Ondricek, who as medical supervisor at the Davis County Jail is a principal policy maker for the Davis County Jail. Upon information and belief, Ondricek is a resident of Davis County, State of Utah.

11. Defendants are persons under the meaning of 42 U.S.C. § 1983 and are located in this judicial district.

## **GENERAL ALLEGATIONS**

11. On December 20, 2016, Heather Ashton Miller was booked into the Davis County Jail.

12. On December 21, 2016, around 17:56, Ms. Miller was reported to have fallen from the top bunk in her cell, injuring herself severely in the fall.

13. Jail staff, including Nurse Marvin Anderson, arrived to assess Ms. Miller.

14. Ms. Miller told jail staff that she had hit her head and that her side was in severe pain.

15. Ms. Miller also told jail staff she was dizzy and could not walk.

16. Nurse Anderson did not check Ms. Miller's vitals at that time, or at any time thereafter until over two hours and forty-four minutes had passed. The only attempt to take vitals after the fall was by EMTS at the veritable moment of transport to the hospital, when it was too late.

3

17. Ms. Miller was being housed on the second floor of the unit at the time of the fall. The Defendants thereafter determined to move her to a cell with an available lower bunk, but this cell was located on a lower, first floor unit.

18. Ms. Miller was unable to walk down the stairs to the first floor of the unit due to excruciating pain and debilitation resulting from the fall; instead she scooted down the stairs in a seated position until she reached the bottom of the stairs where she waited for staff to bring a wheelchair and lift her into it.

19. Rather than have Ms. Miller brought into the infirmary, Anderson ordered that Ms. Miller be taken into another unit with a lower bunk under no medical observation.

20. Although Anderson had the option to order medical checks, to provide medical monitoring, to provide medical observation, and/or to check vital signs, Anderson did nothing.  He did not order any medical attention for Ms. Miller.

21. Ms. Miller suffered a ruptured spleen as a result of the fall.  She had extensive internal bleeding and internal blood loss.  This condition would have manifested itself in many obvious and almost immediate ways by simply taking vital signs or by providing medical observation.

22. Had jail staff monitored Ms. Miller's vitals (blood pressure, pulse, and temperature), they would have discovered obvious symptoms indicating massive internal blood loss and/or made a determination that Ms. Miller was facing a life-threatening injury, including the possibility of a ruptured spleen.  Significant decline of critical vital signs would have

been notable in as early as 15-30 minutes from the fall, prompting attention medically probable to have saved her life.

23. Jail staff failed to diagnose Ms. Miller's internal injuries or take simple vital signs for at least two hours and forty-four minutes when EMTs arrived to transport her; she died in-route to the hospital, but was pronounced dead approximately four hours after her fall.

24. Davis County Jail either lacks policies on providing basic medical attention to inmates or fails to train staff on these policies.

25. Nurse Anderson claimed he was unaware of any policy regarding what medical attention is required after an inmate has suffered, or is suspected of suffering, an injury. Nurse Anderson claimed he was unaware of any policy regarding what medical attention is required after an inmate has suffered or is suspected of suffering a fall.

26. Nurse Anderson admitted he should check vitals for inmates that have suffered falls and should have done so for Ms. Miller.

27. Nurse James Ondricek, a (medical) supervisor at Davis County Jail, stated there is no jail policy for falls or any other type of injury that addresses medical issues of any type, including medical care, treatment or supervision.

28. Nurse Ondricek's stated inmates fall from the top bunk about once a month, and his expectation would be that even if there were no visible injuries from the fall, medical staff would monitor the fallen inmate, including monitoring vital signs.

29. Nurse Ondricek also stated it would be his expectation that an inmate who couldn't walk would be brought to the medical area or provided further observation.

30. These policies either do not exist or were not taught to jail staff, as these policies were not followed after Ms. Miller fell from her bunk.

## FIRST CAUSE OF ACTION
### Deliberate Indifference to Ms. Miller's 8th and/or 14th Amendment Rights–Failure to Provide Proper Medical Care (Cognizable under 42 U.S.C. §1983)

32. Plaintiffs adopts by reference all preceding paragraphs.

33. Defendants had a duty to provide timely medical treatment for conditions about which they knew or should have known. Defendants knew or should have known about Ms. Miller's medical needs, and with deliberate indifference to such medical needs, Defendant acted or failed to act in such a way to deprive Ms. Miller of necessary and adequate medical care, thus endangering her health and well-being. Such acts and/or omissions of Defendants violated rights secured to Ms. Miller under the 8th and/or 14th Amendment of the United States Constitution.

34. Defendants breached their duties and were deliberately indifferent to Ms. Miller's medical needs by failing to provide any medical attention to Ms. Miller despite the evidence (her fall from the top bunk, complaints of excruciating pain, indication that she hit her head, and debilitation from her fall including the inability to walk on her own volition) indicated a serious medical condition.

35. As a direct and proximate result of Defendants' deliberate indifference, Ms. Miller died while in the custody of Defendants.

36. On information and belief, Ms. Miller was caused to endure prolonged pain and suffering leading up to the time of her death, even though her condition could have been

6

diagnosed, treated, and stabilized. Accordingly, Plaintiffs seek compensation in an amount to be determined at trial for the pain and suffering Ms. Miller endured prior to her death, and for the wrongful death of Ms. Miller.

37. Further, due to the egregious nature of Defendants' indifference and reckless distraught for the health, safety, and the very life of Ms. Miller, Plaintiffs' seek punitive damages against said Defendants.

## SECOND CAUSE OF ACTION
**Failure to Train and/or Supervise in Violation of the 8th and 14th Amendments
Constitutional Depravation of Constitutional Rights Pursuant to 42 U.S.C. §1983
(Cognizable under 42 U.S.C. §1983)**

38. Plaintiffs adopts by reference all preceding paragraphs.

39. Davis County is considered "persons" under 42 U.S.C. §1983 and thus may be liable for causing a constitutional deprivation.

40. Sheriff Richardson may be held liable in damages for constitutional wrongs caused by his failure to adequately train or supervise his subordinates due to his deliberate indifference.

41. Defendants foresaw, or should have foreseen, the possibility of inmates suffering severe injuries while in the custody of Davis County Jail. However, Defendant Richardson failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of inmates, including Ms. Miller, with such issues. In this, Defendant was deliberately indifferent to the health and safety of Ms. Miller, which deliberate indifference caused her death.

42. In addition to Defendant Richardson, Nurse James Ondricek, as the supervisor of nurses at Davis County Jail, is also responsible for providing adequate policies, procedures, or

7

training to their employees or contractors to reasonably provide for the safety and health of inmates, including Ms. Miller, with such issues. In this, Defendant was deliberately indifferent to the health and safety of Ms. Miller, which deliberate indifference caused her death.

43. For example, Davis County was aware that inmates at the Davis County Jail would fall off the top bunk about once a month. These falls could result in significant injuries. One inmate fell off the top bunk and split his ear open. To avoid such injuries, some officers, such as Deputy Lloyd, no longer require inmates to climb off their bunk during standing headcounts.

44. However, Defendant Richardson failed to train on or implement a policy regarding the medical care that must be provided when an inmate has suffered a possible significant injury.

45. Following the death of Heather Miller, the Utah Attorney General's Office engaged in an investigation into Ms. Miller's death.

46. Three nurses were interviewed during the investigation and no nurse was able to identify a governing policy or practice regarding the level of care that Davis County Jail personnel must provide an inmate following an injury. No nurse was able to identify a governing policy or practice regarding the level of care that Davis County Jail personnel must provide an inmate following a fall.

47. Defendants, in their official capacities, failed to provide adequate policies, procedures, or training to their employees or contractors in instructing and directing them to adequately

monitor and respond to inmates with serious health conditions. In this, Defendants were deliberately indifferent to the health and safety of Ms. Miller, which deliberate indifference caused her death.

48. As a direct and proximate result of Defendants' actions, inactions, and/or deliberate indifference, Ms. Miller was deprived of her rights in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. §1983, i.e., she was deprived of her life without due process of law.

## THIRD CAUSE OF ACTION
### Deprivation of Rights under Article I, Section 9 of the Utah Constitution
### Unnecessary Rigor in Confinement

49. Plaintiff adopts by reference all preceding paragraphs.

50. Defendants' acts and omissions as set forth above deprived Ms. Miller of her constitutional rights guaranteed by Article I, Section 9 of the Utah Constitution, which provides that imprisoned persons shall not be subjected to or treated with unnecessary rigor.

51. Davis County and its officials' violations of Ms. Miller's rights secured under Article I, Section 9 proximately caused Miller to suffer substantial damages, including but not limited to: i) the denial of Miller's constitutional rights; ii) deprivation of personal liberty; iii) loss of property; iv) severe mental anguish; v) substantial physical pain; vi) loss of income and; vii) pain and suffering.

52. Defendants subjected Ms. Miller to unnecessary rigor by failing to provide any medical attention to Ms. Miller as Ms. Miller died of a ruptured spleen.

9

53. Defendants were on notice that Ms. Miller had suffered a serious injury after falling off her bunk, as past experience had shown that falling off the bunk can cause significant injury and Ms. Miller was unable to walk on her own volition.

54. Defendants provided no medical attention to Ms. Miller – they did not even check Ms. Miller's vitals.

55. There was no reasonable justification for Defendants' failure to provide any medical attention. In fact, Nurse Ondricek stated it would be his expectation that an inmate who couldn't walk would be brought to the medical area or provided further observation.

56. Defendants foresaw, or should have foreseen, the possibility of inmates suffering severe injuries while in the custody of Davis County Jail. However, Defendant Richardson failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of inmates, including Ms. Miller, with such issues.

57. In addition to Defendant Richardson, Nurse James Ondricek, as the supervisor of nurses at Davis County Jail, is also responsible for providing adequate policies, procedures, protocols, and training to their employees or contractors to reasonably provide for the safety and health of inmates, including Ms. Miller, with such issues. There were no protocols in place at the time of Ms. Miller's death.

58. Defendants' lack of medical attention to Ms. Miller following a serious injury constitutes the unnecessary rigor of a detainee and violates Utah's constitution.

## INJUNCTIVE RELIEF

59. The operation of Davis County Jail without any policies insuring inmates receive adequate medical is unconstitutional. Plaintiff requests injunctive relief requiring Davis County to enact, train, and publish policies providing for medical attention that comply with national standards.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests this court enter judgment against Defendants, and each of them and provide the following relief:

a. Compensatory and special damages in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

b. Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

c. For interest and costs as allowed by law;

d. For attorney fees, pursuant to 42 U.S.C. § 1988;

e. For declaratory and injunctive relief barring Defendants from similar misconduct in the future; and

f. Such other and further relief as the court deems appropriate.

Dated this 7th day of March, 2018.

/s/     Daniel Baczynski
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 7th, 2018, a true and accurate copy of the Amended Complaint was filed with the Court through the Court's CM/ECF service, with notice provided to the following:

Jesse C. Trentadue
Suitter Axland, PLLC
8 East Broadway, #200
Salt Lake City, UT 84111
Jesse32@sautah.com

/s/     Daniel Baczynski