Jesse C. Trentadue (#4961)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com

*Attorneys for Davis County, Utah; Sheriff Todd Richardson, Marvin Anderson, and James Ondricek*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER, | |
| Plaintiffs, | **ANSWER OF DAVIS COUNTY DEFENDANTS** |
| v. | |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK, | Case No. 1:18-cv-00002-JNP |
| Defendants. | Judge Jill N. Parrish |

COME NOW Davis County, Utah, Davis County Sheriff Todd Richardson, Marvin Anderson and James Ondricek (collectively "Davis County Defendants") by way of *Answer* to Plaintiffs' *Amended Complaint*.[1] However, unless specifically admitted

---

[1] Dkt. 10.

every allegation contained in the *Amended Complaint* is denied.

**RESPONSE TO JURISDICTION and VENUE**

1. Admit that the Court has jurisdiction over Plaintiffs' federal and state civil rights clams. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

2. Admitted.

3. Admit that the Court has jurisdiction over Plaintiffs' federal and state civil rights clams. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

**RESPONSES TO PARTIES**

4. Admitted.

5. Paragraph 5 calls for al legal conclusion to which no response is required. To the extent a response is required, it is denied.

6. Admitted.

7. Admitted.

8. Davis County Defendants admit that Todd Richardson is the Davis County Sheriff and that he is a resident of Davis County, Utah. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

9. Davis County Defendants admit that Marvin Anderson is employed by

Davis County to provide medical services to inmates at the Davis County Jail, and that he is a resident of Box Elder County, Utah. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

10. Davis County Defendants admit that James Ondricek is employed by Davis County to provide medical services to inmates at the Davis County Jail, and that he is a resident of Weber County, Utah. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

11. Paragraph 5 calls for al legal conclusion to which no response is required. To the extent a response is required, it is denied.

## RESPONSE TO GENERAL ALLEGATIONS

11. Admitted.[2]

12. Davis County Defendants admit that on December 21, 2016 at approximately 17:56 it was reported to Davis County Jail staff that Ms. Miller had fallen from her bunk. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

13. Admitted.

14. Davis County Defendants admit that Ms. Miller told Jail staff that she had hit her head. However, Davis County Defendants deny the remaining allegations

---

[2] The *Amended Complaint* contains two paragraph elevens.

contained in this paragraph.

15. Denied.

16. Denied. Davis County Defendants further allege that medical staff did examine and assess Ms. Miller's injuries.

17. Admitted.

18. Davis County Defendants admit that the Jail staff determined that Ms. Miller was not able to walk down the stairs. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

19. Davis County Defendants admit that Ms. Miller was moved to a cell in the "Lima Pod" Unit where she would be closer to the medical unit and have a lower bunk. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

20. Davis County Defendants admit that, based upon an assessment of her physical condition, Ms. Miller did not receive any further medical attention. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

21. Davis County Defendants admit that Ms. Miller was later diagnosed as having suffered a ruptured spleen. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

22. Denied.

23. Davis County Defendants admit that Ms. Miller apparently died while being transported to the hospital. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**RESPONSE TO FIRST CAUSE OF ACTION**
(Deliberate Indifference - 42 U.S.C. § 1983)

32. Davis County Defendants incorporate by reference their responses to the preceding paragraphs.[3]

33. Denied.

34. Denied.

35. Denied.

36. Denied.

---

[3] There is no paragraph 31 in the *Amended Complaint*.

37. Denied.

**RESPONSE TO SECOND CAUSE OF ACTION**
(Failure to Train and/or Supervise - 42 U.S.C. § 1983)

38. Davis County Defendants incorporate by reference their responses to the preceding paragraphs.

39. Paragraph 39 calls for a legal conclusion to which no response is required. To the extent a response is required, Davis County Defendants admit that Davis County, Utah is a "person" under 42 U.S.C. §1983 and, that under certain circumstances a County may be liable for the violation of civil rights. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

40. Paragraph 40 calls for a legal conclusion to which no response is required. To the extent a response is required, Davis County Defendants admit that under certain circumstances County Sheriffs, such as Sheriff Richardson, may be liable for the violation of civil rights. However, Davis County Defendants deny the remaining allegations contained in this paragraph.

41. Denied.

42. Denied.

43. Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

44. Denied.

45. Admitted.

46. Davis County Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

47. Denied.

48. Denied.

### **RESPONSE TO THIRD CAUSE OF ACTION**
(Unnecessary Rigor In Confinement - Article I, Section 9, Utah Constitution)

49. Davis County Defendants incorporate by reference their responses to the preceding paragraphs.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## RESPONSE TO INJUNCTIVE RELIEF

59. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' *Amended Complaint* fails to state a claim, either in whole or in part, on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any State common-law claims that Plaintiffs may have are barred or otherwise limited by the *Governmental Immunity Act of Utah, Utah Code Ann.* § 63G-7-101 *et seq.* (2017), including but not limited to *Utah Code Ann.* §§ 63G-7-201, 63G-7-202, 63G-7-401, 63G-7-402, 63G-7-601, 63G-7-603, and 63G-7-604(2017). Plaintiffs' State common-law claims, if any, are also barred for failure to strictly comply with the *Notice* requirements of the *Governmental Immunity Act of Utah* contained in §§ 63G-7-401-63G-7-403 (2017) and/or the *Utah Medical Health Care Malpractice Act* contained in §78B-3-412.

## THIRD AFFIRMATIVE DEFENSE

Any injury or damage that Plaintiffs may have sustained was solely caused or otherwise contributed to by the fault of Ms. Miller and/or third persons not presently parties to this action. Consequently, the fault of Ms. Miller and/or non-parties should be allocated pursuant to *Utah Code* §§78B-5-817 through 78B-5-823 (2013).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrines of *Judicial Immunity*, *Quasi-Judicial Immunity*, *Sovereign Immunity, Governmental Immunity,* and *Qualified Immunity*.

## FIFTH AFFIRMATIVE DEFENSE

Davis County Defendants were not the proximate cause of any injury to Ms. Miller.

## SIXTH AFFIRMATIVE DEFENSE

Davis County Defendants reserve the right to supplement their *Affirmative Defenses*.

## PRAYER

Wherefore, Davis County Defendants pray for *Judgment* against Plaintiffs as follows: (1) that Plaintiffs' *Amended Complaint* be dismissed with prejudice and that Plaintiffs take nothing thereby; (2) that Davis County Defendants recover their costs of suit including reasonable attorney's fees; and (3) that Davis County Defendants have such other and further relief as to the Court seems just and merited under the circumstances.

DATED this 21st day of March, 2018.

    SUITTER AXLAND, PLLC

    /s/ jesse c. trentadue
    Jesse C. Trentadue
    Britton R. Butterfield
    *Attorneys for Davis County Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of March, 2018, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following parties:

| | |
|---|---|
| Daniel M. Baczynski, Esq.<br>12339 South 800 East, Suite 101<br>Draper, Utah 84020<br>*Attorneys for Plaintiffs* | Tad D. Draper, Esq.<br>Law Offices of Tad D. Draper, P.C.<br>12339 South 800 East, Suite 101<br>Draper, Utah 84020<br>*Attorneys for Plaintiffs* |

/s/ jesse c. trentadue