DAVID M. CARLSON (5048)
JANISE K. MACANAS (8065)
Assistant Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
5272 South College Drive, Suite 200
Murray, Utah 84123
Telephone: 801-281-1200
E-mail: dcarlson@agutah.gov
E-mail: jmacanas@agutah.gov

*Attorneys for the State of Utah*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>      Plaintiff,<br> v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>      Defendants. | Case No. 1:18-cv-002<br><br>**MOTION TO QUASH OR MODIFY SUBPOENA**<br><br>Judge Jill Parrish |

  Through Counsel, and pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), the Office of the Utah Attorney General (OAG) moves to quash or modify "Plaintiffs' Subpoena to Utah Attorney General's Office." The subpoena, served upon the OAG by the Estate of Heather Miller, commands it to produce:

  I.  All recordings, including written transcripts, audio recordings, or video recordings, of interviews conducted by the Utah Attorney General Office as part

        of the Attorney General's investigation into the in-custody death of Heather Miller at the Davis County Jail.

  II.    A copy of all records or documents provided by Davis County or Davis County employees to the Attorney General's office as part of the Attorney General's investigation into the in-custody death of Heather Miller at the Davis County Jail.

  III.    All other documents obtained, compiled, and/or relied upon by Tyson Downey and/or Eric Varoz during the Utah Attorney General's investigation into the in-custody death of Heather Miller in the Davis County Jail.

"Plaintiffs' Subpoena to Utah Attorney General's Office, Attachment A."

The OAG asserts that certain items within its possession and control, and responsive to the plaintiffs' subpoena, are protected by privilege and/or state law prohibits the OAG to release them. The items for which the OAG claims privilege or state law protection are:

1. Schematic drawings of the secure areas within the interior of the Davis County Jail;

2. Video surveillance video footage from security cameras within Davis County Jail;

3. Inmate records relating to individuals other than the deceased; and

4. Criminal History records relating to individuals other than the deceased.

The security concerns regarding the release of the schematic drawings are too obvious to need explanation. The video footage could reveal possible blind spots in electronic surveillance of the jail and could also show the location of security personnel and staffing patterns. If the state relinquishes control over the schematic drawings or surveillance video footage, it loses the ability to protect this information from being leaked into the public realm which would undermine jail security.

    Federal Courts have recognized a common law "official information privilege" that extends to information, the release of which, could compromise the operation or security of a correctional facility. *Whitington v. Sokol*, 2008 WL 435277 (D. Ct. Colo 2008); and, *Rhoads v.*

*Miller*, 2008 WL 11411510 (D. Ct. Wyo. 2008). State law also restricts the dissemination of this type of material: "…records that, if disclosed, would jeopardize the security or safety of a correctional facility…." Utah Code Ann. § 63G-2-305(13).

If the state surrenders the information contained in inmate records or inmate criminal histories, it unnecessarily compromises the privacy of individuals who are only tangentially related to the instant case. The state law cited above also restricts release of inmate records: "…records relating to incarceration, treatment, probation, or parole…" Id. Likewise, state law prohibits the release of criminal history information. Utah Code Ann. § 53-10-108(2).

Other than the information for which the OAG claims privilege or state law protection, it has provided to counsel for plaintiffs all items in its possession or control that are responsive to plaintiffs' subpoena. To the extent plaintiffs' subpoena requires the OAG to produce items that are privileged or protected by law, the OAG asks the court to quash it.

In the alternative to requiring the OAG to obey the subpoena, the OAG requests the court review *in camera* the items for which the OAG claims privilege and/or state law protection and rule whether the plaintiffs' need for the information outweighs the state's interest in protecting it from disclosure. In the event the court orders some, or all, of the information disclosed, the OAG asks the court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) to safeguard the security and privacy interests articulated.

The OAG requests that a protective order restrict dissemination of the information disclosed to only those individuals directly working on the parties' litigation teams and require destruction of the information once a final judgment has been entered and all rights of appeal exhausted.

WHEREFORE, the OAG moves the court to enter an order quashing or modifying the subpoena.

Dated this 5th day of June, 2018

SEAN D. REYES
Utah Attorney General

/s/ David M. Carlson
DAVID M. CARLSON
JANISE K. MACANAS
Assistant Attorneys General
Attorneys for State of Utah
(I certify that I have the signed original of this document which is available for inspection during normal business hours by the Court or a party to this action.)

## CERTIFICATE OF MAILING

This is to certify that on this 5th day of June, 2018, I electronically filed the foregoing **MOTION TO QUASH OR MODIFY SUBPOENA** with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel on record.

/s/ Rosie McDonough
Legal Assistant III,
Utah Attorney General's Office