# EXHIBIT 17

Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
Sarah Jenkins (#15640)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
mhomer@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com
sjenkins@sautah.com

*Attorneys for Davis County, Utah, Sheriff Todd Richardson, Marvin Anderson, and James Ondricek*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>Defendants. | : | **DEFENDANTS' RESPONSES TO PLAINTIFFS' THIRD SET OF DISCOVERY**<br><br>Case No. 1:18-cv-00002-JNP<br><br>Judge Jill N. Parrish |

Defendants Davis County, Davis County Sheriff Todd Richardson, Marvin

Anderson,[1] and James Ondricek by and through counsel, hereby answer and respond to *Plaintiffs' Second Set of Discovery* and supplement their *Responses to Plaintiff's First Set of Discovery* ("*Requests*") as follows:

**I.**
**GENERAL OBJECTIONS**

1. Davis County objects to the *Requests* to the extent that they purport to impose obligations and require procedures beyond those set forth in the Federal Rules of Civil Procedure and Local Rules.

2. Davis County objects to the *Requests* to the extent that they purport to require the production of information protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege, statute, law or rule. Davis County hereby claims such privileges and protections to the extent implicated by the *Requests* and excludes privileged information from its responses. Any disclosure of such protected or privileged information is inadvertent and not intended to waive those privileges or protections.

3. Davis County objects to the *Requests* to the extent that they purport to require the disclosure of information not presently within the possession, custody or control of Davis County.

---

[1] Plaintiffs' *Complaint* (Dkt. 2) and *Amended Complaint* (Dkt. 10) incorrectly identify Defendant Marvin Anderson as Mavin.

4. Davis County objects to the *Requests* insofar as they seek information subject to a confidentiality obligation owed to a non-party to this case.

5. In making these objections, Davis County does not in any way waive or intend to waive, but rather preserves and intends to preserve:

a. all rights to object on any ground to the competency, relevancy, materiality and admissibility of any information or document that may be provided in response to the *Requests* or the subject matter thereof; and

b. all rights to object on any ground to the use of any information or document that may be provided in response to the *Requests* or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and

c. all rights to object on any ground to any request for further responses to this or any other discovery request; and

d. all rights to object on any ground to any definition contained in Plaintiff's discovery requests or any instruction followed in compliance therewith.

6. Davis County reserves the right to make any use of, or to introduce at any hearing and at trial, documents or information responsive to the *Requests* but discovered

subsequent to the date of Davis County's responses and initial production, including, but not limited to, any information obtained during discovery.

7. Davis County's discovery and investigation of the facts relevant to this case are ongoing and Davis County's responses to the *Requests* are made to the best of its present knowledge, information and belief. Davis County reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

8. Unless otherwise stated herein, Davis County objects to the *Requests* as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking information irrelevant to the claims and defenses in this action.

9. All of the General Objections set forth herein are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

## II.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 10: Identify whether any Davis County Jail staff was disciplined, either formally or informally, in connection with their actions or inactions regarding the care of Heather Miller.

**<u>RESPONSE NO. 10</u>:** No Davis County Jail Staff was disciplined due to the care of Heather Miller.

**III.**

**<u>RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

REQUEST NO. 9: Produce any and all training materials created by Davis County Jail and provided to Davis County Jail nurses, from December 21st, 2014 through December 21st, 2016, which details Davis County Jail's expectations as to the specific medical care to be provided to inmates upon the presentation of an alleged injury.

**<u>RESPONSE REQUEST NO. 9</u>:** Defendants are in the process of compiling these documents and will produce them at a later time.

REQUEST NO. 10: Produce the following financial records for Defendants Richardson, Anderson, and Ondricek: 2015, 2016, and 2017 tax returns with all schedules; bank statements from November 2016 through the present; 2015, 2016, and 2017 W-2s and 1099s; real property statements; credit reports; a financial statement listing all assets and liabilities; and any loan or credit applications within the last five years.

**<u>RESPONSE REQUEST NO. 10</u>:** Defendants Richardson, Anderson, and Ondricek object to this request. The request is prematurely made, as Plaintiffs have not yet made a prima facie showing that they will be entitled to punitive damages should they succeed on the merits of their claim. Furthermore, the request is overbroad, unduly burdensome, requires documents that are in the possession and/or control of third-parties, requires documents that are irrelevant to determine Defendants' current financial status, and requires the creation of documents currently

not in existence.

REQUEST NO. 11: Produce any and all documentation, including medical records, for each fall identified by Davis County in response to Interrogatory No. 4.

**RESPONSE REQUEST NO. 11:** Defendants are in the process of compiling these documents and will produce them at a later time.

**III.**

**RESPONSES TO REQUESTS FOR ADMISSION**

ADMISSION NO. 1: Admit that Heather Miller fell off her top bunk on December 21st, 2016.

**RESPONSE NO. 1:** Davis County Defendants admit that it was reported that Heather Miller fell off the top bunk on December 21st 2016. Davis County Defendants deny the remaining portions of Admission No. 1.

DATED this 11th day of October, 2018.

SUITTER AXLAND, PLLC

/s/ Britton R. Butterfield
Britton R. Butterfield
*Attorneys for Davis County, Utah; Sheriff Todd Richardson; Marvin Anderson; and James Ondricek*

T:\4000\4530\137\RESPONSES PLAINTIFF THIRD DISCOVERY.wpd

**VERIFICATION**

Pursuant to 28 U.S.C. §1746 I, _________________________, hereby declare under the penalty of perjury that the information stated above is true and correct to the best of my knowledge.

EXECUTED in Davis County, Utah this _____ day of October, 2018.

_________________________________
Printed Name

_________________________________
Signature

*T:\4000\4530\137\RESPONSES PLAINTIFF THIRD DISCOVERY.wpd*