Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Noah M. Hoagland (#11400)
Sarah Jenkins (#15640)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, UT   84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
jesse32@sautah.com
mhomer@sautah.com
nhoagland@sautah.com
sjenkins@sautah.com
Attorneys for Davis County, Utah; Sheriff Todd Richardson,
Marvin Anderson, and James Ondricek

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>Defendants. | DAVIS COUNTY DEFENDANTS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Civil No. 1:18-cv-00002-JNP<br><br>Judge Jill N. Parrish |

Defendants Davis County, Sheriff Todd Richardson, Marvin Anderson, and James Ondricek (collectively "Davis County Defendants") hereby move, pursuant to Federal Rule of  Civil Procedure 56 for Partial Summary Judgment as to Plaintiffs' federal civil rights claims, which constitute the First and Second Causes of Action in their Amended

Complaint.[1] Pursuant to DUCivR 7-(b)(1)(A), Defendants hereby incorporate by reference the Memorandum which they submitted in opposition to Plaintiffs' Motion for Partial Summary Judgment.[2]

## INTRODUCTION

This case arises out of the death of Heather Miller, who died of a ruptured spleen apparently sustained while she was incarcerated in the Davis County Jail. Plaintiffs, Cynthia Stella and the Estate of Heather Miller, have brought civil rights claims against Nurse Marvin Anderson, Nurse James Ondricek, Sheriff Todd Richardson and Davis County, Utah under 42 U.S.C. § 1983 and Article I, Section 9 of the Utah Constitution. Plaintiffs have moved for partial summary judgment against all of the Defendants with respect to their federal civil rights claims. Defendants hereby file this Cross Motion for Summary Judgment with respect to Plaintiffs' federal civil rights claims, and ask that, if their Motion is granted, that the Court decline to exercise its supplemental jurisdiction over Plaintiffs' state civil rights claim, which is their Third Cause of Action.

Plaintiffs allege that Nurse Anderson acted with deliberate indifference to Ms. Miller's medical needs when he did not take Ms. Miller's vital signs or monitor her vital signs over the next hour following her fall. However, Nurse Anderson was not

---

[1] Dkt. 10.

[2] Dkt. 41.

indifferent to Ms. Miller's medical needs. Nurse Anderson examined Ms. Miller immediately after her fall in the Kilo Unit where she was housed. Nurse Anderson said that when an inmate falls from his or her bunk, his primary focus is upon injury to their back, neck or head, which he did in this case when he examined and assessed Ms. Miller. He spoke with her in the cell to get a feeling of her mental condition. Ms. Miller told him that she was "coming off meth." Nurse Anderson palpated her head and her side because Ms. Miller told him that she had fallen and hit her side. Nurse Anderson did not see any lacerations or bumps that would have indicated an injury, which finding was confirmed post mortem by the Medical Examiner's autopsy of Ms. Miller. Neither did Ms. Miller give Nurse Anderson any specific complaints of pain. She also never exhibited any indication of pain when Nurse Anderson palpated side; the most that Ms. Miller said was that "I got the wind knocked out of me." When Nurse Anderson began to help her move to Lima cell block, she told him that she was nauseous, dizzy, kind of drowsy and overall "didn't feel well."

      Nurse Anderson never thought that Ms. Miller needed to be transferred to the Medical Unit. She was listening to him and responding to his instructions. Consequently, Nurse Anderson thought that "she was coming off of her meth, and the trauma of the fall had just kind of made her overly excited." She had not lost consciousness as a result of the fall so Nurse Anderson prescribed Ibuprofen to help Ms. Miller deal with the discomfort associated with withdrawing from Methamphetamine use.

Nurse Anderson transferred Ms. Miller to the Lima Unit because in the Medical Unit he had only one bed available in a cell that Ms. Miller would have to share with an inmate who was vomiting, and in Lima Unit Ms. Miller could have her own cell, a bottom bunk, and be monitored. Finally, Nurse Anderson testified that had he thought Ms. Miller had a serious medical condition, he would have immediately sent her to the hospital. Based upon these facts and the law defining deliberate indifference to an inmate's medical needs and the doctrine of qualified immunity, it is Nurse Anderson who is entitled to summary judgment.

Plaintiffs allege that Nurse Ondricek acted with deliberate indifference by not having written protocols, not training Nurse Anderson in "jail expectations," and not formally reviewing nursing care. The Davis County Jail did not have written protocols for responding to inmate falls from a bunk. Nurses at the jail are expected to respond according to professional nursing standards. This is because each fall, and potential resulting injury, is different. Simply stated, it is not possible to write a protocol covering every conceivable injury that might result from an inmate falling out of his or her bunk. It is the Jail physician who determines the need for specific treatment protocols, not Nurse Ondricek and, more importantly, the absence of such a protocol for assessing inmate falls made no difference in Ms. Miller's case. Ms. Miller's is the only reported case anywhere of a fatality due to a ruptured spleen caused by a fall from a top bunk. There is also no evidence that the alleged lack of training as to how to treat/assess

inmates who have fallen from a bunk for contributed in any way to Ms. Miller's death. Based upon these facts and the law defining deliberate indifference to an inmate's medical needs, as well as the doctrine of qualified immunity, it is Nurse Ondricek who is entitled to summary judgment.

Plaintiffs argue that Sheriff Richardson and Davis County acted with deliberate indifference by not having medical protocols in place for the treatment of inmates. Plaintiffs are also seeking punitive damages against Davis County, Utah. However, because there was no deliberate indifference to Ms. Miller's medical needs by either Nurse Anderson or Nurse Ondricek, Davis County has no liability. Punitive damages are likewise not allowed against Davis County, Utah. Moreover, for the reasons previously stated, there was no deliberate indifference on the part of Sheriff Richardson, and he is likewise entitled to qualified immunity. In addition, Plaintiffs have sued Sheriff Richardson in his official capacity and also named Davis County as a party defendant whereby the official capacity claims against Sheriff Richardson are redundant.

## **RELIEF REQUESTED**

Davis County Defendants respectfully request that the Court deny Plaintiffs' Motion for Partial Summary Judgment in its entirety. Davis County Defendants also request that the Court grant Defendants' Cross Motion for Summary Judgment and, having done so, decline to exercise supplemental jurisdiction to hear Plaintiffs' state law claims.

**STATEMENT OF UNDISPUTED FACTS**

Davis County Defendants hereby incorporate by reference their response and supplemental undisputed facts in the Memorandum which they submitted in opposition to Plaintiffs' Motion for Partial Summary Judgment.[3] Plaintiffs filed an Appendix containing Exhibits 1 through 21.[4] Defendants also filed an Appendix containing seven exhibits, identified by the letters A through G.[5] Defendants will cite to facts in this Cross Motion for Partial Summary Judgment by reference to an exhibit number with respect to Plaintiffs' exhibits and by reference to an exhibit letter with respect to Defendants' exhibits.

**ARGUMENT**

I. **SUMMARY JUDGMENT STANDARD.**

Pursuant to Federal Rule of Civil Procedure 56(a) this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A factual issue is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[6] An issue is material "if under the substantive law it is essential to the

---

[3] Dkt. 41.

[4] Dkt. 31.

[5] Dkt. 40.
[6] *Becker v. Bateman,* 709 F.3d 1019, 1022 (10th Cir. 2013).

proper disposition of the claim."[7]

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[8] A movant who does not bear the burden of persuasion at trial may satisfy this burden "by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim."[9] "If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant."[10] To satisfy this burden, the nonmovant must identify facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein,"[11] and these facts "must establish, at a minimum, an inference of the presence of each element essential to the case."[12] Application of this standard to the present case warrants summary judgment in favor of Davis County Defendants.

---

[7] *Id.*

[8] *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001).

## II. THE INDIVIDUAL DAVIS COUNTY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,"[13] or if their actions were objectively reasonable under the circumstances.[14] In order to overcome a qualified immunity defense, Plaintiffs must satisfy a heavy two-part burden by showing: (1) "the defendant's actions violated a Constitutional or statutory right"; and (2) "the right was clearly established at the time of the defendant's unlawful conduct."[15]

**A. Davis County Defendants Did Not Violate Ms. Miller's Rights.**

First, the individual Davis County Defendants are entitled to qualified immunity because they did not violate Ms. Miller's Eighth Amendment rights. To prevail on their § 1983 claim, Plaintiffs must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[16] This involves both an objective and subjective component. "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension. In addition,

---

[13] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[14] *See Anderson v. Creighton*, 483 U.S. 635, 638-40 (1987).

[15] *Serna v. Colorado Dept. Of Corrections*, 455 F.3d 1146, 1150 (10th Cir. 2006).
[16] *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

under the subjective inquiry, the prison official must have a "sufficiently culpable state of mind."[17] "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."[18] "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."[19]

Even if Plaintiffs can establish that Ms. Miller's alleged medical conditions were sufficiently serious to warrant additional medical care, Plaintiffs cannot fulfill the subjective component of this analysis. As set forth in Davis County Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, the undisputed facts show that Davis County Defendants did not disregard an excessive risk to Ms. Miller's health or safety.

Nurse Anderson treated Ms. Miller immediately after her fall.[20] He examined her back, neck, and head for injury and did not see any bumps or lacerations.[21] Ms. Miller

---

[17] *Id.* at 1230-31.

[18] *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

[19] *Id.*

[20] *Deposition of Marvin Anderson*, Plaintiffs' Exhibit 3, 27:5–14.

[21] *Id.* at 29:6–8, 17–22.

did not complain of pain and simply stated that she "got the wind knocked out of me."[22] Nurse Anderson gave Ms. Miller ibuprofen and transferred her to another cell for monitoring.[23] In short, Davis County Defendants reasonably treated Ms. Miller based on their knowledge of her condition at the time of her fall and did not show deliberate indifference to her medical needs.

As set forth in Davis County Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, Nurse Ondricek did not act with deliberate indifference and cannot be found to have done so under a theory of supervisor liability because he was not responsible for writing nursing protocols or training Nurse Anderson.[24] Similarly, Davis County and Sheriff Richardson are entitled to qualified immunity because Plaintiffs have failed to demonstrate that the County's policies, or lack thereof, directly caused Ms. Miller's death.[25]

**B. There Was No Clearly Established Right.**

The second element of qualified immunity requires Plaintiffs to show that the violation of her rights "was clearly established at the time of the defendant's unlawful

---

[22] *Id.* at 37:13–15.

[23] *Id.* at 53:15–17; 54:9–25.

[24] *See Declaration of Kennon Tubbs, MD*, Defendants' Exhibit A, Dkt. 40-1 at ¶¶ 51 – 52.

[25] *See id.* at ¶. 53–55.

conduct."[26] In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or a clearly established weight of authority from other courts.[27] When evaluating this element, courts determine whether "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[28]

Here, there is no case law requiring Defendants to provide Ms. Miller with certain medical treatment or setting the level of treatment above the standard of care. In fact, the Tenth Circuit has rejected the notion that a prisoner is entitled to a particular course of medical treatment under the Eighth Amendment.[29] "[A] prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment."[30] As such, Plaintiffs cannot show that the Davis County Defendants violated a clearly established right and Plaintiffs' claims are barred by qualified immunity.

---

[26] *Serna*, 455 F.3d at 1150.

[27] *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

[28] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

[29] *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).

[30] *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir.1997); *see also Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir.1996) ("Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview.")

**C. The Individual Davis County Defendants' Actions Were Objectively Reasonable.**

The defense of qualified immunity exists when the officer's actions are objectively reasonable in light of what he or she knew at the time of the alleged civil rights violation.[1] In the instant case, when viewed against existing case law on deliberate indifference as well as the law on policies and training, the individual Davis County Defendants' actions were objectively reasonable.

The United States Supreme Court has "recognized the need to allow some latitude for honest mistakes by public official in carrying out their duties."[2] The concept of reasonableness is important because even if Plaintiffs were able to show that the individual Davis County Defendants did violate a clearly established constitutional right, these Defendants would still be entitled to the defense of qualified immunity so long as they acted in "good faith" which is objectively defined as whether "a reasonable, similarly situated official [would have understood] that the challenged conduct violated that established right."[4]

This is known as the "objective reasonableness test", and its met if officials of a

---

[1] *See Mays v. Rhodes,* 255 F.3d 644, 649 (8th Cir. 2001).

[2] *Maryland v. Garrison*, 480 U.S. 79, 87 (1987).

[4] *Swain v. Spiney,* 117 F.3d 1, 9 (1st Cir. 1997).

reasonable competency could disagree on the legality of the defendant officials' actions.[5] In this case, Plaintiffs have no proof that the actions of the individual Davis County Defendants were objectively unreasonable and/or that their actions were not otherwise objectively reasonable and carried out in good faith. More importantly, based upon the United States Supreme Court and Tenth Circuit precedent cited herein above, it most certainly was objectively reasonable for the individual Davis County Defendants to have failed to diagnose and seek treatment for Ms. Miller's reputed spleen; even if they had the authority to do so, which they did not, not to implemented a treatment protocol for inmate falls from bunks in the Jail, and/or not to have specifically trained the nursing staff at the Jail on responding to such falls.

### III. PLAINTIFFS' OFFICAL CAPACITY SUIT AGAINST SHERIFF RICHARDSON IS DEFECTIVE

Plaintiffs have also sued Sheriff Richardson in his official capacity as the "principal policy maker for the Davis County Jail".[31] Plaintiffs, however, have also sued Davis County, Utah.[32] When sued in his official capacity, Sheriff Richardson represent Davis County, Utah.[1] More importantly when government officials such as Sheriff Richardson

---

[5] *See Thomas v. Roach*, 165 F.3d 137, 143 (2nd Cir. 1999).

[31] *Amended Complaint* Dkt. 10 at ¶ 8.

[32] *Id.* at ¶ 7.

[1] *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(an official capacity suit is another way of pleading an action against an entity of which an officer is an agent; *Johnson v. Board of County*

are sued in their official capacity, and the government entity itself is a party defendant, the law requires dismissal of the officials.[2]

## IV. PUNITIVE DAMAGES ARE NOT ALLOWED AGAINST DAVIS COUNTY AND, WITHOUT AN UNDERLYING CONSTITUTIONAL VIOLATION, DAVIS COUNTY, UTAH HAS NO LIABILITY TO PLAINTIFFS.

Plaintiffs have asked the Court to award punitive damages against all Defendants, including Davis County.[33] The United States Supreme Court has held that a municipality is immune from punitive damages under § 1983 claims:

> [i]n sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad faith actions of its officials. Because absolute immunity from such damages obtained at

---

*Commissioners*, 85 F.3d 489, 493 (10th Cir. 1996)(official-capacity suit should be treated as suit against the entity because that is the real party and interest); *Eastwood v. Department of Corrections*, 846 F.2d 627, 632 (10th Cir. 1988)(suing officials in their official capacity is another way of pleading an action against an entity of which an officer is an agent); *Atiya v. Salt Lake County*, 191WL 511072 at *4 (D. Utah 1991)(suits against government employees are essentially suits against a government entity for which they work).

[2] *Hardy v. Town of Hayneville*, 50 F.Supp. 2d 1176, 1185 (N.D. Ala. 1999); *Luke v. Abbott*, 954 F. Supp 202, 203 (C.D. Cal. 1971); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Carnell v. Grim*, 872 F. Supp. 746, 752 (Haw. 1994); *Willis v. Bell*, 726 F. Supp. 1118, 11124 (N.D. Ill. 1989); *Dusenberry v. County of Kaui*, 1996 U.S. Dist. LEXIS 13245, *7(unpublished)(D. Haw., October 12, 2007); *Williams v. City of Sagmaw*, 2002 U.S. Dist. LEXIS 14391, *13 (E.D. Mich., August 2, 2002)(unpublished)(collecting cases in which district courts have dismissed official capacity suit against municipal employees when governmental entity was also named as a defendant). *See also Pumery v. Outboard Marine Corp*., 172 F.3d 531, 535 (8th Cir. 1999)(a suit against a public employee in his or her official capacity is merely a suit against the public employer); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(official-capacity suites are another way of pleading an action against an entity of which an officer is an agent).

[33] *Id.* at ¶ 11.

common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of s[ection] 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. s[ection] 1983.[34]

The Tenth Circuit followed this holding in Ray v. City of Edmonds.[35] Accordingly, punitive damages are not allowed against Davis County. A municipality will not be liable "when there was no underlying constitutional violation by any of its officials and/or employees."[36] In this case, the individual Davis County Defendants did not violate Ms. Miller's civil, which means that the County is entitled to summary judgment.

## **CONCLUSION**

Based on the foregoing, Davis County Defendants respectfully request that this Court grant summary judgment and enter an order dismissing Plaintiffs' federal civil rights claims, with prejudice and, having done so, to decline exercising supplemental jurisdiction over Plaintiffs' remaining state civil rights claim.

---

[34] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

[35] 662 F.2d 679, 680 (10th Cir. 1981).

[36] *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002).

DATED this 11th day of January, 2019.

                              SUITTER AXLAND, PLLC

                              /s/ jesse c. trentadue
                              Jesse C. Trentadue
                              Michael W. Homer
                              Noah M. Hoagland
                              Sarah Jenkins
                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of January, 2019 I electronically filed the foregoing **DAVIS COUNTY DEFENDANTS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following parties:

Daniel M. Baczynski, Esq.
12339 South 800 East, Suite 101
Draper, Utah 84020
Attorney for Plaintiffs

Tad D. Draper, Esq.
Law Offices of Tad D. Draper, P.C.
12339 South 800 East, Suite 101
Draper, Utah 84020
Attorney for Plaintiffs

                                                           /s/ jesse c. trentadue