Daniel M. Baczynski, Bar No. 15530
Baczynski Law
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
*dan@bskilaw.com*

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar #4311
12339 South 800 East Ste. 101
Draper, Utah  84020
(801) 553-1700
(801) 255-5588 fax
*Legaljustice3@gmail.com*

**IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK<br><br>　　　　Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No:  1:18-cv-002<br><br>Judge:   Jill Parrish |

　　　　Plaintiffs Cynthia Stella and the Estate of Heather Miller, by and through their attorneys, hereby submits this memorandum in opposition to Defendants' motion for summary judgment. Pursuant to DUCivR 7(b)(1)(A), Plaintiffs hereby incorporate by reference the Motion for Partial Summary Judgment (D.E. 31), as well as their Reply Memorandum in Support of Partial Summary Judgment (D.E. 43).

# INTRODUCTION

At Davis County Jail, Ms. Miller fell off her bunk and ruptured her spleen. While Plaintiffs would not expect Davis County Jail to have diagnosed a ruptured spleen in house, they did expect that Davis County Jail and its employees would provide Ms. Miller with basic medical care following her injury – they failed. It is undisputed that the medical standard of care required Nurse Anderson to take and monitor Ms. Miller's vitals. Nurse Anderson did not check her vitals but rather relied on his bias against inmates in assuming Ms. Miller was simply withdrawing from drugs. That assumption led to Ms. Miller's death.

The blame does not rest solely on Nurse Anderson. Both Nurse Ondricek and Sheriff Richardson failed to put any measures in place to ensure adequate medical care was provided to the inmates. Nurse Ondricek was charged with supervising the nurses, yet he provided no training, no guidance, and no oversight into the level of care provided by the nurses. Sheriff Richardson removed nursing protocols (the sole guidelines for medical treatment at the Jail) and allowed Davis County Jail to operate without these protocols. Had Davis County Jail provided Nurse Anderson with training, supervision, and guidance through protocols, Nurse Anderson likely would not have provided substandard care.

Defendants' conduct deviates greatly from the standards seen at other jails. The Defendants' deviation from standards of care and practice contributed and caused Ms. Miller's death, therefore Defendants are not entitled to summary judgment.

**RELIEF REQUESTED**

Plaintiffs request the Court deny Defendants' request to dismiss Plaintiffs' causes of action. Plaintiffs will stipulate to the dismissal of the official capacity suit against Sheriff Richardson on the basis that it is redundant since Davis County is a party to the case. Plaintiffs will also stipulate to the dismissal of their punitive damages claim against Davis County on the basis that municipalities are immune from punitive damages claims.

**STATEMENT OF UNDISPUTED FACTS**

Plaintiffs hereby incorporate the statements of facts, responses, and replies found in Plaintiffs' Motion for Partial Summary Judgment and subsequent briefing in opposition and support. Plaintiffs filed an Appendix containing Exhibit 1 through 21. Defendants filed an Appendix containing seven exhibits, identified by the letters A through G.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the moving party demonstrates there is no genuine issue of material fact, and it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 27 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Summary judgment is only appropriate if, when construing the record in the light most favorable to the non-moving party, "there is no genuine issue of material fact and one party is entitled to judgment as a matter of law." *MediaNews Grp., Inc. v. McCarthey*, 494 F.3d 1254, 1261 (10th Cir. 2007).

"When a defendant raises the defense of qualified immunity on summary judgment, the burden shifts to the plaintiff to show that 1) the official violated a constitutional or statutory right; and 2) the constitutional or statutory rights was clearly established when the alleged violation occurred." *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir. 2002). If a plaintiff cannot satisfy either of these two elements, the Court must grant the defendant qualified immunity. *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

The court first examines whether the defendant, with all facts taken in the light most favorable to the plaintiff, violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001). The court then considers whether the constitutional right was clearly established. *Id.* If the plaintiff is able to demonstrate that the defense violated a clearly established constitutional right, the burden then shifts to the defendant to prove the defendant is still entitled to judgment as a matter of law and that no material facts are in dispute. *Gross*, 245 F.3d at 1156.

## **ARGUMENT**

I. <u>Defendants violated Ms. Miller's constitutional rights.</u>

Defendants argue they are entitled to summary judgment because Plaintiffs cannot establish the subjective component of deliberate indifference. The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The subjective element requires "evidence—whether direct or circumstantial—from which a jury could reasonably infer the medical officials consciously disregarded an excessive risk to the inmate's health or safety". *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016) (citing *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). Nurse

4

Anderson, Nurse Ondricek, and Sherriff Richardson each disregarded an excessive risk to the safety of the inmates, therefore Plaintiff has established the subjective element as to each defendant.

*Nurse Anderson*

Nurse Anderson was called to assess Ms. Miller after her fall from a bunk. Ms. Miller presented with concerning symptoms: she was complaining of pain, nausea, and dizziness, and was unable to walk without assistance. [Exhibit 5 at 2; Exhibit 2 at 44:18-23]. It is undisputed that Nurse Anderson's initial assessment should have included a check of Ms. Miller's vitals.[1] Sheriff Ondricek and Nurse Anderson have admitted as much, claiming that Ms. Miller should be taken to medical. Instead of a competent assessment, Nurse Anderson moved Ms. Miller into another cell and failed to order medical observation over Ms. Miller.

A "jury may infer conscious disregard" when a prison doctor "responds to an obvious risk with treatment that is patently unreasonable." *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006). The standard of care and jail expectations required Anderson to monitor Ms. Miller's vitals or take her to medical – this was not done. Because it was unreasonable for Nurse Anderson to provide no medical care to a young woman presenting with Ms. Miller's symptoms, Plaintiffs have presented a sufficient basis for deliberate indifference.

Defendants argue Nurse Anderson lacked the subjective component because he treated Ms. Miller reasonably based on his belief that Ms. Miller was suffering drug

---

[1] All parties agree that Nurse Ondricek should have monitored Ms. Miller's vitals. Nurse Anderson admitted he should have taken Ms. Miller's vitals. [Exhibit 19 at 11:29:56 – 11:31:05]. Nurse Ondricek admitted the same. [Exhibit 4 at 56:21 – 57:2]. And both experts testified that the nursing standard of care requires the taking and monitoring of vitals. [Exhibit 11; Exhibit 12].

5

withdrawal. However, Nurse Anderson only believed Ms. Miller was suffering from drug withdrawal because he did not adequately assess Ms. Miller following her fall. Instead he jumped to conclusions based on his admitted bias. Nurse Anderson cannot escape liability by hiding behind his failure to assess Ms. Miller. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (A prison health official who serves "'solely . . . as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role'"). Had Nurse Anderson checked her vitals, he would have quickly discovered a drop in vitals suggesting a serious medical need.

But even if his failure to assess can be overlooked, Nurse Anderson is still not entitled to qualified immunity because his treatment of Ms. Miller was not reasonable. Nurse Ondricek testified that an inmate who has fallen and is unable to walk on her own must be taken to medical for observation and evaluation, regardless of whether the cause is withdrawal or some other injury. [Exhibit 4 at 29:22 – 31:5]. Whether Ms. Miller was suffering from drug withdrawal or not, her symptoms (pain, nausea, dizziness, inability to walk on her own) required Nurse Anderson to take Ms. Miller to medical for observation. His failure to do so was unreasonable.

*Nurse Ondricek*

Nurse Ondricek was tasked with supervising the nurses at Davis County Jail, included training and supervising the nurses. [Exhibit 13 at 12:12-17; 14:2-8]. However, Nurse Ondricek provided his nurses no training as to the expectations at the jail. [Exhibit 4 at 7:3-6]. Nurses were left to abide by general nursing practices, but then Nurse Ondricek provided no oversight over the level of medical care at Davis County Jail.

Though expected to investigate potential nursing failures, Nurse Ondricek only completed a cursory investigation into Nurse Anderson's care and failed to discipline Nurse Anderson in the face of obvious and admitted shortcomings in Nurse Anderson's care. [Exhibit 13 at 37:1-4; Exhibit 4 at 50:5-7; Exhibit 17 at 5]. Supervisors that fail to train and supervise their subordinates are deliberately indifferent. See *Brown v. Bryan Cty.*, 219 F.3d 450, 463 (5th Cir. 2000).

Defendants argue Nurse Ondricek has no supervisor liability, claiming Nurse Ondricek was not responsible for writing nursing protocols or training Nurse Anderson. These allegations, based on the declarations of Defendants' expert witness, are at best disputed issues of material fact.[2] Sheriff Richardson testified Nurse Ondricek was responsible for training his nurses, and Sheriff Richardson tasked Nurse Ondricek with drafting nursing protocols. [Exhibit 13 at 12:12-17; 14:2-8; 284-15]. The Court cannot grant summary judgment to Nurse Ondricek on the back of disputed facts. Furthermore, even if true, it is undisputed that Nurse Ondricek was the supervisor for the nurses, and his failure to provide appropriate oversight and discipline where required constitutes deliberate indifference.

*Sheriff Richardson*

Sheriff Richardson abandoned nursing protocols in violation of Davis County Jail's own policies and the established standard of care at jails. [Exhibit 13 at 24:17-25]. Sheriff Richardson operated Davis County Jail for years without the protocols in place.

---

[2] Dr. Tubbs relies upon the National Commission on Correctional Health Care policy J-A-02 in concluding Nurse Ondricek cannot be responsible for drafting nursing protocols. But Davis County Jail has drafted its own policies for running Davis County Jail, and while they rely upon the National Commission on Correctional Health Care policies for guidance, Davis County Jail's own policies are distinguishable. Furthermore, Davis County Jail has never been accredited by the NNCHC. Considering Sheriff Richardson's testimony that Nurse Ondricek is responsible for training and drafting protocols, Dr. Tubbs' testimony holds little weight in disputing this fact.

*Id*. Defendants argue there is no causal connection between the lack of protocols and Nurse Anderson's substandard care. However, protocols would have required Nurse Anderson to have taken Ms. Miller's vitals. Had Nurse Anderson taken her vitals, Davis County Jail would have observed falling vital signs altering medical staff to an internal injury and Ms. Miller's life would have likely been saved. Where protocols would have specifically addressed the omission in Nurse Anderson's care, the connection between lack of protocols and substandard care is clear.

II. <u>Plaintiffs have a clearly established constitutional standard by which her inadequate medical attention claim must be judged in the familiar "deliberate indifference to serious medical needs"</u>

To overcome qualified immunity, Plaintiffs must establish that the right to reasonable medical care is a clearly established right. As the 10th Circuit reiterated in *Mata*, "there is little doubt that deliberate indifference to an inmate's serious medical need [violates] a clearly established constitutional right." *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).

In arguing for qualified immunity, Defendants misrepresent Plaintiffs case as a claim for "certain medical treatment or setting the level of treatment above the standard of care". Def's Mot, pg 11. But this is not accurate. Plaintiffs do not ask for specific care, only the minimum as required by the U.S. Constitution: jails meeting the standard of care by operating with protocols; supervisors meeting the standard of care by training and supervising nurses; and nurses meeting the standard of care by assessing inmates and not leaping to conclusions. The right to reasonable medical care is well established and therefore Defendants are not entitled to qualified immunity.

8

III.  <u>Defendants have not met their burden in demonstrating their actions were objectively reasonable.</u>

Defendants argue they should be excused from their deliberate indifference because their actions were objectively reasonable. The burden rests on the Defendants to establish the objectively reasonable defense, yet Defendants rely on their claims that Plaintiffs have failed to show that Defendants' conduct is objectively unreasonable. *Roska v. Peterson*, 328 F.3d 1230, 1251 (10th Cir. 2003) ("Once the district court determines that the right at issue was "clearly established," **it becomes defendant's burden to prove that her conduct was nonetheless objectively reasonable**") (emphasis added). Defendants have presented no evidence to establish that their conduct was objectively unreasonable and have failed to meet their burden.

Furthermore, the objectively reasonable test as interpreted by the 10th Circuit is inapplicable in this case as the defense generally relies on an officer's reliance on a statute, regulation, or policy, or reliance upon advice of counsel. *Roska v. Peterson*, 328 F.3d 1230, 1251 (10th Cir. 2003). Defendants did not rely on a statute, regulation, or policy. In fact, the record shows the Defendants violating regulations in abandoning protocols, failing to train and supervise, and failing to properly assess Ms. Miller. And there is no evidence to suggest Defendants relied upon the advice of counsel. The objectively reasonable defense is not applicable and cannot be established.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' attempts to dismiss their causes of action.

DATED this 8th day of February, 2019.

/s/ Daniel Baczynski
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on this 8th day of February, 2019, I caused **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be filed with the Court through the ECF system, with service provided on the following:

> Jesse C. Trentadue
> Noah M. Hoagland
> Sarah E. Jenkins
> jesse32@sautah.com
> nhoagland@sautah.com
> sjenkins@sautah.com
> SUITTER AXLAND, PLLC
> 8 East Broadway, Suite 200
> Salt Lake City, Utah 84111
> Tel: (801) 532-7300
> Fax: (801) 532-7355

/s/    Daniel Baczynski