IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>                        Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>                        Defendants. | **ORDER REQUESTING SUPPLEMENTAL BRIEFING ON ADMISSIBILITY OF EVIDENCE**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

In their Opposition to Plaintiffs' motion for summary judgment, Defendants object under Fed. R. Civ. P. 56(c)(2) to certain exhibits submitted by Plaintiffs on the basis of hearsay (Fed. R. Evid. 802) and lack of foundation (Fed. R. Evid. 901). In the Tenth Circuit, when determining "whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016), *as amended on reh'g* (Nov. 8, 2016) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006)). However, that "does not mean that [summary judgment] evidence must be submitted 'in a form that would be admissible at trial.'" *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Rather, only "the content or substance of the evidence must be admissible." *Brown*, 835 F.3d at 1232 (quoting *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995)). Once a party objects to material cited, then "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) adv. comm. cmt.

1

The burden only shifts, however, upon proper objection by Defendants. In this case, Defendants' objections are conclusory and fail entirely to allege how "the material cited . . . cannot be presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). In their opposition at page 5, footnote 1, Defendants state that they object to: Exhibit 10, Dr. Starr's Expert Report; Exhibit 11, Nurse Schultz's Expert Report; Exhibit 16, Todd Vinger's Expert Report; Exhibit 20, Clerk Austin Roger's interview with the Attorney General; and Exhibit 21, Nurse Daniel Layton's interview with the Attorney General, on the "basis of hearsay" and "lack of foundation." And that is all they say. They offer no analysis as to why the *entire* content of the documents would be inadmissible.

Defendants also object to four individual statements of fact found at paragraphs 23, 33, 44, and 62 of Plaintiffs' motion for summary judgment. These objections are equally conclusory. For example, in their response to Plaintiffs' statement of fact at paragraph 62, Defendants state: "Objection based on hearsay (Rule 802) and the lack of foundation (Rule 901)." *See* Opp'n Mot. S.J. at 22. They offer no further explanation as to why the statement is hearsay or why there is a lack of foundation. Defendants' other three objections are nearly identical. *See id.* at 11 (objecting to ¶ 23 for lack of foundation), 15 and 16 (objecting to ¶¶ 33 and 44 for hearsay and lack of foundation).

To properly rule on the cross-motions for summary judgment, the court must first rule on the evidentiary objections. Due to the conclusory nature of the objections, however, neither Defendants nor Plaintiffs have fully briefed these issues. To remedy this, the court now orders that the parties provide supplemental briefing on the following schedule:

1. Defendants shall brief the basis for their previously made evidentiary objections within seven days, by May 15, 2019;

2. Plaintiffs shall respond within seven days, no later than May 22, 2019.

Signed May 8, 2019

BY THE COURT

Jill N. Parrish
United States District Court Judge