Daniel Baczynski, Bar No. 15530
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>Defendants. | **Supplemental Brief on Admissibility of Evidence**<br><br>Case No: 1:18-cv-002<br><br>Judge: Jill Parrish |

Cynthia Stella and the Estate of Heather Miller (together Miller or Plaintiffs), by and through counsel and pursuant to the Court's May 8, 2019 Order (D.E. 51), hereby submit this Supplemental Brief on Admissibility of Evidence.

## BACKGROUND

In their Opposition to Plaintiffs' Motion for Summary Judgment, Defendants objected to five (5) exhibits in a footnote on the basis of hearsay and foundation: (1) Dr. Starr's Expert

1

Report; (2) Nurse Schultz's Expert Report; (3) Vinger's Expert Report; (4) Clerk Austin Roger's 30-minute recorded interview; [1] and (5) Nurse Daniel Layton's recorded interview. At oral argument on the motions for summary judgment, Defendants finally fleshed out their evidentiary objections, claiming the exhibits could not be entered without a supporting affidavit. After the Court reviewed Fed. R. Civ. P. 56(c)(2), Plaintiffs argued that the exhibits could all be presented in an admissible form at trial through testimony of the relevant witness and expert. Plaintiffs further requested leave to correct. Following oral argument, the Court requested supplemental briefing on the admissibility of the contested exhibits.

## ARGUMENT

I. <u>Rule 56(c)(2) allows a party to object to exhibits that cannot be presented in a form that would be admissible; but Defendants did not make such an objection and the disputed exhibits can presented in an admissible form through testimony at trial.</u>

Evidence presented in an inadmissible form may still be considered by a court on summary judgment so long as the evidence can be presented in an admissible form. As recognized by the 10th Circuit in 2006, the Federal Rules do not require that "evidence must be submitted in a form that would be admissible at trial" for the purposes of supporting or opposing summary judgment. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury in some form". *Id*, citing *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 2006 U.S. App. LEXIS 16687, No. 05-

---

[1] Defendants also objected to Clerk Roger's Interview based upon lack of relevance.

3114, 2006 WL 1806605, at * 5 (10th Cir. July 3, 2006). After *Trevizo*, the Federal Rules of Appellate Procedure were amended in 2010 to reflect this standard, with Rule 56(c)(2) providing that a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence".

The few courts that have considered Rule 56(c)(2) since the amendment have uniformly found that **the content, not the form, determines the admissibility of evidence at the summary judgment stage**. See *Doby v. Sisters of St. Mary of Or. Ministries Corp.*, No. 3:13-cv-0977-ST, 2014 U.S. Dist. LEXIS 110972, at *7-8 (D. Or. Aug. 11, 2014*); Offshore Staffing Servs. of Acadiana LLC v. Farrell*, Civil Action No. 11-2205, 2012 U.S. Dist. LEXIS 166119, at *15-16 (W.D. La. Nov. 13, 2012) (considering unauthenticated medical records where plaintiff was in the process of receiving certifications on the basis that evidence is capable of submission in an admissible form at trial); *Pennick v. Lystad*, No. C17-5152-RJB-TLF, 2018 U.S. Dist. LEXIS 128332, at *6 (W.D. Wash. June 20, 2018) ("Evidence presented in an inadmissible form during summary judgment can still be considered if it can be produced in an admissible form later at trial"); *Perkins v. United States*, No. 16-CV-495V, 2018 U.S. Dist. LEXIS 123946, at *23-24 (W.D.N.Y. July 24, 2018) (The Rule "indicates instead that materials can be considered at the summary-judgment stage as long as courts find some reasonable possibility that the materials can be cleaned up at trial to remove any evidentiary infirmities").

The Defendants did not object to the disputed exhibits on the basis that the exhibits could not be presented in an admissible form – Defendants merely objected on hearsay and foundation grounds without any further explanation. However, to the extent Defendants' objection constituted an objection pursuant to 56(c)(2), the objection fails because the exhibits can be

3

presented in an admissible form at trial through the testimony of the relevant experts and witnesses.

As described in the committee notes for the 2010 amendments, an objection pursuant to Rule 56(c)(2) functions much as an objection at trail except adjusted for the pretrial setting. "The burden is on the proponent to show that the material is admissible as presented <u>or to explain the admissible form that is anticipated</u>". The anticipated admissible form for all of the disputed exhibits is through testimony at trial. "[M]aterials can be considered at the summary judgment stage as long as courts find some reasonable possibility that the materials can be cleaned up at trial". *Perkins,* LEXIS 123946, at *24. The hearsay and foundation issues can certainly be cleaned up through testimony at trial, therefore Plaintiffs have satisfied their burden in satisfying Rule 56(c)(2).

II. <u>To the extent there remain any issues regarding the admissibility of the disputed exhibits, the Court can, and should, provide Plaintiffs with the opportunity to properly support or address the fact by considering the declarations filed with this brief.</u>

If Plaintiffs have failed to properly support an assertion or fact, the Court is allowed to provide Plaintiffs with an opportunity to properly support or address the fact pursuant to Rule 56(e)(1). At oral argument, Plaintiffs requested an opportunity to remedy any existing defect with their expert testimony, representing to the Court that Plaintiffs could obtain a declaration from each expert restating their expert opinion. Plaintiffs have obtained and included declarations from their expert and attached the declarations as exhibits to this supplemental

brief.² To the extent the Court is unconvinced that their testimony cannot be presented in an admissible form at trial, the Court should provide Plaintiffs with the opportunity to support their facts and consider the attached declarations in addressing the cross motions for summary judgment.

III. Defendants' supplemental brief does not address their hearsay or foundation objections, but rather pursue new objections that do not present a basis for excluding the exhibits.

Defendants' supplemental brief does not address the sole objections (hearsay and foundation) included in their opposition to the motion for summary judgment, likely because both hearsay and foundation can easily be cured through trial testimony. Defendants instead make a last ditch effort to reargue their motion for summary judgment in an attempt to create fact issues with the expert opinions. Not only are these new objections unavailing, they should not even be considered by the Court considering Defendants have raised these objections for the first time on supplemental briefing.

That Defendants' disagree with Plaintiffs' experts is not a basis for excluding expert testimony, nor is it a basis for precluding the Court from granting Plaintiff summary judgment.³ Plaintiff's deliberate indifference theory is largely unopposed. All experts agree that Nurse

---

² The following are attached as exhibits: Nurse Schultz's Declaration (Exhibit 1); Ken Starr's Declaration (Exhibit 2); and Todd Vinger's Declaration (Exhibit 3). The declarations restate the respective expert opinions.

³ Defendants present more specific objections as to Nurse Schultz's report and Clerk Rogers' and Nurse Layton's AG interviews. Nurse Schultz's opinion that Nurse Anderson violated the standard of care is relevant, and therefore admissible, because violations of training and/or the standard of care is circumstantial evidence of deliberate indifference. See *Walton v. Gomez (In re Estate of Booker)*, 745 F.3d 405, 432 (10th Cir. 2014) (violation of training as evidence medical provider knew of substantial risk); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (violating standard of care). As to the interviews, any hearsay and foundation objections can be cured by having Clerk Rogers and Nurse Layton testify at trial. Relevancy objections do not preclude the Court from considering the exhibits on summary judgment.

Anderson should have taken and monitored Ms. Miller's vitals – he did not. Davis County's policies required the Jail to create nursing protocols – it did not. It is factually uncontested that Davis County Jail treated Heather Miller with deliberate indifference by their total lack of medical care. The requirements of rule 56 are satisfied and Plaintiffs motion for summary judgment should be granted.

## **CONCLUSION**

Plaintiffs respectfully request that the Court consider the disputed evidence in deciding the motions for summary judgment, or allow Plaintiffs an opportunity to remedy any deficiencies by considering the attached signed declarations from Plaintiffs' expert.

DATED this 17th day of May, 2019.

/s/ Daniel Baczynski
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on this 17th day of May, 2019, I caused **Supplemental Brief on Admissibility of Evidence** to be filed with the Court through its ECF filing system, with service provided to the following:

>Jesse C. Trentadue
>Noah M. Hoagland
>Michael W. Homer
>Sarah E. Jenkins
>jesse32@sautah.com
>nhoagland@sautah.com
>mhomer@sautah.com
>sjenkins@sautah.com
>SUITTER AXLAND, PLLC
>8 East Broadway, Suite 200
>Salt Lake City, Utah 84111
>Tel: (801) 532-7300
>Fax: (801) 532-7355

/s/     Daniel Baczynski