Daniel Baczynski, Bar No. 15530
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>    Plaintiffs,<br><br>v.<br><br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>    Defendants. | **Opposition to Motion for Leave to File Objections to Declarations**<br><br>Case No:  1:18-cv-002<br><br><br>Judge:   Jill Parrish |

Cynthia Stella and the Estate of Heather Miller (together Miller or Plaintiffs), by and through counsel hereby submit this Opposition to Motion for Leave to File Objections to Declarations.

**BACKGROUND**

The Court held oral argument on cross motions for summary judgment on May 7th, 2019, during which the Court heard argument regarding Defendants' hearsay and lack of foundation

1

objections to the expert reports. Plaintiffs argued the expert opinions satisfied Rule 56(c)(2) because they could be presented in a form that would be admissible in evidence, namely testimony at trial. Following oral argument, the Court filed an Order Requesting Supplemental Briefing On the Admissibility of Evidence. In particular, the Court identified that Defendants' objections were conclusory but allowed Defendants to brief the basis for their "previously made evidentiary objections", and allowed Plaintiffs to respond within seven days.

Defendants filed their supplemental brief on May 15, providing only a cursory analysis of the hearsay and foundation objections but also briefing additional, previously un-made objections to the expert opinions. Plaintiffs filed their supplemental brief on May 17th, specifically addressing why hearsay and foundation could be easily cured at trial and providing declarations from each of the experts, limited to the exact verbiage from their expert opinions, to further establish that the experts would testify as at trial as opined in their expert reports. Plaintiffs then opposed Defendants' new objections as outside the scope of the supplemental briefing order and as waived because Defendants could have previously made these objections in their Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment.

Defendants have now filed a Motion for Leave to File Objections to the Declarations on June 3rd. These Objections were available to Defendants while the parties were briefing the cross motions for summary judgment. Defendants failed to make those objections then, and should not be allowed to make those objections now.

## ARGUMENT

Defendants argues Plaintiffs Supplemental Brief on Admissibility of Evidence, which included declarations from Plaintiffs' experts, is actual a Sur-Reply Memorandum to the Motion

for Partial Summary Judgment, and as such Defendants are entitled to an opportunity to make objections. Defendants are mistaken as to the purpose of the declarations. The declarations include no new information and copy word-for-word the expert reports. The declarations are not new evidence to be considered for the motions for summary judgment, but solely evidence that the expert reports can be presented in a form that would be admissible in evidence.

Once a party objects to material cited, then "[t]he burden is on the proponent to show the material is admissible as presented or to explain the admissible form that is anticipated". Fed. R. Civ. P. 56(c)(2) adv. comm. cmt. Once Defendants objected to the admissibility of the expert opinions, the burden shifted to Plaintiffs to explain the admissible form that was anticipated. Fed. R. Civ. P. 56(c)(2) adv. comm. cmt. Plaintiffs explained the admissible form, testimony at trial, and submitted declarations as evidence that the experts would indeed testify to the substance of their reports. Plaintiffs' defense to a Rule 56(c)(2) objection does not afford Defendants the opportunity to now present new objections.

Furthermore, Defendants waived these newly presented objections for the purposes of the summary judgment motions when it failed to properly preserve these objections in their briefings. As the Court noted in its Order for Supplemental Briefing, the content, not the form, is critical at the summary judgment stage. Though the declarations may represent a new form for Plaintiffs' expert opinions, Defendants were aware of the content of those opinions while briefing the cross motions for summary judgment. Defendants failed to raise any of these new objections at that time. Defendants have failed to provide any justification for its failure to previously raise these objections. Defendants should not be allowed to now raise new objections after the motions have been briefed and the Court has already heard oral argument.

## **CONCLUSION**

Plaintiffs respectfully request that the Court deny leave for Defendants to file new objections. Defendants have presented no basis for the Court to consider new objections to evidence after the motions have been briefed and argued..

DATED this 6th day of June, 2019.

/s/      Daniel Baczynski
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 6th day of June, 2019, I caused **Opposition to Motion for Leave to File Objections to Declarations** to be filed with the Court through its ECF filing system, with service provided to the following:

> Jesse C. Trentadue
> Noah M. Hoagland
> Michael W. Homer
> Sarah E. Jenkins
> jesse32@sautah.com
> nhoagland@sautah.com
> mhomer@sautah.com
> sjenkins@sautah.com
> SUITTER AXLAND, PLLC
> 8 East Broadway, Suite 200
> Salt Lake City, Utah 84111
> Tel: (801) 532-7300
> Fax: (801) 532-7355

/s/    Daniel Baczynski