Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Noah M. Hoagland (#11400)
Sarah Jenkins (#15640)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
mhomer@sautah.com
nhoagland@sautah.com
sjenkins@sautah.com
*Attorneys for Davis County, Utah; Sheriff Todd Richardson, Marvin Anderson, and James Ondricek*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER, | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO FILE OBJECTIONS TO SCHULTZ, STARR, AND VINGER DECLARATIONS** |
| Plaintiffs, | |
| v. | |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK, | Case No. 1:18-cv-00002-JNP |
| | Judge Jill N. Parrish |
| Defendants. | |

Defendants hereby submit their *Reply Memorandum* in further support of their *Motion to File Objections*[1] to the Schultz, Starr and Vinger *Declarations*.[2]

---

[1] Dkt. 54.

[2] Dkt. 53-1, 53-2 and 53-3.

## INTRODUCTION

Plaintiffs initially submitted the Schultz, Starr and Vinger *Declarations* asking the Court to consider them "in addressing the cross motions for summary judgment."[3] Plaintiffs obviously did so because they were concerned that the Court would sustain Defendants' objections to Schultz, Starr and Vinger expert reports.[4] Once Defendants filed their *Motion* for leave of court to file objections to those *Declarations*, Plaintiffs have changed their position.

Plaintiffs now represent to the Court that "[t]he declarations are not new evidence to be considered for the motions for summary judgment, but solely evidence that the expert reports can be presented in a form that wold be admissible in evidence."[5] But as Defendants will explain, those *Declarations* are not in a form that can be admitted into evidence, which is significant because in ruling on the parties' cross *Motions for Summary Judgment*, the Court can only consider evidence that would be available to the jury.[6] In other words, the content or substance of the evidence must be admissible.[7] It is Plaintiffs' burden to show that it will be possible to put the information, the substance

---

[3] Dkt. 53 at page 5.

[4] *See id.*

[5] Dkt. 56 at page 3.

[6] *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016).

[7] *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006).

and/or content of evidence, into an admissible form,[8] but Plaintiffs have failed to meet their burden because the content and substance of the opinions of Plaintiffs' experts are clearly not admissible.

## SCHULTZ DECLARATION

Under *Federal Rule of Evidence* 702, the Court is required to perform a gatekeeper function and only admit expert testimony that is both reliable and relevant;[9] whereas Ms. Schultz's opinions, set forth in paragraphs 19, 20, 22, 24, 25, 31, 32 and 33 of her *Declaration*, are neither reliable not relevant. For example, as expressed in her *Declaration*, Ms. Schultz's opinions are speculation and, therefore, inadmissible because they are not given to a reasonable degree of professional or medical certainty,[10] and they are expressed in terms of "I believe" and/or "could have".[11] Ms. Schultz is also a nurse, and there is no evidence in the record that she has ever seen a patient with a ruptured

---

[8] *Brown*, 835 F.3d at 1232.

[9] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

[10] *See Warren v. Tastove*, 240 Fed. Appx. 771, 773(10th Cir. 2007)(unpublished)("[W]e require an opining physician to offer an opinion with a reasonable degree of medical certainty; a hunch, even an educated hunch is not enough"); *Grant v. Farnsworth*, 869 F.2d 1149, 1151-52 (8th Cir. 1989)(same).

[11] *See Murray v. City of Sapula,* 45 F.3d 1417, 1422 (10th Cir. 1995)*; Aludo v. Denver Area Council,* 2008 WL 2782734 (D. Colo. July 8, 2008);*Owens v. Stifel, Nicholas & Company, Inc.*, 2014 WL 948527 (M.D. Ga. Mar. 11, 2014).

spleen much less been involved in treating patients who present that injury.[12] Thus, not only does she not have the foundation to opine in her *Declaration* that Defendant Anderson's actions contributed to Ms. Miller's "early and untimely death", but that opinion is likewise conclusory, which makes it inadmissible.[13] Furthermore, in her *Declaration* Ms. Schultz opines upon Defendant Anderson's alleged violation of the *Utah Nurse Practice Act* and resulting medical malpractice based upon his alleged breaches of the standard of care, which are irrelevant because a civil rights violation cannot be based upon either a violation of state law,[14] or medical malpractice.[15] Ms. Schultz opines, too, that Ms. Miller was provided with "no medical care," which is contrary to the undisputed evidence,[16] and thus inadmissible.[17]

## STARR DECLARATION

---

[12] *Ralstonn v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 971 fn. 4 (10th Cir. 2001) (Proponent of expert testimony bears burden of demonstrating the expert's qualification to offer his or her opinions).

[13] *See Fitzgerald v. Corr. Corp. of AM.*, 403 F.3d 1134, 1143 (10th Cir. 2005).

[14] *Margheim v. Buljiko*, 858 F.3d 1077, 1084 (10th Cir. 2017).

[15] *Riddle v. Mondragon*, 83 F.3rd 1197, 1203 (10th Cir. 1996); *Baker v. McCollan,* 443 U.S. 137, 146 (1979); *Woodward v. City of Worland*, 977 F.2d 1397, 1399 (10th Cir. 1992).

[16] *See Tubbs Dec*. Dkt. 40-1 at ¶¶ 10 and 11.

[17] *Cf. Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242-243(1993)("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict").

Dr. Starr's *Declaration* suffers from the same infirmities as Ms. Schultz's *Declaration* in that his opinions in paragraphs 18, 22 and 23 thereof, are irrelevant and not based upon the evidence because they relate to the diagnoses and treatment of patients with ruptured spleens in an emergency room setting, not a county jail that does not have the "bedside ultrasound and CT imaging" that he says would result in early identification and treatment of such injuries. Neither does Dr. Starr give the opinions about Ms. Miller's outcome contained with any degree of professional certainty; instead these opinions are both conclusory and given in terms of possibility as is evident from his use of the word "If".

## **VINGER DECLARATION**

As set forth in paragraphs 57 and 58 of his *Declaration*, Todd Vinger's opinions are inadmissible for the following reasons: (1) he has no foundation to offer opinions as to Ms. Miller's medical care or alleged lack thereof; (2) his opinion with respect to a breach of the standard of care is irrelevant since this is a negligence issue not applicable to a civil rights claim; (3) his opinions are likewise conclusory, and contrary to the undisputed evidence because Ms. Miller is the only reported case of anyone sustaining a ruptured spleen by falling off a top bunk,[18] and (4) none of his opinions are given with

---

[18] *Tubbs Dec*., Dkt. 40-1 at ¶20.

any degree of professional certainty, which makes them speculative.[19]

## CONCLUSION

Plaintiffs submitted the *Declarations* from their three experts for the stated purpose of demonstrating to the Court that their experts' reports can be presented in a form that would be admissible in evidence. But as Defendants have demonstrated, that is not so. Plaintiffs have not shown, as is their burden, that it is possible to put the information, the substance and content of the expert reports, into an admissible form.[20] The Court, therefore, should not consider the reports from Plaintiffs' experts in deciding the cross *Motions for Summary Judgment*, and Defendants should also be allowed to file their objections to the recently proffered *Declarations* of Schultz, Starr and Vinger.

DATED this 21st day of June, 2019.

> SUITTER AXLAND, PLLC
>
> /s/ jesse c. trentadue
> Jesse C. Trentadue
> A*ttorneys for Defendants*

T:\4000\4530\137\REPLY MEMORANDUM IN SUPPORT OF MOTION TO FILE OBJECTIONS.wpd

---

[19] *See Bearman v. Prudential*, 186 F.2d 662, 665 (10th 1951); *Washington v. Armstrong World, Inc.*, 879 F.2d 1121, 1124 (5th Cir. 1998); *Cheney v. Smith Klein and Beckman*, 764 F.2d 527, 529-30(9th Cir. 1985).

[20] *Brown*, 835 F.3d at 1232.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following parties:

| | |
|---|---|
| Daniel M. Baczynski, Esq.<br>12339 South 800 East, Suite 101<br>Draper, Utah 84020<br>*Attorneys for Plaintiffs* | Tad D. Draper, Esq.<br>Law Offices of Tad D. Draper, P.C.<br>12339 South 800 East, Suite 101<br>Draper, Utah 84020<br>*Attorneys for Plaintiffs* |

/s/ jesse c. trentadue