IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>                    Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>                    Defendants. | **ORDER GRANTING MOTION IN LIMINE**<br><br>Case No. 1:18-cv-002<br><br>District Judge Jill N. Parrish |

      Before the court is the motion in limine filed by Cynthia Stella and the Estate of Heather Miller ("Plaintiffs"). Plaintiffs seek to exclude certain testimony of Defendants' expert witness, Dr. Kennon Tubbs, M.D. ("Dr. Tubbs").

## BACKGROUND

      Heather Miller died on December 21, 2006, while in the custody of Davis County Jail. Plaintiffs subsequently brought suit, alleging that Defendants acted with deliberate indifference to Miller's medical needs in violation of the Eighth Amendment to the United States Constitution and certain provisions of the Utah State Constitution. Defendants hired Dr. Tubbs, the medical director for ten county jails located in Utah and Wyoming, to provide expert testimony on whether the Davis County Jail met the medical standard of care with respect to Miller. In his expert report, Dr. Tubbs opines that "the nurses or custody staff at Davis County were not deliberately indifferent to Miller's medical needs." Plaintiffs argue that this testimony is inadmissible expert testimony because it constitutes a legal conclusion on the ultimate issue in the case. Defendants argue that Dr. Tubbs's conclusion is medical, not legal, and therefore should be admitted.

## DISCUSSION

Under Federal Rule of Evidence 702, an expert witness "may testify in the form of an opinion or otherwise if"

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Plaintiffs argue that Dr. Tubbs's testimony does not fit into any of these permissible categories, but rather consists of legal conclusions that would be misleading to the jury. Defendants agree that "[g]enerally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (quoting *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998)). But they nevertheless argue that Dr. Tubbs's testimony is admissible because, even though it touches on legal issues, it "assists, rather than supplants, the jury's judgment." *United States v. Dazey*, 403 F.3d 1147, 1171–72 (10th Cir. 2005).

The controlling question is whether Dr. Tubbs's testimony will be helpful to the jury, in which case it is permissible, or whether it should be excluded either because it "usurps the function of the jury in deciding the facts" or "interferes with the function of the judge in instructing the jury on the law." *Id.* at 1171. The court finds that Dr. Tubbs's opinion that the nurses were not "deliberately indifferent" should be excluded. The ultimate issue in this case is whether Defendants acted with deliberate indifference in violation of the Eighth Amendment. This is a specialized legal concept on which the court will instruct the jury and which Plaintiffs can establish only by

introducing sufficient evidence to meet both elements of a two-part test.[1] The terminology Dr. Tubbs employed in expressing his opinion is misleading and supplants the jury's role. Allowing Dr. Tubbs, or any other expert, to testify as to whether Defendants were "deliberately indifferent" would not be helpful. Instead, such testimony would likely interfere with the court's instructions to the jury *and* usurp the jury's role in deciding whether Plaintiffs have met their burden.[2] Dr. Tubbs can still testify as to the opinions that form the basis for his view on the ultimate question, but he may not employ terminology that suggests a legal conclusion.

## ORDER

Plaintiffs' motion in limine is **HEREBY GRANTED.** No expert will be allowed to testify at trial as to ultimate legal issues that would interfere with the court's ability to instruct the jury or that would supplant the jury's role.

Signed September 23, 2019

BY THE COURT:

_____
Jill N. Parrish
United States District Court Judge

---

[1] Deliberate indifference to medical needs has two prongs: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991)).

[2] *See United States v. Richter*, 796 F.3d 1173, 1196 (10th Cir. 2015) (citing *United States v. McIver*, 470 F.3d 550, 552 (4th Cir. 2006) for proposition that "expert testimony's overreliance on terms that have a separate, distinct and specialized meaning in the law different from that present in the vernacular risks crossing the line into unhelpful and inadmissible testimony" (internal quotations omitted)); *see also United States v. Schneider*, 704 F.3d 1287, 1294 (10th Cir. 2013) ("[W]e allow experts to refer 'to the law in expressing [their] opinion,'" quoting *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008), but "[t]he concern, rather, is when an expert uses a specialized legal term and usurps the jury's function.").