Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Noah M. Hoagland (#11400)
Sarah Jenkins (#15640)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
mhomer@sautah.com
nhoagland@sautah.com
sjenkins@sautah.com
*Attorneys for Davis County, Utah*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER, | **DAVIS COUNTY, UTAH'S MOTION TO AMEND JUDGMENT** |
| Plaintiffs, | |
| v. | |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK, | Case No. 1:18-cv-00002-JNP |
| Defendants. | Judge Jill N. Parrish |

Plaintiffs brought this civil rights suit against Davis County, Utah, former Davis County Sheriff Todd Richardson, Nurse James Ondricek, and Nurse Marvin Anderson for their alleged deliberate indifference to Heather Miller's health and safety. Plaintiffs' claims against Davis County are set forth in the *Second Cause of Action* wherein Plaintiffs contend that the County violated Ms. Miller's civil rights by "fail[ing] to

provide adequate policies, procedures, or training to their employees or contractors in instructing and directing them to adequately monitor and respond to inmates with serious health conditions."[1] Plaintiffs brought these same claims against Richardson and Ondricek.[2]

On September 9, 2019, the Court entered its *Memorandum Decision and Order* granting summary judgment in favor of Richardson and Ondricek.[3] The Court granted summary judgment with respect to Richardson because "Plaintiffs have failed to establish a pattern of conduct at the jail that would have made Sheriff Richardson aware of substantial risk to prisoners arising from the lack of medical protocols."[4] The Court entered summary judgment in favor of Ondricek because:

> Plaintiffs' claims against Nurse Ondricek fail for the same reason as their claims against Sheriff Richardson. There is no evidence that Nurse Ondricek was aware that his failure to train and implement protocols created a substantial risk of harm to inmates. There was no history of inmates dying as a result of the lack of protocols, nor was there a history of medical failures at the jail. Thus, the constitutional harm that Nurse Anderson may have committed–deliberate indifference to Miller's medical needs–was not one of which Nurse Ondricek was aware.[5]

---

[1] *Amended Complaint*, Dkt. 10, at ¶ 47.

[2] *See id.* at ¶¶ 41 and 42.

[3] Dkt. 60.

[4] *Id.* at p. 28.

[5] *Id.* at pp. 29-30.

The Court denied Davis County's *Motion for Summary Judgment*.[6] However, as a matter of law, the findings, reasoning and case law relied upon by the Court in granting summary judgment to Richardson and Ondricek also entitle the Count to summary judgment to Davis County.

Under *Federal Rule of Civil Procedure* 59(e), the Court retains the power to rectify its mistakes of law or fact by altering or amending its judgment.[7] Specifically, the Court retains the power to alter or amend its judgment when that judgment was, as in the instant case, based upon the Court's misapprehension of the facts and/or controlling case law applicable to those facts.[8] Wherefore, Davis County, Utah hereby moves the Court for an Order amending its *Memorandum Decision and Order* so as to grant summary judgment in Davis County's favor on Plaintiffs' *Second Cause of Action* the basis of the absence of municipal liability.

## DAVIS COUNTY IS ENTITLED TO SUMMARY JUDGMENT

Davis County filed a *Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment*.[9] Pursuant to *DUCivR* 7-(b)(1)(A), Davis County incorporated by

---

[6] *Id.* at p. 30.

[7] *See Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996).

[8] *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

[9] Dkt. 41.

reference that memorandum in support of its *Cross Motion for Summary Judgment*.[10] More importantly, Davis County raised the following arguments in support of its *Cross Motion for Summary Judgment*:

> Plaintiffs argue that Sheriff Richardson and Davis County acted with deliberate indifference by not having medical protocols in place for the treatment of inmates.[11] '[T]o establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct casual link between the policy or custom and the injury alleged.'
>
>                 ***\* \* \****
>
> '[T]his deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure is substantially certain to result in a constitutional violation, and it consciously and deliberately chooses to disregard the risk of harm.[12] Moreover, '**a single incident generally will not give rise to liability**.'[13] '[W]here the policy relied upon is not itself unconstitutional, considerably more proof that the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation.[14] Plaintiffs cannot meet these standards as a matter of law.
>
> The Davis County Jail's Policy Manual provides that treatment protocols will be developed by the jail physician. Nurses at the jail are expected to respond according to professional nursing standards. Plaintiffs' reference to the single incident of alleged misconduct in this case is insufficient to prove liability of either Sheriff Richardson or Davis County. Davis County's policy of requiring nurses to respond according to their

---

[10] Dkt. 42 at p. 2.

[11] Dkt. No. 31 at pp. 32-34.

[12] *Barney v. Pulsipher*, 143 F.3d 199, 1307 (10th Cir. 1999).

[13] *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002)(emphasis added).

[14] *Olsen*, 312 F.3d at 1318.

professional standards is not a 'moving force' behinds Plaintiffs' claim. Plaintiffs have failed to show that Davis County and/or Sheriff Richardson had knowledge that its policy requiring nurses to treat inmate injuries was 'substantially certain' to result in injury.[15] Conversely, Davis County's policies were constitutional and summary judgment should be granted for both Sheriff Richardson and Davis County.[16]

*Federal Rule of Civil Procedure* 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial."[17] The Court "is free to grant summary judgment on the basis of any facts shown by competent evidence in the record,"[18] and can even do so against a non-moving party.[19]

In this case, the Court correctly applied the facts and law which resulted in the grant of summary judgment to Richardson and Ondricek on Plaintiffs' *Second Cause of Action*. Davis County submits, therefore, that based on these same undisputed facts, the law, the arguments proffered by Davis County and the Court's decision with respect to

---

[15] Dkt. 41 at pp. 53-54.

[16] *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Alder v. Wal-Mart Stores, Inc.* 144 F.3d 664, 670 (10th Cir. 1998).

[18] *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

[19] *Gerber v. Longboat Harbour North Condominium, Inc.*, 757 F. Supp. 1339, 1341 (M.D. Fla. 1991).

Richardson and Ondricek that it, too, is entitled to summary judgment on Plaintiffs' *Second Cause of Action*.[20]

## CONCLUSION

The Court is respectfully requested to amend its judgment so as to conform it with the grant of summary judgment in favor of Richardson and Ondricek on Plaintiffs' *Second Cause of Action* by granting summary judgment to Davis County on that same *Cause of Action* for these same reasons.

DATED this 27th day of September, 2019.

SUITTER AXLAND, PLLC

 /s/ jesse c. trentadue
Jesse C. Trentadue
Michael W. Homer
Noah M. Hoagland
Sarah Jenkins
*Attorneys for Davis County, Utah*

T:\4000\4530\137\DAVIS COUNTY MOTION TO AMEND JUDGMENT.wpd

---

[20] *See Continental Cas. Co. v. Howard*, 775 F.2d 876, 883-84(7th Cir. 1985)("A motion to amend the judgment under Fed. R. Civ. P. 59(e) is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that they party is entitled to relief"). *Accord, Wilson v. Attaway*, 757 F.2d 1227, 1248 (11th Cir. 1985)(It was error for the District Court not to have amended its judgment to conform to findings); *Greene v. Town of Blooming Grove*, 935 F.2d 507, 513 (2nd Cir. 1991)(Same ).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of September, 2019, I electronically filed the foregoing **DAVIS COUNTY, UTAH'S MOTION TO AMEND JUDGMENT** with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following parties:

Daniel M. Baczynski, Esq.  
12339 South 800 East, Suite 101  
Draper, Utah 84020  
*Attorneys for Plaintiffs*

Tad D. Draper, Esq.  
Law Offices of Tad D. Draper, P.C.  
12339 South 800 East, Suite 101  
Draper, Utah 84020  
*Attorneys for Plaintiffs*

/s/ jesse c. trentadue