Daniel Baczynski, Bar No. 15530
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>    Defendants. | **Opposition to Davis County's Motion to Amend Judgment**<br><br>Case No:  1:18-cv-002<br><br>Judge:   Jill Parrish |

Cynthia Stella and the Estate of Heather Miller (together Miller or Plaintiffs), by and

through counsel, hereby submit this Opposition to Davis County's Motion to Amend Judgment.

## ARGUMENT

On September 9th, 2019, the Court entered its *Memorandum Decision and Order* granting

summary judgment on the Second Cause of Action to Sheriff Richardson and Nurse Ondricek

but denying summary judgment as to the same cause of action to Davis County and Nurse

Anderson. Defendants now ask, pursuant to Federal Rule of Civil Procedure 59(e), for the Court

to amend the ruling and grant Davis County summary as well. The motion is an inappropriate

use of Rule 59(e) because Defendants attempt to present a new argument for summary judgment

that was not previously presented. However, even if the Court addresses the merits of the motion,

Davis County is still not entitled to summary judgment because the Court has already found

there are disputed issues of material fact as to Davis County's state of mind.

I.      <u>Federal Rule of Civil Procedure 59(e) does not allow Defendants a second bite at the
        summary judgment apple.</u>

Defendants move the Court to "rectify" its "mistake" pursuant to Rule 59(e), arguing the

Court should grant Davis County summary judgment because those responsible for the

unconstitutional practices (Sheriff Richardson and Nurse Ondricek) were found to lack the

requisite mindset. However, this argument was never raised as a basis for summary judgment in

Davis County's motion. Davis County only moved for summary judgment on the grounds of

qualified immunity and no underlying constitutional violation – both denied by the Court.

Defendants cannot advance this new theory for summary judgment because a Rule 59(e) motion

"cannot be used to advance [new] arguments that could have been raised in prior briefing".[1]

Defendants try to avoid this determinative prohibition on their motion by claiming a page

of analysis in Defendants' *Memorandum in Opposition to Plaintiffs' Motion for Summary

Judgment,* incorporated into the Cross Motion for Summary Judgment by reference, was

---

[1] *Grynberg v. Total S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008); see also *GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812, 401 U.S. App. D.C. 1 (D.C. Cir. 2012) ("Rule 59(e) motions are aimed at reconsideration, not initial consideration.") (internal quotations omitted). It also cannot be used to expand an argument to encompass new issues that could have been raised prior to entry of judgment. *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

sufficient to put Plaintiffs and the Court on notice of additional grounds for summary judgment. However, the cited paragraph only serves to further diminish Defendants' claim that the argument was previously present, as the one line suggesting additional grounds for Davis County's dismissal relies on a finding that the policies were constitutional: "Conversely, Davis County's policies were constitutional and summary judgment should be granted for both Sheriff Richardson and Davis County". D.E. 41, pg 54. Nothing else in the cited analysis would have put Plaintiffs or the Court on notice that Defendants were presenting new grounds for dismissal in addition to those included in their Cross Motion.

Defendants failed to raise this new basis for summary judgment in their Cross Motion for Summary Judgment. Rule 59(e) precludes Defendants from raising new arguments now. Without an explanation as to why the new argument was not previously raised, the Court should deny the motion.

II.    <u>The Court has already ruled that there are material facts in dispute as to Davis County's mindset that preclude adjudication by summary judgment.</u>

If the Court deems Defendants' argument was previously presented, the Court must still deny the motion because there are material facts in dispute as to Davis County's mindset. To start, Richardson and Ondricek's lack of requisite mindset does not require Davis County's dismissal. In dismissing the individuals but retaining the County, the Court noted that while municipalities may be found deliberately indifferent where a violation of federal rights is "highly predictable" or "plainly obvious" consequence, the same test is not applicable to individuals. D.E. 60, pg 28. Plaintiffs were therefore required to establish a pattern of conduct that would put

3

Sheriff Richardson and Nurse Ondricek on notice. The Court found Plaintiffs failed to do so and dismissed both individuals.

The lack of a pattern of conduct, however, does not require Davis County's dismissal because Davis County can still be liable if the violation of federal rights is a "highly predictable" or "plainly obvious" consequence. Plaintiffs moved for summary judgment on this basis, but the Court denied the motion finding disputed issues of material fact as to state of mind that precluded summary judgment. D.E. 60, pg 36. With material facts in dispute as to its state of mind, Davis County cannot be entitled to summary judgment. *Stewart v. Donges*, 915 F.2d 572, 583 (10th Cir. 1990)

## CONCLUSION

Plaintiffs respectfully request that the Court deny Davis County's motion. If the Court is willing to consider a new basis for Davis County's dismissal on summary judgment, Plaintiffs would ask for leave to brief the objective test and the 10th Circuit's application of the objective test in similar contexts.

DATED this 2nd day of October, 2019.


/s/      Daniel Baczynski
Attorneys for Plaintiff

4

**CERTIFICATE OF SERVICE**

I certify that on this 2<u>nd</u> day of October, 2019, I caused **Opposition to Davis County's Motion to Amend Judgment** to be filed with the Court through its ECF filing system, with service provided to the following:

> Jesse C. Trentadue
> Noah M. Hoagland
> Michael W. Homer
> Sarah E. Jenkins
> jesse32@sautah.com
> nhoagland@sautah.com
> mhomer@sautah.com
> sjenkins@sautah.com
> SUITTER AXLAND, PLLC
> 8 East Broadway, Suite 200
> Salt Lake City, Utah 84111
> Tel: (801) 532-7300
> Fax: (801) 532-7355

/s/      Daniel Baczynski

5