Jesse C. Trentadue (#4961)
Michael W. Homer (#1535)
Noah M. Hoagland (#11400)
Sarah Jenkins (#15640)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
mhomer@sautah.com
nhoagland@sautah.com
sjenkins@sautah.com
*Attorneys for Davis County, Utah*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER, | : : : | **DAVIS COUNTY, UTAH'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT** |
| Plaintiffs, | : : | |
| v. | : : | |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK, | : : : : | Case No. 1:18-cv-00002-JNP |
| Defendants. | : : : | Judge Jill N. Parrish |

Davis County, Utah, by and through counsel of record, hereby submits its *Reply Memorandum in Support* of its *Motion to Amend Judgment.*[1]

---

[1] Dkt. 61.

# ARGUMENT

Plaintiffs essentially make four arguments in opposition to the County's *Motion to Amend Judgment*. First, they contend that this is an improper *Motion to Reconsider* otherwise not permitted under *Rule* 59(e). But it is not. It is a motion to amend the Court's *Memorandum Decision and Order* so as to conform with the findings set forth therein; findings that entitle the County to summary judgment as a matter of law.[2]

Plaintiffs' second argument is that the Court has already determined that there are material facts in dispute that preclude summary judgment in the County's favor. However, upon a closer reading of the Court's *Memorandum Decision and Order* that does not appear to be so. In its *ruling*, for example, the Court correctly stated the law within the Tenth Circuit for imposing section 1983 liability upon the County, which included three elements with the last element requiring Plaintiffs to prove that the policy allegedly causing the violation of Ms. Miller's civil rights "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury."[3]

---

[2] *See Continental Cas. Co. v. Howard*, 775 F.2d 876, 883-84(7th Cir. 1985)("A motion to amend the judgment under Fed. R. Civ. P. 59(e) is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that they party is entitled to relief"). *Accord, Wilson v. Attaway*, 757 F.2d 1227, 1248 (11th Cir. 1985)(It was error for the District Court not to have amended its judgment to conform to findings); *Greene v. Town of Blooming Grove*, 935 F.2d 507, 513 (2nd Cir. 1991)(Same ).

[3] *Memorandum Decision and Order*, Dkt. 60 at p. 34. (Quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769(10th Cir. 2013).

The Court then went on to deny Plaintiffs' *Motion for Summary Judgment* as to the County because of their lack of proof of the final element:

> To establish the final element of a municipal liability deliberate indifference claim, Plaintiffs must prove that Davis County "ha[d] actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation, and it consciously or deliberately [chose] to disregard the risk of harm.'*Barney v, Pulispher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Plaintiffs can establish notice 'by proving the existence of a pattern of tortious conduct,' *id.*, or by demonstrating that their case belongs to a 'narrow range of circumstances' where deliberate indifference can be found absent a patter of violations. *Id.* at 13307-08(quoting *Bd. City. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 398 (1997))**. Plaintiffs [,however,] have not introduced any evidence suggesting a pattern of tortious conduct at Davis County Jail. Instead they ask the court to find that the risk of constitutional harm to inmates was 'highly predictable' or 'plainly obvious consequence of' operating Davis County Jail without medical protocols, and therefore the decision to eliminate the protocols constituted deliberate indifference.** *See id.* at 1308**. Plaintiffs argue that Davis County's Jail Policy required a written medical policy and consequently Defendants were aware of the obvious risks of not having one in place. The court disagrees.** Violating the jail's internal policy may establish negligence, but it does not establish that Davis County's lack of policy was so likely to result in constitutional injury that it constitutes deliberate indifference. Plaintiffs need to demonstrate the obviousness of the risk itself. **While it is possible that the complete lack of written medical protocols caused a deprivation of constitutional rights at the jail, Plaintiffs cannot point to any evidence suggesting that the customs in place were insufficient to protect inmates from constitutional injury.**[4]

Those findings entitle Davis County to summary judgment as a matter of law.

---

[4] *Memorandum Decision and Order*, at pp. 35-36 (emphasis added).

Admittedly, the Court did state that it was denying summary judgment in favor of Plaintiff based upon "disputed issues of material fact on the elements of both causation and state of mind."[5] However, the foregoing findings do not support that ruling as to the state of mind requirement for municipal liability, which is illustrated by the third argument advanced by Plaintiffs in opposition to the *Motion to Amend*.

As their third argument, Plaintiffs assert that the Court having entered summary judgment in favor of former Sheriff Richardson and Nurse Ondricek is irrelevant because while municipalities may be found deliberately indifferent when a violation of federal rights is highly predictable or otherwise a plainly obvious consequence, the same test was not applicable to Richardson and Ondricek. Thus, judgment in favor of these two individual defendants did not entitle the County to judgment. But Plaintiffs are mistaken because of the findings made by the Court in granting summary judgment in favor of these two individual defendants, which were: (1) "Plaintiffs have failed to establish a pattern of conduct at the jail that would have made Sheriff Richardson aware of substantial risk to prisoners arising from the lack of medical protocols,"[6] and (2) Plaintiffs' claims against Nurse Ondricek fail for the same reason as their claims against Sheriff Richardson. . . .[including,] no evidence that Nurse Ondricek was aware that his

---

[5] *Id.* at 36.

[6] *Id.* at p. 28.

failure to train and implement protocols created a substantial risk of harm to inmates[;] . . . no history of inmates dying as a result of the lack of protocols, nor was there a history of medical failures at the jail.[7]

The County, therefore, respectfully submits that these findings further preclude, as a matter of law, a finding that the lack of protocols and/or training were so highly predictable or otherwise a plainly obvious consequence of a violation of Ms. Miller's rights as to establish the requisite state of mind required to impose any liability upon the County. The County further submits that this is especially true since the County's knowledge would have to come from Richardson (who was in charge of in Jail) and Ondricek (who was in charge of training the medical staff). Consequently, if the violation of Ms. Miller's rights were neither highly predictable nor otherwise plainly obvious to these two Jail officials in charge, who would be the source of the County's knowledge, then it cannot and should not be found otherwise as to the County.

Finally, Plaintiffs contend that the County did not move for summary judgment based upon their failure to prove the elements of municipal liability. However, that is not so. In support of its *Motion for Summary Judgment,* the County focused upon the state of mind requirement for municipal liability and Plaintiffs' lack of evidence to prove that

---

[7] *Id.* at pp. 29-30.

requirement.[8] But even if the County had not presented these arguments, based upon the Court's findings, Davis County would still be entitled to a directed verdict at trial, which is the standard for entry of summary judgment.[9]

## **CONCLUSION**

The Court is respectfully requested to issue an *Order* amending its *Memorandum Decision and Order* so as to grant summary judgment in Davis County's favor on Plaintiffs' *Second Cause of Action* based on the absence of municipal liability.

DATED this 16th day of October, 2019.

SUITTER AXLAND, PLLC

/s/ jesse c. trentadue
Jesse C. Trentadue
Michael W. Homer
Noah M. Hoagland
Sarah Jenkins
*Attorneys for Davis County, Utah*

*T:\4000\4530\137\DAVIS COUNTY REPLY MOTION TO AMEND JUDGMENT.wpd*

---

[8] *See, e.g.,* Dkt. 41 at pp. 53-54.

[9] *See Sartor v. Arkansas Gas Corp.*, 321 U.S. 620, 624 (1944).

6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of October, 2019, I electronically filed the foregoing **DAVIS COUNTY, UTAH'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT** with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following parties:

| | |
|---|---|
| Daniel M. Baczynski, Esq.<br>12339 South 800 East, Suite 101<br>Draper, Utah 84020<br>*Attorneys for Plaintiffs* | Tad D. Draper, Esq.<br>Law Offices of Tad D. Draper, P.C.<br>12339 South 800 East, Suite 101<br>Draper, Utah 84020<br>*Attorneys for Plaintiffs* |

/s/ jesse c. trentadue