IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br>v.<br><br>DAVIS COUNTY, and MAVIN ANDERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DAVIS COUNTY, UTAH'S MOTION TO AMEND JUDGMENT**<br><br>Case No. 1:18-CV-002<br><br>District Judge Jill N. Parrish |

Plaintiff Cynthia Stella ("Stella") brought this lawsuit on behalf of her deceased daughter Heather Miller ("Miller"), who died while in the custody of the Davis County Jail. Plaintiffs filed a Motion for Partial Summary Judgment, asking the court to grant judgment in their favor on their two federal claims brought under 42 U.S.C. § 1983, which assert violations of Miller's Eighth and/or Fourteenth Amendment rights. ECF No. 31. Defendants Davis County, Sheriff Todd Richardson ("Richardson"), Nurse Mavin Anderson ("Anderson"), and Nurse James Ondricek ("Ondricek") (collectively, "Defendants") opposed the motion and filed a Cross-Motion for Partial Summary Judgment. ECF No. 42. Defendants argued that they were entitled to summary judgment on Plaintiffs' federal claims because of qualified immunity and the lack of an underlying constitutional violation, and moved the court to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Id.*

On September 23, 2019, the court issued an order denying Plaintiffs' Motion for Partial Summary Judgment and granting in part and denying in part Defendants' Motion for Partial Summary Judgment. *Stella v. Davis Cty.*, No. 1:18-CV-002, 2019 WL 4601611 (D. Utah Sept. 23, 2019). Specifically, the court (1) denied summary judgment for Defendant Anderson because he

1

was not entitled to qualified immunity, (2) granted summary judgment for Defendants Ondricek and Richardson because they were entitled to qualified immunity, (3) denied summary judgement for Defendant Davis County because municipalities are not protected by qualified immunity, (4) dismissed Plaintiffs' claims for punitive damages, and (5) exercised jurisdiction over Plaintiffs' state law claims. *See id.* at \*18. The facts of this case are more fully set forth in that order. *See id.* at \*1–7.

Before the court is Davis County's Motion to Amend Judgment (the "Motion") under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").[1] ECF No. 61. Davis County asks the court to amend the portion of its prior ruling denying it summary judgment. *Id* at 3. It argues that the same findings of fact and application of the law that warranted a grant of summary judgment for Defendants Ondricek and Richardson on the basis of qualified immunity also compel summary judgment for Davis County on Plaintiffs' municipal liability claim. *Id.* at 5–6. Plaintiffs oppose the Motion, arguing that Rule 59(e) does not allow for relief on the basis of arguments not previously raised on summary judgment. Plaintiffs further assert that Davis County is wrong on the merits. ECF No. 63 at 3. The court denies Davis County's Motion because the applicable facts, law, and reasoning that warranted summary judgment for Ondricek and Richardson are not the same as the facts, law, and reasoning applicable to Plaintiffs' municipal liability claims against Davis County. Therefore, the court will not amend its prior order.

I. **STANDARD OF REVIEW**

Davis County moves to amend the court's prior order under Rule 59(e) of the Federal Rules of Civil Procedure. But motions under Rule 59 are only appropriate where there has been a final

---

[1] As explained below, a motion under rule 59(e) is inappropriate where final judgment has not been entered. The court does, however, have general discretion to review and revise interlocutory orders. *See Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

2

judgment. The denial of Davis County's Motion for Partial Summary Judgment was not a final judgment. Rather, it was an interlocutory order. Thus, the court construes Davis County's motion as "an interlocutory motion invoking [this court's] general discretionary authority to review and revise interlocutory rulings prior to the entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quotations omitted). "At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). "Nonetheless, '[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,' summary judgment in favor of the moving party is proper." *Id.* (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

## II. ANALYSIS

Davis County argues that it is entitled to summary judgment "based on the[] same undisputed facts, the law, the arguments proffered by [Defendants] and the Court's decision with respect to Richardson and Ondricek." ECF No. 61 at 5–6. The court rejects this argument because (1) the court granted summary judgment for Richardson and Ondricek on the basis of qualified immunity, which is inapplicable to Davis County; (2) the standards of liability for individual defendants in Section 1983 cases, such as Richardson and Ondricek, are not the same as the standards applicable

3

to county defendants on a municipal liability claim; and (3) the court has already ruled (and here reinforces) that there remain disputed issues of material fact concerning Davis County's municipal liability.

First, as the court observed in its prior order, *see Stella*, 2019 WL 4601611, at *18, Defendants argued in their Motion for Partial Summary Judgment that "Davis County and Sheriff Richardson *are entitled to qualified immunity* because Plaintiffs have failed to demonstrate that the County's policies, or lack thereof, directly caused Miller's death," ECF No. 42 at 10 (emphasis added). But Davis County is not entitled to qualified immunity because qualified immunity is unavailable to municipalities. *See Owen v. City of Independence*, 445 U.S. 622, 657 (1980). The court granted summary judgment in favor of Richardson and Ondricek based on their entitlement to qualified immunity. *See Stella*, 2019 WL 4601611, at *18. Therefore, that ruling is inapplicable to Davis County.

Second, Davis County is incorrect that the applicable law for determining whether Richardson and Ondricek violated Plaintiffs' constitutional rights is the same as the applicable law for determining whether Davis County has done so. The cause of action created by Section 1983 may be exercised only against a "person who . . . causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Supreme Court has interpreted the word "person" broadly, and certain municipalities, including counties, are considered persons for purposes of Section 1983 liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipality is subject to liability for the constitutional violations of its employees if the municipality had a "policy or custom" that caused the violation. *Id*. at 694. Such a policy or custom may be written or unwritten, and even a single decision by a municipal

4

policymaker or single instance of unconstitutional conduct may represent a policy for purposes of municipal liability. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *see also Carr v. Castle*, 337 F.3d 1221, 1229 (10th Cir. 2003) (stating that even "a single incident of [a violation of constitutional rights] can establish the existence of an inadequate training program if there is some other evidence of the program's inadequacy" (citation omitted)). But a municipality may not be held liable under Section 1983 "solely because it employs a tortfeasor." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 691).

A municipality may be liable not just for its actions, but also for its failure to act in certain circumstances. For example, "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability" for a municipality under Section 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989). Similarly, the Tenth Circuit has recognized a Section 1983 cause of action against a municipality if it "has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998) (citing *Brown*, 520 U.S. at 407). Such a "failure to act" that would expose the municipality to liability can include failing to establish a policy to prevent a pattern or obvious risk of constitutional violations by its employees. *See id.* at 1308; *see also id.* at 1309 n.8 (recognizing a cause of action if a municipality "fail[s] to adopt various policies to adequately protect" a class of persons). Multiple circuit courts have explicitly recognized a failure-to-adopt-a-policy cause of action for municipal liability.[2] As the Ninth Circuit summarized:

---

[2] *See, e.g.*, *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 585 (3d Cir. 2003) (recognizing municipal liability cause of action for failure to enact a policy); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (same); *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (same); *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 390 (8th Cir. 2007) (en banc) (same); *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (same). Moreover, as the

> [A] plaintiff can allege that through its *omissions* the municipality is responsible for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation.

*Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1186 (9th Cir. 2002) (emphasis in original) (citing *Canton*, 489 U.S. at 387–89), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

To prove that a municipality's failure to enact a policy is grounds for liability, plaintiffs must demonstrate that the county's omission amounts to "deliberate indifference . . . [to] a known or obvious" risk of violations to their constitutional rights. *Brown*, 520 U.S. at 410 (citing *Canton*, 489 U.S. at 388). A municipality may be found deliberately indifferent "absent a pattern of unconstitutional behavior if a violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction . . . thus presenting an obvious potential for constitutional violations." *Barney*, 143 F.3d at 1307–08 (citing *Brown*, 520 U.S. at 409, and *Canton*, 489 U.S. at 390 & n.10). Stated differently, the need for a municipality to have a policy in the face of a high risk of constitutional violations "can be said to be 'so obvious,' that failure to [adopt a policy] could properly be characterized as 'deliberate indifference' to constitutional rights." *See Canton*, 489 U.S. at 390.

According to Davis County, because the court granted qualified immunity to Richardson and Ondricek after finding that they did not act with deliberate indifference, the court must also hold that Davis County was not deliberately indifferent and grant summary judgment in its favor.

---

Sixth Circuit has observed, "the harm alleged and the analysis required under the failure-to-train theory [of municipal liability] are functionally indistinguishable from the harm [the plaintiffs] allege and the analysis [applied] . . . under the failure-to-adopt-a-policy theory." *Jackson*, 925 F.3d at 828.

ECF No. 61 at 5–6. But Davis County misapprehends the standard for municipal liability claims. Although the standard of individual liability for Richardson and Ondricek uses the same phrase as the standard of municipal liability for Davis County—"deliberate indifference"—the phrase has two different meanings in the two different contexts. As the Tenth Circuit has observed:

> [A] finding of "deliberate indifference" is also required to hold prison officials liable for violating inmates' Eighth Amendment right to humane conditions of confinement. Deliberate indifference, however, is defined differently for Eighth Amendment and municipal liability purposes. In the prison conditions context, deliberate indifference is a subjective standard requiring actual knowledge of a risk by the official. In the municipal liability context, deliberate indifference is an objective standard which is satisfied if the risk is so obvious that the official should have known of it.

*Barney*, 143 F.3d at 1307 n.5 (citing *Farmer v. Brennan*, 511 U.S. 825, 840–42 (1994)). Thus, the court held that Richardson and Ondricek were not *subjectively* deliberately indifferent because the court ruled that neither Richardson nor Ondricek "deliberately ignored a substantial risk to inmates . . . or knowingly created a substantial risk of constitutional injury." *Stella*, 2019 WL 4601611, at *15 (citing *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), and *Schneider*, 717 F.3d at 769). But this holding has no bearing on whether Davis County's inaction met the objective standard for deliberate indifference to a "highly predictable" or "plainly obvious" risk of violating the Plaintiffs' constitutional rights. *See Barney*, 143 F.3d at 1307–08. In fact, the court's prior decision explained that "the 'constructive notice' or 'objective' test applicable to municipalities does not apply to individual defendants," such as Richardson and Ondricek. *Stella*, 2019 WL 4601611, at *14. Therefore, Davis County is incorrect that the "same undisputed facts, the law, the arguments . . . and the Court's decision with respect to Richardson and Ondricek," *see* ECF No. 61 at 5, compel a grant of summary judgment in favor of Davis County on Plaintiffs' municipal liability cause of action.

Third, the court has already determined that there are genuine disputes of material fact concerning Plaintiffs' municipal liability claim, which preclude entering summary judgment for or against Davis County. Summary judgment may only be granted in favor of Davis County "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[D]isputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, the question of "[w]hether a local government has displayed a policy of deliberate indifference to the constitutional rights of its citizens is generally a jury question." *Gibson*, 290 F.3d at 1194–95; *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1320 (10th Cir. 2002) (finding that "[d]eliberate indifference . . . is a question for the jury" concerning a municipal liability claim involving Davis County's alleged failure to train); *Natale*, 318 F.3d at 584–85 (leaving for the jury to decide whether a county jail's "failure to establish a policy to address the immediate medication needs of inmates with serious medical conditions creates a risk that is sufficiently obvious as to constitute deliberate indifference to those inmates' medical needs").

In denying Plaintiffs' Motion for Partial Summary Judgment against Davis County, the court has already ruled that there are "disputed issues of material fact" concerning Davis County's municipal liability. *See Stella*, 2019 WL 4601611, at *18. A reasonable jury could find that Davis County's failure to enact a policy to ensure that jail nurses and staff have the essential training, tools, preparation, and authority to respond to the recurring medical needs of inmates who have medical emergencies after falling from their bunks—which the court found occurs "about once a month," *see id.* at *14—constitutes deliberate indifference to an obvious risk of constitutional violations and caused the alleged constitutional harm to Plaintiffs. *See, e.g., Farmer*, 511 U.S. at

836; *Canton*, 489 U.S. at 390; *Brown*, 520 U.S. at 409. Thus, there remain disputed issues of material fact that preclude the entry of summary judgment for Davis County.

### III.  ORDER

For the foregoing reasons, the court DENIES Davis County's Motion to Amend the court's interlocutory order denying summary judgment.

Signed September 21, 2020

BY THE COURT:

_____
Jill N. Parrish
United States District Court Judge