**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

CYNTHIA STELLA; ESTATE OF HEATHER MILLER,

    Plaintiffs - Appellees/Cross-Appellants,

v.

MARVIN ANDERSON,

    Defendant - Appellant,

and

SHERIFF TODD RICHARDSON,

    Defendant - Cross-Appellee,

and

DAVIS COUNTY; JAMES ONDRICEK,

    Defendants.

No. 19-4144
(D.C. No. 1:18-CV-00002-JNP-DBP)
(D. Utah)

---

CYNTHIA STELLA; ESTATE OF HEATHER MILLER,

    Plaintiffs - Appellants,

v.

SHERIFF TODD RICHARDSON,

    Defendant - Appellee,

and

No. 19-4157
(D.C. No. 1:18-CV-00002-JNP-DBP)
(D. Utah)

DAVIS COUNTY; JAMES ONDRICEK;
MARVIN ANDERSON,

    Defendants.

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **EID**, Circuit Judges.

Defendant Marvin Anderson has filed this interlocutory appeal to challenge the denial of qualified immunity in a civil-rights claim brought against him for the death of Heather Miller. Ms. Miller's estate and her mother, Cynthia Stella (Plaintiffs) claim that if Anderson, a nurse employed at the Davis County Jail in Farmington, Utah, had properly monitored Ms. Miller and her vital signs, he would have timely detected signs of severe injury. They filed suit against Anderson [1] under 42 U.S.C. § 1983[2] in the United States District Court for the District of Utah, claiming deliberate indifference to Ms.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The complaint also names other defendants. But the claims against other defendants are not at issue in this appeal. Plaintiffs argue that we have pendent jurisdiction of their cross-appeal challenging the summary judgment in favor of the Sheriff of Davis County. In light of our dismissal of Anderson's appeal, however, there can be no pendent jurisdiction.

[2] Plaintiffs also pleaded claims for violation of the Utah Constitution, asserting supplemental jurisdiction under 28 U.S.C. § 1367. Those claims are not at issue in this interlocutory appeal.

Miller's medical needs in violation of the Fourteenth Amendment. Anderson unsuccessfully moved for summary judgment on the basis of qualified immunity.

In this court Anderson again argues that he is entitled to qualified immunity. But we lack jurisdiction to consider his sole adequately briefed argument, because it raises only an issue of evidence sufficiency. We therefore dismiss the appeal.

## I. BACKGROUND

The essential facts are undisputed. Ms. Miller was arrested on December 20, 2016, on drug-related charges, booked into the Davis County Jail, and assigned a top bunk. She fell from that bunk the next evening and landed on the cement floor. Responding prison guards saw her writhing on the ground in pain. Ms. Miller's cellmate informed them that she had slipped off her bunk ladder while trying to get down for headcount, landing on her head and side. The cellmate reported that when Ms. Miller tried to get up, she fell again, this time into a table. She required assistance to rise from the cell floor.

Nurse Anderson was summoned to evaluate Ms. Miller. He did not carry any medical equipment but checked for obvious injuries like lacerations and bruising. Ms. Miller reported nausea, dizziness, and pain that was most severe on her left side. She also told Anderson that she was withdrawing from methamphetamine. Anderson did not take Ms. Miller's vital signs, even though it was his standard practice to do so at nearly every medical encounter. He instead gave her ibuprofen and directed that she be moved to a new cell with an open bottom bunk. The new cell was not in the medical unit,

because the only bed available there was in a cell that she would have to share with an inmate who was vomiting.

Transporting Ms. Miller proved difficult. She struggled to walk, taking roughly 20 seconds to walk 20 feet down the cellblock to the stairway. She ultimately required a wheelchair. Once she was in the new cell, Anderson did not order any medical observation but told Ms. Miller to call if her condition worsened. Anderson did not come back to check vitals or schedule any medical check-ins for that evening.

Ms. Miller's condition deteriorated. Guards observed her lying unresponsive on the floor only 40 minutes after the fall. She apparently remained there for nearly two additional hours, until a deputy noticed a cut on her chin and she was observed to be cold, sweating, and pale. Anderson was informed, and he instructed the officers to bring her to the medical unit. When Anderson saw her, he promptly directed that the paramedics be called and that she be taken to the hospital; while awaiting them, he attempted to take her vitals. En route to the hospital she went into cardiac arrest and was pronounced dead at the hospital about an hour after she departed the jail. An autopsy attributed the death to blunt-force trauma resulting in a ruptured spleen and 1.3 liters of internal bleeding.

## II. DISCUSSION

### A. Legal Background

#### 1. Elements of the Claim

The Supreme Court has long recognized "the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A federal prison official violates the Eighth Amendment by

4

exhibiting "deliberate indifference to a substantial risk of serious harm to an inmate." *Sawyers v. Norton*, 962 F.3d 1270, 1282 (10th Cir. 2020) (internal quotation marks omitted). Under the Fourteenth Amendment the same standard applies to state officials with respect to pretrial detainees. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

Deliberate indifference has both an objective and subjective component. *See id.* To satisfy the objective component the harm must be "sufficiently serious." *Id.* (internal quotation marks omitted). "[I]t is the harm claimed by the prisoner that must be sufficiently serious . . . and not solely the symptoms presented at the time the prison employee has contact with the prisoner." *Id.* (internal quotation marks omitted). Thus, the objective component is satisfied if the claim is that the prisoner died as a result of the prison official's conduct. *See id.* at 1088–89. To satisfy the subjective component, the official must have (1) known the inmate faced a "substantial risk of serious harm" and (2) "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

### 2. Qualified Immunity

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Callahan v. Unified Gov't of Wyandotte Cty.*, 806 F.3d 1022, 1026 (10th Cir. 2015) (internal quotation marks omitted). To overcome a qualified-immunity defense, a plaintiff must show that "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at

5

the time of the violation." *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1028 (10th Cir. 2020). Anderson concedes on appeal the clearly-established prong of his defense. He argues solely that he was not deliberately indifferent to Ms. Miller's medical needs.

### 3. Interlocutory Jurisdiction

"Because qualified immunity establishes immunity from suit rather than a mere defense to liability, a district court's denial of a claim of qualified immunity is immediately appealable under 28 U.S.C. § 1291." *Callahan*, 806 F.3d at 1026 (internal quotation marks and citation omitted). But "considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law." *Johnson v. Jones*, 515 U.S. 304, 317 (1995). These include "(1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, or (2) whether that law was clearly established at the time of the alleged violation." *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1267 (10th Cir. 2013) (internal quotation marks omitted). But we do not have jurisdiction over an interlocutory appeal of a district-court summary-judgment order that "determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial." *Johnson*, 515 U.S. at 313; *see id.* at 307 (interlocutory jurisdiction does not extend to "*fact*-related dispute[s] about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial."); *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (Gorsuch, J.).

6

### B. Application to this Case

Anderson purports to challenge the district court's analysis of both the objective and subjective components of the deliberate-indifference test. The opening brief's discussion of the objective component, however, appears to focus on whether he should have perceived the need for more attention than he gave Ms. Miller. This is more properly considered as addressing the subjective component of the test. After all, there is really no question about satisfaction of the objective component since the claim is that Ms. Miller *died* as the result of Anderson's inattention. *See Martinez*, 563 F.3d at 1088–89.

As for the subjective component of deliberate indifference, the thrust of Anderson's argument in his briefs is that the evidence did not suffice to establish his awareness of the need for greater attention to Ms. Miller—that is, the requisite state of his mind. Such an argument, of course, is precisely what is barred from consideration on interlocutory appeal by *Johnson*. Anderson is undoubtedly arguing evidence insufficiency. *See Castillo v. Day*, 790 F.3d 1013, 1021 (10th Cir. 2015) ("The question of what [the defendant] subjectively knew is a question of fact."); *see also Sawyers*, 962 F.3d at 1284–86 (this court lacked jurisdiction to review sufficiency of evidence of subjective knowledge).

Anderson does raise some questions that might be considered appropriate for consideration on an interlocutory appeal from denial of qualified immunity. But they are waived because they are inadequately argued on appeal. First, his opening brief states: "[T]he district court lowered [the subjective-knowledge] standard when it went beyond

7

an analysis of constitutional standards and looked to standards defined by state law, medical malpractice, and internal jail policy." Aplt. Br. at 19. But there is no follow-up to this conclusory statement. The brief does not identify an inference regarding Anderson's subjective knowledge that was made by the district court on the basis of standards that should not have been considered. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."); *cf. Bronson v. Swenson*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Next, Anderson states that the following proposition applies to this appeal: "[W]hen the version of events the district court holds a reasonable jury could credit is blatantly contradicted by the record, we may assess the case based on our own *de novo* view of which facts a reasonable jury could accept as true." *Lewis*, 604 F.3d at 1225–26 (internal quotation marks omitted). Again, there is no follow-up. The brief does not state what unimpeachable evidence blatantly contradicts the district court's ruling.

Finally, Anderson argues that the district court erred when it declined to consider six factual assertions as undisputed under Fed. R. Civ. P. 56(e)(2) because Plaintiffs failed to specifically contest them at the summary-judgment stage. Rule 56(e) "set[s] out the ways in which a court may exercise its discretion when a party fails . . . to properly address another party's assertion of fact" during briefing on a motion for summary judgment. 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2728 at 538 (4th ed. 2016). Considering uncontested facts as undisputed under Rule 56(e)(2) is

8

just one of four options that Rule 56(e) affords to district courts.[3] We question whether we have jurisdiction under *Johnson* to review the exercise of judicial discretion under this Rule (or similar rulings regarding the admissibility of evidence, *see* 15A Charles Alan Wright et al., *Federal Practice and Procedure* § 3914.10 at 612 (2d ed. Supp. 2019)). But at any rate, Anderson has waived consideration of this issue by failing to make any argument why the only proper response to Plaintiffs' failure to object is to deem the factual assertions to be undisputed.

### III.  CONCLUSION

Lacking jurisdiction to consider any of Anderson's unwaived arguments, we **DISMISS** these appeals.

                                            Entered for the Court

                                            Harris L Hartz
                                            Circuit Judge

---

[3] Fed. R. Civ. P. 56(e) states in full:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.