Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>  Plaintiffs, | **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE: COMPARISONS OF CONSTIUTIONAL CLAIMS WITH NEGLIGENCE AND MEDICAL MALPRACTICE CLAIMS** |
| v. | Case No: 1:18-cv-002 |
| DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>  Defendants. | Judge:  Jill Parrish |

Plaintiffs, by and through counsel of record, hereby submits this motion to exclude any arguments comparing the relative standards of constitutional violations with negligence or medical malpractice claims. Plaintiffs have only alleged constitutional claims in this matter, and

1

the comparisons between the present case and medical malpractice or negligence claims will lead to confusion.

## INTRODUCTION

Plaintiffs have alleged two claims against the Defendants: (1) violation of the right to medical care guaranteed by the Fourteenth Amendment to the United States Constitution; and (2) violation of the protection to be free from "unnecessary rigor" provided by the State Constitution. Plaintiffs do not, and have not, alleged negligence or medical malpractice claims in this case.

Still, Defendants intend to discuss negligence and medical malpractice and compare the two to the deliberate indifference/flagrant violation standards for constitutional violations. The argument is likely to confuse a jury and should be excluded.

## ARGUMENT

**I.  Discussing negligence and medical malpractice, claims not presented in this case, is likely to confuse the jury as to the appropriate standard.**

Both the federal and state constitutional claims require a showing that the violation was in some form intentional and not mistaken. For the Fourteenth Amendment, the proper standard is deliberate indifference. For the state constitutional claims, Plaintiffs must instead prove a flagrant violation.

Defendants intend to raise the relevant standards for negligence and medical malpractice to illustrate the heightened burden required for both deliberate indifference and flagrant violation. However, these arguments are only likely to confuse a jury. Deliberate indifference, while more than just mere negligence, is its own well rounded and defined standard. There is no need to teach the jury, who are likely unfamiliar, the standard for negligence and the standard for

2

medical malpractice for the sole purpose of then clarifying deliberate indifference/flagrant violation is more than both of these two standards. Defendants' proposed arguments are only likely to confuse a jury as to the different standards applicable. The likelihood for confusion, coupled with its limited probative value, justifies excluding any comparisons between the present constitutional claims and any claims not present before the jury.

## MEET AND CONFER

The parties met and conferred through emails between December 20 and December 28th. The parties were able to reach an agreement on some topics but not to the present dispute.

## CONCLUSION

Plaintiffs request the Court bar any comparisons between the constitutional claims and their standards with other claims which will not be presented to the jury.

DATED this 28th day of December, 2021.

                                                    BACZYNSKI LAW, PLLC

                                                    /s/ Daniel Baczynski
                                                    Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on this 28th day of December, 2021, I caused **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE: COMPARISONS OF CONSTIUTIONAL CLAIMS WITH NEGLIGENCE AND MEDICAL MALPRACTICE CLAIMS** to be filed with the Court through its ECF filing system, with service provided to the following:

>Jesse C. Trentadue
>Noah M. Hoagland
>Michael W. Homer
>Sarah E. Jenkins
>jesse32@sautah.com
>nhoagland@sautah.com
>mhomer@sautah.com
>sjenkins@sautah.com
>SUITTER AXLAND, PLLC
>8 East Broadway, Suite 200
>Salt Lake City, Utah 84111
>Tel: (801) 532-7300
>Fax: (801) 532-7355

/s/     Daniel Baczynski