Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER, <br><br>       Plaintiffs, <br><br><br> v. <br><br><br> DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK, <br><br>       Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING NON-DISCLOSURE OF DAMAGE COMPUTATIONS (ECF 86)** <br><br><br> Case No:  1:18-cv-002 <br><br><br> Judge:   Jill Parrish |

**<u>INTRODUCTION</u>**

Defendants knew from the very start of the matter that Plaintiffs intended to pursue at

least $3,000,000 in non-economic damages. Plaintiffs indicated as much in their originally Rule

26 Disclosure. Other than to request evidence of "pain and suffering", Defendants conducted no

1

discovery into the computation for non-economic damages. Throughout the multi-year history of the case, Defendants never argued, as they do know, that Rule 26 now required a computation because Plaintiffs proposed a specific figure for hedonic harm.

Defendants' objection was never raised as an issue until November 19, 2021, when in preparation for the upcoming trial, Plaintiffs supplemented their initial disclosures to identify they will make a per diem argument on their claims for hedonic damages. Plaintiffs had previously disclosed that their claims for non-economic damages would exceed $3,000,000 but did not otherwise provide expound on the damages theory because Rule 26 does not require a computation for non-economic damages. That is because hedonic damages "may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)[ (A)(iii) ]." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000). Though not required, Plaintiffs still disclosed their per diem argument for Defendants' benefit.

Now, two months later, Defendants argue Plaintiffs should be precluded from "suggesting to the jury a specific sum of money to award to them as their general and/or punitive damages" because they do not have a computation.[1] But Defendants already have the computation. Plaintiffs have disclosed they intend to seek at least $3,000,000 in hedonic damages and that loss of life will be calculated on with a per diem argument premised on Miller's life expectancy (53.88 years). The equation is (value of year of life) x 53.88 years for hedonic damages, with a year of life valued greater than or equal to $56,603.77 (for a total of $3,000,000).

---

[1] Defendants also request that Plaintiffs be barred from pursuing damages for funeral costs and loss of support. Plaintiffs have abandoned these categories of damages and stipulates to the relief.

Consequently, there is no reason to exclude Plaintiffs' ability to even suggest a number to the jury. And even if Defendants have suffered some prejudice, it can all be cured through the Court's recent re-opening of fact discovery and continuance of trial.

## ARGUMENT

I. **Plaintiffs were not required to produce any better a computation for non-economic damages, including hedonic damages.**

Rule 26 requires plaintiffs to provide a computation of damages. Providing such a computation for economic damages is generally a straightforward path. Non-economic losses, however, are another matter entirely. "Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)[ (A)(iii)." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000).

The Tenth Circuit has recognized the same, noting:

> Attempts to quantify the value of human life have met considerable criticism in the literature of economics as well as in the federal court system. Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissable.

*Smith v. Ingersoll-Rand, Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000).

Due to the non-concrete nature of non-economic damages, particularly damages for loss of consortium and hedonic damages, courts have regularly refused to allow even experts to testify regarding the monetary value of life lost. See *Herrera v. City of Roswell*, 2013 U.S. Dist. LEXIS 196366 (D. NM 2013) ("Plaintiff expert economist shall not be permitted to provide any opinions regarding any dollar values or range of values attributable to a statistical life or the life

of the decedent."); *Smith v. Auto-Owners Insurance Company*, 2017 U.S. Dist. LEXIS 115937 (D. N.M. 2017) ("The Tenth Circuit and numerous cases from this District have excluded expert testimony on hedonic damages from an economist who attempts to testify to a specific dollar figure, benchmark figures, or a range of values to be used in calculating such damages").

Yet while experts are unqualified to calculate the value of a life, Defendants propose that Plaintiffs, lay people, must create an equation that provides for such a computation. Courts are, as Defendants admit, conflicted on the issue, but the better path is to find Rule 26 does not require a computation of non-economic damages. *Tom v. Sherman Bros. Heavy Trucking*, 2013 U.S. Dist. LEXIS 192701 (D. NM 2013) (excluding testimony on life but allowing counsel to propose a number during closing); *Lucas v. Transamerica Life Ins. Co.*, No. 5:10-CV-76-KKC, 2011 WL 5148883, at *1 (E.D. Ky. Oct. 21, 2011) (requiring Plaintiffs to merely identify an amount—either a specific sum or a range—to be sought as to each non-economic category). Providing a number sufficiently puts defendants on notice as to the relative value of the claim.

The same applies to Plaintiffs' claims for punitive damages. Defendant complains that punitive damages have not been computed, but calculating punitive damages is firmly within the jury's province. Juries are allowed to consider multiple factors, including the defendants' net worth, when determining a punitive damages award. Because all pertinent information is not held by the plaintiff (i.e. net worth), courts have generally refused to compel computations of punitive damages. See *Breen v. Black*, No. 15-CV-0168, 2016 WL 4268957, at *7 (D. Wyo. July 6, 2016) ("Courts typically do not require computations for punitive damage because they are difficult to quantify"); *McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507-JED-PJC, 2014 WL 314777, at *2 (N.D. Okla. Jan. 28, 2014).

4

**II.    To the extent further disclosure was required and Defendants suffered prejudice, any prejudice can be cured where the Court has granted Defendants' request to reopen discovery and the trial has been continued.**

If Plaintiffs' disclosure was untimely or deficient, the Court should still allow Plaintiffs; damage theories because the delay was "harmless". Fed. R. Civ. P 37(c)(1). When weighing harm, the 10th Circuit has advised courts to consider "the prejudice of surprise to the party against whom the testimony is offered" and "the ability of the party to cure the prejudice". *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Defendants do not allege any specific prejudice caused, but to the extent some exists, re-opening discovery provides a sufficient opportunity to cure the prejudice. See *Woodworker's Supply, Inc*, 170 F.3d at 993 (the Tenth Circuit upheld trial court's decision not to exclude new damage theory, noting court gave the prejudiced party "a significant opportunity to cure any resulting prejudice by cross-examining Mr. Wirth outside the presence of the jury".).

## CONCLUSION

Plaintiffs respectfully request that the Court deny the motion in limine and not exclude Plaintiffs' theories on damages.

DATED this 4th day of January, 2021.

BACZYNSKI LAW, PLLC

/s/ Daniel Baczynski
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on this <u>January 5, 2022</u>, I caused **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING NON-DISCLOSURE OF DAMAGE COMPUTATIONS (ECF 86)** to be filed with the Court through its ECF filing system, with service provided to the following:

> Jesse C. Trentadue
> Michael W. Homer
> Sarah E. Jenkins
> jesse32@sautah.com
> mhomer@sautah.com
> sjenkins@sautah.com
> SUITTER AXLAND, PLLC
> 8 East Broadway, Suite 200
> Salt Lake City, Utah 84111
> Tel: (801) 532-7300
> Fax: (801) 532-7355

/s/      Daniel Baczynski

6