FILED
2022 MAR 14 PM 2:07
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE REGARDING AUTOPSY PHOTOGRAPHS**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") to prohibit plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") from offering photographs of Heather Miller's ruptured spleen as evidence at trial. ECF No. 85.

Defendants object to the photographs under Federal Rules of Evidence 402 and 403. Defendants argue that the photographs are highly prejudicial, inflammatory, and misleading because Plaintiffs enlarged, what in Defendants' estimation, is an already gruesome set of photographs. Moreover, Defendants argue that the photographs are irrelevant because the ruptured spleen is not in dispute and is thoroughly documented in other exhibits. Plaintiffs argue that the photographs demonstrate the size of the rupture and evidence the rate of internal bleeding, both of which are relevant to how quickly Heather Miller's vital signs would have reflected internal bleeding. Plaintiffs further note that the enlarged photographs of the spleen include a size scale to avoid any chance of misleading the jury.

Federal Rule of Evidence ("Rule") 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable . . . and . . . the fact is of consequence in determining the action." FED. R. EVID. 401(a)-(b). Relevant evidence is generally admissible, except when it is otherwise excluded by law or rule. *Id.* at 402. And Rule 403 allows a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 "creates a presumption of admissibility." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002); *see also United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998) ("The presumption is in favor of admission." (citation omitted)).

Here, the autopsy photographs are relevant to determining whether Heather Miller's injury would have become obvious through medical monitoring. They are further relevant to assist the jury in evaluating expert witnesses offered by each side that reach opposite conclusions on that very question. *See United States v. Oldman*, 979 F.3d 1234, 1250 (10th Cir. 2020) ("District courts . . . typically have discretion to admit graphic photos that add relevant detail or support relevant medical testimony."); *see also United States v. Naranjo*, 710 F.2d 1465, 1468-69 (10th Cir. 1983) (admitting photos to assist in autopsy testimony); *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir. 1998) ("Though admittedly unpleasant, the photographs illuminated and clarified the forensic pathologist's testimony."). Therefore, the evidence is probative.

And the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. The photographs of Heather Miller's spleen are not particularly gruesome. They contain no full body image of a deceased person. Rather, they include only an image of the specific body part at issue. Indeed, the photographs are more akin to an image found in a medical

textbook than one depicting a gruesome bodily trauma. Accordingly, the court is not concerned that the photographs will trigger such an emotional response in jurors as to substantially outweigh their probative value.

And even if the photographs at issue were gruesome, "gruesomeness alone does not make photographs inadmissible." *Naranjo*, 710 F.2d at 1468. Rather, photographs must be "flagrantly or deliberately gruesome depictions" with little probative value in order for them to be inadmissible. *Id.* at 1469. These photographs do not meet that standard. Indeed, the Tenth Circuit has permitted significantly more graphic photographs. *See, e.g.*, *United States v. Treas-Wilson*, 3 F.3d 1406, 1410 (10th Cir. 1993) (admitting a photograph of a "stab wound below the victim's right ear and the deep incision across his neck"); *Naranjo*, 710 F.2d at 1468-69 (admitting photograph of individual shot in the face).

Finally, the court is not concerned about misleading the jury. Defendants argue that the photographs of the spleen are larger than scale and therefore will mislead the jury. But the images contain a scale. The court trusts that a jury can understand the concept of applying a scale. To the extent Defendants are concerned about this point, they can clarify the scale of the photographs through cross-examination.

Accordingly, the court DENIES Defendants' motion in limine.

DATED March 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge