FILED
2022 MAR 14 PM 2:08
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE REGARDING NON-DISCLOSURE OF DAMAGE COMPUTATIONS**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") seeking sanctions against plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") for failing to provide a damages computation for each of their claims for damages. ECF No. 86. Specifically, Defendants move to bar Plaintiffs from requesting damages for funeral expenses or loss of support. Moreover, Defendants move to preclude Plaintiffs from suggesting a specific sum to the jury for purposes of their general or punitive damages.

## LEGAL STANDARD

Rule 26(a) requires that parties make certain initial disclosures, including disclosing "a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). It further requires that the parties provide "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Id.*

## ANALYSIS

### I.     FUNERAL COSTS AND LOSS OF SUPPORT

As an initial matter, Plaintiffs have elected not to seek damages for funeral costs and loss of support. *See* ECF No. 111, at 2 n.1. Accordingly, Plaintiffs stipulate to the relief requested by Defendants regarding these forms of damages. *Id.* The court GRANTS Defendants' motion in limine with respect to funeral expenses and loss of support damages.

### II.    GENERAL NONECONOMIC DAMAGES

Defendants further request that the court bar Plaintiffs from suggesting any specific value for their general damages, which encompass pain and suffering, premature loss of life, and loss of consortium, based on Plaintiffs' failure to provide a specific computation of such damages. The Tenth Circuit has not advised district courts on the level of detail required in a calculation for noneconomic damages. But it has noted the difficulty in precisely calculating noneconomic damages:

> Attempts to quantify the value of human life have met considerable criticism in the literature of economics as well as in the federal court system. Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissible.

*Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000).

Looking beyond the Tenth Circuit, the Fifth Circuit noted in dicta that "[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C) [now Rule 26(a)(1)(A)(iii)]." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000). And other district courts that have specifically analyzed the disclosure requirements of Rule 26(a)(1)(A)(iii) have determined that the rule does not

require a precise calculation of noneconomic damages. *See Brower v. Sprouts Farmers Mkt., LLC*, No. 1:16-cv-1334, 2017 WL 3397374, at *2 (D.N.M. Aug. 8, 2017) (relying on *Smith* to rule that Rule 26 does not require a plaintiff to disclose an exact dollar amount for noneconomic damages); *Olsen v. Owners Ins. Co.*, No. 18-cv-1665, 2019 WL 2502201, at *11 (D. Colo. June 17, 2019) ("Rule 26(a)(1)(A)(iii) does not require either a computation or total amount of garden-variety non-economic damages."); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) ("[D]istrict courts have frequently denied motions to compel computations of emotional distress . . . damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'" (quoting *Anderson v. United Parcel Serv.*, No. 09-2526, 2010 WL 4822564, at *10 & n.33 (D. Kan. Nov. 22, 2010) (collecting cases))); *but see Lucas v. Transamerica Life Ins. Co.*, No. 5:10-cv-76, 2011 WL 5148883, at *1 (E.D. Ky. Oct. 21, 2011) ("Rule 26(a)(1)(A)(iii) is unambiguous—it applies to *each* category of damages claimed; it is not limited to economic damages.").

However, to the extent that Plaintiffs intend to suggest a per diem calculation predicated on a particular life expectancy to the jury, Plaintiffs must provide that calculation. Defendants are entitled to conduct discovery related to the foundation for the life expectancy calculation. Outside of the aforementioned discovery, the court sees no value to conducting discovery as to the admittedly arbitrary non-economic damages amount that Plaintiff's counsel selects to suggest to the jury.[1]

---

[1] Plaintiffs' noneconomic damages include pain and suffering, premature loss of life, and loss of consortium. The court sees no value, for example, to conducting discovery on the specific dollar amount value of Miller's consortium to Stella. Such amounts are inherently difficulty to quantify. *Crocker v. Sky View Christian Acad.*, No. 3:08-cv-479, 2009 WL 77456, at *2 (D. Nev. Jan. 8, 2009) ("[B]ecause emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the emotional suffering they experienced, not through they [sic] type of documentary

3

In sum, to the extent Plaintiffs intend to seek a dollar amount without suggesting any underlying calculations, the court DENIES Defendants' motion. But if Plaintiffs wish to suggest a per diem amount to the jury then Plaintiffs must amend their disclosure to include their per diem computation. Should Plaintiffs wish to seek a per diem amount in noneconomic damages, Plaintiffs must serve within fourteen days a computation for noneconomic damages in compliance with Rule 26(a)(1)(A)(iii). Defendants may then issue expedited written discovery requests related to the computation. Plaintiffs will have seven days to respond.

### III.    PUNITIVE DAMAGES

Defendants object to Plaintiffs' lack of computation for punitive damages for largely the same reasons discussed above. But courts have uniformly declined to require a computation of punitive damages. *See McCrary v. Country Mut. Ins. Co.*, No. 13-cv-507, 2014 WL 314777, at *2 (N.D. Okla. Jan. 28, 2014) ("In considering a punitive damage award, the jury usually considers the net worth of the wrongdoer, and net worth is generally determined from financial records that are in the possession of the Defendant. A party is not required to provide a calculation of damages when that calculation depends on information in the possession of another party."); *Melo-Fernandez v. Bearden*, CV 20-0081, 2020 WL 7353880, at *3 (D.N.M. Dec. 15, 2020) ("[C]omputations of . . . punitive damages are issues for the factfinder and are not discoverable."); *E.E.O.C. v. Gen. Motors Corp.*, No. 3:06-cv-19, 2009 WL 910812, *3 n.1 (S.D. Miss. Apr. 1, 2009) (finding that "a claim for punitive damages, as it is an issue for the jury,

---

evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages. Accordingly, the court finds that Plaintiffs did not err in failing to provide a computation of their alleged emotional damages." (citations omitted)). Moreover, the dollar amount that Plaintiffs intend to suggest may increase or decrease during trial, depending on how their case develops. As such, requiring Plaintiffs to disclose a calculation of the noneconomic damages prior to trial—a number that Plaintiffs openly admit they invented based solely on their perception of the value of this case—would serve little purpose.

4

is . . . not amenable to a specific calculation under Rule 26 and, therefore, that the EEOC is not barred from seeking such damages based on its failure to provide a specific computation in its disclosures"); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (denying motion to compel a computation of a plaintiff's punitive damages on the basis that it is an issue for the factfinder); *see also* FED. R. CIV. P. 26 advisory committee's note to 1993 amendment ("[A] party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person.").

Accordingly, the court DENIES Defendants' motion as to punitive damages.

## CONCLUSION

The court GRANTS Defendants' motion as to funeral expenses and loss of support damages. The court DENIES Defendants' motion as to punitive damages. Should Plaintiffs wish to seek a specific per diem amount in noneconomic damages, the court ORDERS Plaintiffs to amend their disclosure to include their computation in compliance with Rule 26(a)(1)(A)(iii) within fourteen days of this order. To the extent Plaintiffs no longer wish to suggest a per diem amount in noneconomic damages but instead intend suggest a fixed amount without any underlying calculation, the court DENIES Defendants' motion as to noneconomic damages.

DATED March 14, 2022.

BY THE COURT

Jill N. Parrish
United States District Court Judge