FILED
2022 MAR 14 PM 2:08
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN OPINIONS OF AUSTEN ROGERS**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") to prohibit plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") from offering certain opinions voiced by Austen Rogers ("Rogers") about nurses at the Davis County Jail. ECF No. 89.

Davis County Jail employed Rogers as a clerk during Heather Miller's incarceration. During its investigation, the Utah Attorney General's Office interviewed Rogers. Rogers offered two opinions that Defendants seek to bar. First, Rogers told investigators that jail nurses were lazy. Second, Rogers reported that a week prior to Heather Miller's death, he observed nurses took "forever" to respond to an inmate experiencing a seizure. Defendants object to Rogers's opinions as irrelevant, highly prejudicial, and improper character evidence.

The court previously addressed this issue at the summary judgment stage. It sustained Defendants' objection to identical evidence and stated that "Clerk Rogers' opinions on the general character of the nurses at the Davis County Jail, including any opinion he may have about Nurse

Anderson, are simply not relevant to whether Nurse Anderson was deliberately indifferent to Miller's medical needs." ECF No. 60, at 10-11.

Perhaps in recognition of the court's prior order, Plaintiffs stipulate to Defendants' request to exclude the two opinions cited by Defendants. Specifically, Plaintiffs state that they "will not ask Clerk Rogers whether he thinks the nurses are lazy or discuss the prior medical call that occurred a week prior to Ms. Miller's death." ECF No. 131, at 1-2. Plaintiffs, however, do intend to ask Clerk Rogers about his observations of Heather Miller and Nurse Anderson, including his opinion that he thought Miller should have been taken to the hospital immediately after the bunk fall. Because Defendants do not seek to bar that testimony, the court need not address it here. Should Defendants object to this line of questioning, they may raise their objections during trial.[1]

Accordingly, the court GRANTS Defendants' motion in limine.

DATED March 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] The court notes, however, that it has already found relevant Rogers's opinion as to whether he thought Miller should have been taken to the hospital immediately after the bunk fall. *See* ECF No. 60, at 10. Accordingly, should Defendants wish to object to admission of this evidence at trial, they must identify a different basis for their objection.