FILED
2022 MAR 14 PM 2:08
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE REGARDING WRITTEN PROTOCOLS**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") to prohibit plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") from offering evidence of Davis County Jail's decision to reinstate written medical treatment protocols following Heather Miller's death. ECF No. 90.

At the time of Heather Miller's death, Davis County Jail did not have a written policy regarding medical treatment protocols, including protocols for checking vital signs and monitoring incarcerated people in need of medical assistance. However, following Heather Miller's death and another incident at the jail, Sheriff Richardson elected to reinstate written medical treatment protocols to improve the quality of care delivered to individuals at the jail. Specifically, Jail Policy 405.10 required treatment protocols to be developed and Sheriff Richardson placed Nurse Ondricek in charge of developing the protocols. Defendants object to the admission of evidence

related to the decision to institute written medical treatment protocols as a subsequent remedial measure, inadmissible under Federal Rule of Evidence 407.

Plaintiffs stipulate to Defendants' request to exclude the decision to reinstate written medical treatment protocols. Specifically, Plaintiffs state that they "do not intend to raise changes to protocols following Ms. Miller's death, <u>so long as</u> Defendants do not argue that it was impossible to operate the jail with written medical treatment protocols." ECF No. 132, at 1. Plaintiffs represent that Defendants would not agree to these terms during the meet and confer.

Plaintiffs' stipulation comports with the boundaries of Federal Rule of Evidence 407. Rule 407 provides that evidence of remedial measures taken after "an earlier injury or harm" is not admissible to prove "culpable conduct." "But," the Rule provides, "the court may admit this evidence for another purpose, such as . . . —if disputed—proving . . . the feasibility of precautionary measures." Therefore, Plaintiffs may bring in the protocols as evidence of feasibility only to the extent that Defendants controvert the feasibility of written medical treatment protocols. Indeed, at oral argument Defendants conceded that if Dr. Tubbs states that providing written nursing protocols for Miller's scenario was not feasible, then Defendants have opened the door to Plaintiffs using the written protocols to attack that argument. But if Defendants do not raise the feasibility of such protocols, Plaintiffs' stipulation to exclude evidence of the protocol changes stands.

Accordingly, the court GRANTS Defendants' motion in limine on the condition that Defendants not suggest that written protocols addressing Miller's scenario were infeasible.

DATED March 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge