FILED
2022 MAR 14 PM 2:08
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE COMPARISONS OF CONSTITUTIONAL CLAIMS WITH NEGLIGENCE AND MEDICAL MALPRACTICE CLAIMS**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") to prohibit defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") from offering any argument comparing the relative standards of constitutional violations with negligence or medical malpractice claims. ECF No. 92.

Plaintiffs argue that Defendants will confuse the jury by comparing the negligence and medical malpractice standards to the deliberate indifference standard for federal constitutional violations and the flagrant violation standard for state constitutional violations. Moreover, Plaintiffs argue that discussion of the negligence and medical malpractice standards adds very little probative value because they are not relevant to either the deliberate indifference or flagrant violation standards. Defendants counter that referencing the negligence standard is relevant because Plaintiffs have made negligence an issue in this case by offering expert testimony that

includes references to negligence and medical malpractice on the part of Anderson. Therefore, Defendants contend that the court should permit them to explain to the jury that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Generally, this court agrees with Plaintiffs that discussion of negligence and medical malpractice standards are not relevant to resolving a constitutional claim that requires a showing of deliberate indifference. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." (citing *Estelle*, 429 U.S. at 105-06)). But, here, the expert report submitted by Plaintiffs' expert, Deborah Schultz, suggests that she may offer opinions related to whether Anderson engaged in negligence or medical malpractice. Specifically, Deborah Schultz states that Anderson's actions failed to comply with the standard of care set forth in the Utah Nurse Practice Act and that his actions "could also be construed as medical malpractice." ECF No. 105-1, at 2-3. Should Shultz testify to these opinions at trial, the court will permit Defendants leeway to rebut any misimpression that negligence constitutes a constitutional violation. However, if Schultz does not offer any opinions related to negligence or medical malpractice (which Plaintiffs suggested at oral argument would be the case), any discussion of the negligence and medical malpractice standards by Defendants would be irrelevant and thus inadmissible. *See* FED. R. EVID. 402.

Additionally, Defendants' response includes two suggested jury instructions that explain the relationship between the negligence and deliberate indifference standards and instruct on qualified immunity. But this motion in limine is not the proper venue for arguments regarding

2

proposed jury instructions. Instead, the court will consider arguments as to jury instructions in the briefing related to proposed jury instructions. Accordingly, the court takes no position on the proposed jury instructions in this order.

In sum, Plaintiffs' motion is premature. If Defendants attempt to compare the constitutional claims and their standards with negligence or medical malpractice standards, without Plaintiffs first raising negligence or medical malpractice standards, Plaintiffs may move for exclusion at that time. But because the court does not yet know what opinions Schultz will offer at trial, the court DENIES Plaintiffs' motion in limine at this time.

DATED March 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge