FILED
2022 MAR 14 PM 2:09
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER, <br><br> Plaintiffs, <br> v. <br><br> DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTIONS IN LIMINE REGARDING ARREST AND METHAMPHETAMINE WITHDRAWAL EVIDENCE** <br><br> Case No. 1:18-cv-00002-JNP-DBP <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Dustin B. Pead |

Before this court are two motions brought by plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") to prohibit defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") from offering evidence related to the arrest and charges that led to Miller's incarceration at Davis County Jail [ECF No. 95] and expert testimony regarding the symptoms of methamphetamine withdrawal and an explanation of the methamphetamine metabolite found during Miller's autopsy [ECF No. 96]. Because Defendants respond to both motions in a combined memorandum, the court addresses the motions together.

**LEGAL STANDARD**

Federal Rule of Evidence ("Rule") 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable . . . and . . . the fact is of consequence in determining the action." FED. R. EVID. 401(a)-(b). Relevant evidence is generally admissible, except when it is otherwise excluded by law or rule. *Id.* at 402. And Rule 403 allows a court to

exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 "creates a presumption of admissibility." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002); *see also United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998) ("The presumption is in favor of admission." (citation omitted)).

## ANALYSIS

### I. ARREST AND CHARGES

Plaintiffs argue that Miller's arrest record is not relevant under Rule 401 because Nurse Anderson did not rely on Miller's arrest record or charges when evaluating her medical condition. Moreover, Plaintiffs argue that Miller's arrest record is prejudicial because it (1) includes evidence of potential drug use, and (2) includes evidence of pending criminal charges.

Defendants offer no argument as to why the court should admit Miller's arrest record or charges. Indeed, Defendants concede several times that Nurse Anderson relied on Miller's representation that she was undergoing methamphetamine withdrawal in assessing her symptoms. *See* ECF No. 122, at 5, 6. Defendants never suggest that Nurse Anderson relied on Miller's arrest and charging records, or even knew about Miller's arrest and charging records, when diagnosing and treating Miller. Indeed, Defendants have failed to offer any reason why Miller's arrest or charging records are relevant to their case. Accordingly, the court GRANTS Plaintiffs' motion in limine regarding the two documents attached to Plaintiffs' motion in limine, Miller's arrest information sheet and felony arrest form.

Plaintiffs further argue that the court should exclude any evidence of the specific crimes with which Miller was charged. Because Defendants have failed to provide the court with any

basis for denying the motion as to disclosure of the specific crimes for which law enforcement cited Miller, the court further excludes that evidence. The court directs that the parties may disclose that Miller was incarcerated following an arrest and citation for misdemeanor crimes but may not enumerate the charged crimes. At the same time, there is no way to remove the specter of drug use from the entire trial; accordingly, the court refers the parties to its order on ECF No. 91 for a discussion of the admissibility of Miller's drug use generally.

## II.     METHAMPHETAMINE WITHDRAWAL

Plaintiffs also argue that Defendants have failed to include any indication in their expert report or disclosure that their expert, Dr. Tubbs, would testify regarding symptoms of methamphetamine withdrawal, whether Miller was suffering from methamphetamine withdrawal, or extrapolate from the methamphetamine metabolite found in Miller's autopsy that Miller was withdrawing from methamphetamine usage. Plaintiffs argue that the lack of prior disclosure requires exclusion of these opinions.

Defendants contend that Dr. Tubbs did include the relevant matters within the scope of his expert report. Defendants further urge that Nurse Anderson, as a lay witness, and Dr. Erik Christensen, as a fact witness, should be permitted to speak to the symptoms of methamphetamine withdrawal and the import of the methamphetamine metabolite found during Miller's autopsy.

But Plaintiffs only moved to exclude *expert* testimony as to methamphetamine withdrawal and methamphetamine metabolite found in Miller's autopsy. To that end, Plaintiffs do not attempt to limit the scope of Nurse Anderson's or Dr. Christensen's testimony. Nor do Plaintiffs attempt to exclude all reference to Miller's methamphetamine use, as Defendants suggest. Accordingly, absent any request from the moving party, the court makes no ruling as to

the scope of Nurse Anderson's and Dr. Christensen's testimony related to methamphetamine usage, nor on the discussion of methamphetamine withdrawal as an element of cross-examining Stella or Dr. Starr.

Returning to the narrow exclusion requested by Plaintiffs, the court now considers whether to limit the scope of Dr. Tubbs's expert testimony. Federal Rule of Civil Procedure 26(a)(2)(B) requires that a party must submit each retained expert's written report, which must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." "Such disclosure is necessary to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). "A party is under a continuing duty to supplement the expert report if there are additions or changes to what has been previously disclosed." *Id.* at 952. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness" at trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Plaintiffs first argue that the court should exclude Dr. Tubbs's testimony regarding symptoms of methamphetamine withdrawal. Dr. Tubbs references a few symptoms of methamphetamine withdrawal in passing. He states that "[m]ethamphetamine can increase heart rate" and "can alter a person's pain tolerance and [cause] mental status changes." ECF No. 96-1, at 5. However, Dr. Tubbs never suggests that his opinions include a comprehensive expert explanation of methamphetamine withdrawal symptoms. *See Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, No. CIV-04-390, 2005 WL 3558663, at *9 (W.D. Okla. Dec. 29, 2005) (contemplating that an expert report be "comprehensive" and a "definitive disclosure of the

testimony . . . of the expert"); *Scholl v. Pateder*, No. 1:09-cv-2959, 2011 WL 3684779, at *2 (D. Colo. Aug. 22, 2011) ("[E]xpert disclosures must be 'detailed and complete,' and not 'sketchy and vague.'" (quoting FED. R. CIV. P. 26(a)(2) advisory committee's note)). Indeed, this court previously found that "[n]either Plaintiffs nor Defendants have offered any evidence as to the symptoms associated with methamphetamine withdrawal" even while in receipt of Dr. Tubbs's declaration. *Stella v. Davis Cnty.*, No. 1:18-cv-2, 2019 WL 4601611, at *1 n.2 (D. Utah Sept. 23, 2019). Moreover, the "Summary of Opinions" included at the end of Dr. Tubbs's declaration does not include any discussion of methamphetamine withdrawal. Rather, the summary section focuses on his opinions as to whether Nurse Anderson engaged in the appropriate level of care and his opinions regarding the medical protocol, or lack thereof, at Davis County Jails during Miller's death.

And, equally important, Dr. Tubbs provides no data to support his limited references to methamphetamine withdrawal symptoms. *See In re Breast Implant Litig.*, 11 F. Supp. 2d 1217, 1234 (D. Colo. June 3, 1998) ("[A]n expert cannot establish that a fact is generally accepted merely by saying so." (citation omitted)); *Reed v. Binder*, 165 F.R.D. 424, 428 n.6 (D.N.J. 1996) (an expert report should indicate "'what' the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed"). Indeed, "[t]o satisfy Fed. R. Civ. P. 26(a)(2)(B) the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997). It is not adequate to "simply say[] they are based upon the education, training, and experience of [the witness]." *Id.* Such a rationale "says nothing . . . as to how [an expert] reaches her expert opinions." *Id.* Accordingly, the court finds that Dr. Tubbs has not provided adequate notice as to his opinions on methamphetamine withdrawal symptoms.

Plaintiffs next argue that the court should exclude Dr. Tubbs's testimony as to whether Miller was suffering from methamphetamine withdrawal prior to her death. Dr. Tubbs never states an opinion as to whether Miller was withdrawing from methamphetamine use. He refers to Miller's "potential drug withdrawal symptoms" and her "complaints arising from Methamphetamine withdrawal." ECF No. 96-2, at 10. But he never states that it is his expert opinion that she was actively going through withdrawal. Nor does he provide the facts or data he would have considered in making that diagnosis. *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) ("The written [expert] report should explain 'how' and 'why' the expert reached the opinions he or she intends to offer at trial."). Therefore, to the extent Defendants plan to call Dr. Tubbs to testify that Miller was suffering from methamphetamine withdrawal prior to her death, Defendants have not complied with the disclosure requirements of Rule 26.

Finally, Plaintiffs argue that the court should exclude any expert opinion on the methamphetamine metabolite found in Miller's body during the autopsy. Dr. Tubbs's report makes no reference to the methamphetamine metabolite found during Miller's autopsy. Nor does it indicate any opinion on the explanation for methamphetamine metabolite found during Miller's autopsy. And Defendants have failed to point the court to any such opinion. Because Dr. Tubbs's expert report contains no opinions regarding methamphetamine metabolite, Dr. Tubbs is prohibited from testifying on that topic at trial. *Christison v. Biogen Idec Inc.*, No. 2:11-cv-1140, 2016 WL 6902706, at *6 (D. Utah Aug. 5, 2016) ("[The expert] will not be permitted to offer any opinion on a matter not included in his expert report.").

A violation of Rule 26(e) prohibits an expert from introducing the relevant opinion at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

6

Defendants have established no substantial justification for their failure to make a full disclosure of Dr. Tubbs's opinions. Indeed, Defendants were on notice, based on the court's memorandum decision on summary judgment, that the court did not consider Dr. Tubbs's opinions to include opining on the symptoms of methamphetamine withdrawal.

Nor is the failure to disclose harmless. Expert disclosures are intended not only to identify the expert witness, but also "to set forth the substance of the direct examination." FED. R. CIV. P. 26(a)(2), advisory committee's note to 1993 amendment. "Thus, to avoid prejudice [Plaintiffs] need[] to know the substance of the expert's testimony." *Jacobsen*, 287 F.3d at 953. While Plaintiffs may understand that methamphetamine withdrawal, and specifically Miller's episode of alleged methamphetamine withdrawal may be issues in this case, they cannot read Dr. Tubbs's mind to understand his opinions about methamphetamine withdrawal and how he formed those opinions. Thus, Plaintiffs would be prejudiced by permitting Dr. Tubbs to expand his testimony to the symptoms of methamphetamine withdrawal and their application to Miller, without the Plaintiffs receiving any information about what Dr. Tubbs's opinion is or how he formed it—information that should have been included in the expert report. *See Lava Trading, Inc. v. Hartford Fire Ins. Co.*, No. 03 Civ. 7037, 2005 WL 4684238, at *7 (S.D.N.Y. Apr. 11, 2005) (an expert's report must contain the "essential details needed to understand and assess [the expert's] conclusions"). Moreover, it is difficult for the court to construe Defendants' failure to disclose Dr. Tubbs's opinions as an innocent oversight where the court had already alerted Defendants to its view that Dr. Tubbs's report lacked an opinion on methamphetamine withdrawal symptoms.

Accordingly, the court GRANTS Plaintiffs' motion in limine. The court prohibits Dr. Tubbs from offering an expert opinion as to the symptoms of methamphetamine withdrawal,

whether Miller was experiencing methamphetamine withdrawal during the relevant time period, and any explanation regarding the methamphetamine metabolite found during Miller's autopsy.

## CONCLUSION

For the reasons stated above, the court GRANTS Plaintiffs' motions in limine.

DATED March 14, 2022.

                BY THE COURT

                _____
                Jill N. Parrish
                United States District Court Judge