FILED
2022 MAR 14 PM 2:09
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE MEDICAL EXAMINER'S CONCLUSION THAT HEATHER MILLER'S DEATH WAS AN ACCIDENT**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") to prohibit defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") from offering any evidence that the medical examiner concluded that the manner of Heather Miller's death was an accident. ECF No. 98.

The Office of the Medical Examiner's Report of Examination ("Report") regarding Heather Miller's death states that the medical examiner determined that the "manner of death" was an "accident" (as opposed to natural, by suicide, by homicide, or undetermined). Plaintiffs intend to use the Report as evidence at trial but wish to redact the manner of death.

Plaintiffs contend that Defendants will use the medical examiner's conclusion as evidence that Nurse Anderson did not act with deliberate indifference. Plaintiffs argue that the jury may not understand the distinction between the deliberate indifference standard and a

finding regarding the manner of death (i.e., that an accidental death could still result in a deliberate indifference finding) and, as such, the medical examiner's opinion could mislead the jury. Moreover, Plaintiffs contend that the medical examiner's opinion regarding manner of death should be excluded because the jury is fully capable of assessing the facts to determine causation on its own and does not need assistance from an expert opinion. Defendants respond that excluding the manner of death would unfairly prejudice Defendants by leading the jury to speculate as to what led the parties to redact the Report.

As to their first justification, Plaintiffs rely on *Rubin v. United States*, 88 F. Supp. 2d 581, 600 (S.D.W. Va. 1999) for the proposition that a medical examiner's opinion on manner of death "would likely confuse and mislead a jury." But that case is inapposite. There, the West Virginia federal district court held that a medical examiner's determination that "[t]he manner of death is considered undetermined as the possibility of suicidal ingestion [of morphine] cannot be eliminated" was "not sufficient to establish by a preponderance of the evidence that the decedent's death was the result of any negligence on the part of any of the care givers at the VA Medical Center." *Id.* at 599-600. Accordingly, that court made no determination as to the admissibility of the medical examiner's opinion as to the manner of death. Rather, the court made a conclusion of law regarding the sufficiency of the evidence to establish negligence. Therefore, *Rubin* does not stand for the proposition that a medical examiner's manner of death opinion would confuse a jury.

Nor is the court concerned about jury confusion here. Indeed, other courts have admitted medical examiner's or coroner's reports that contain the manner of death. *See Sullivan v. City of Round Rock*, No. A-14-cv-349, 2015 WL 11439278, at *4 (W.D. Tex. Dec. 10, 2015) (admitting, in a § 1983 case, opinion testimony from medical examiner regarding decedent's "manner of

2

death and cause of death" over objections from the defendants that the opinions "are prejudicial, irrelevant, confusing, and unreliable"); *Brannan v. N.W. Permanente, P.C.*, No. C05-5157FDB, 2006 WL 2818365, at *2 (W.D. Wash. Sept. 28, 2006) (admitting medical examiner's testimony including "Manner of Death: Undetermined"); *Gillespie v. Equitable Life Assur. Soc. of U.S.*, 152 F. Supp. 109, 111 (W.D. Pa. 1957) (finding that the coroner's report "was properly admitted into evidence to show . . . that the death of [decedent] was occasioned by accidental means"). If Plaintiffs are still concerned that the jury will use the medical examiner's manner of death determination for an improper purpose, the court can provide an instruction to the jury explaining the difference between the medical examiner's determination and the determination regarding deliberate indifference reserved for the jury. *See* FED. R. EVID. 105 ("[T]he court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). Alternatively, Plaintiffs can rely on cross-examination to dispel any confusion.

Plaintiffs next rely on *Sims v. Great American Life Insurance Co.*, 469 F.3d 870, 889 (10th Cir. 2006), for the proposition that "an [expert] opinion should not unduly invade the province of the jury when the assistance of the witness is unnecessary." But this omits the beginning of the Tenth Circuit's sentence. The full sentence states: "Although any witness may offer *an opinion as to an ultimate issue to be decided by a jury*, this opinion should not unduly invade the province of the jury when the assistance of the witness is unnecessary." *Id.* (emphasis added). In *Sims*, the medical examiner's opinion as to manner of death went to the heart of the case, whether the decedent's death—for which the plaintiff was attempting to recover life insurance—was accidental or by suicide. But the medical examiner's opinion as to manner of death here is not an ultimate issue to be decided by the jury. Therefore, *Sims* is also not on point.

3

Finally, the court notes that Plaintiffs themselves seek admission of the medical examiner's report. And when Plaintiffs "introduce[] . . . part of a writing or recorded statement" Defendants—as the adverse party—are entitled to "require the introduction . . . of any other part [of the Report] that in fairness ought to be considered at the same time." FED. R. EVID. 106. Defendants have properly sought admission of the manner of death included in the medical examiner's report. Accordingly, the court DENIES Plaintiffs' motion in limine.

DATED March 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge