FILED
2022 MAR 14 PM 2:09
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>                Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE ATTORNEY GENERAL'S DECLINATION LETTER**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before this court is a motion brought by plaintiffs Cynthia Stella and the Estate of Heather Miller (collectively, "Plaintiffs") to prohibit defendants Davis County, Todd Richardson, Mavin Anderson, and James Ondricek (collectively, "Defendants") from offering evidence regarding the Utah Office of the Attorney General's ("Utah Attorney General") charging decision. ECF No. 99.

On April 28, 2017, the Utah Attorney General issued a letter to Troy Rawlings, Davis County Attorney. ECF No. 99-1. The letter stated that the Utah Attorney General had conducted an investigation into Heather Miller's death and concluded that no criminal charges would be filed. Plaintiffs now move to exclude this letter and any other evidence related to the Utah Attorney General's charging decision. Plaintiffs argue that the decision not to pursue criminal charges results from a different legal standard than the legal standard applied in a civil trial. Thus, in Plaintiffs' view, the Utah Attorney General's decision is irrelevant and has the potential

to confuse the jury into accepting the Utah Attorney General's decision not to prosecute as determinative of the civil liability issue.

Defendants counter that precluding use of the declination letter would prejudice their case. Specifically, Plaintiffs plan to use evidence from the Attorney General's investigation, which clearly states that the Attorney General was conducting a criminal investigation. Defendants argue that, absent the declination letter, the jury will conclude that the investigation unearthed some unlawful act. To avoid this prejudice, Defendants contend that the court must permit them to refer to the declination letter. Moreover, Defendants offer a proposed preliminary instruction regarding investigations by state and municipal agencies to alleviate prejudice.

"As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985) (citing *Galbraith v. Hartford Fire Ins. Co.*, 464 F.2d 225 (3d Cir. 1972)); *see also Aetna Cas. & Sur. Co. v. Godsin*, 803 F.2d 1153, 1160 (11th Cir. 1986) ("Aetna argued that the different standards of proof between a criminal prosecutorial decision and a civil case might mislead the jury. We agree."); *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985) (holding that evidence of nonprosecution is generally inadmissible in a civil trial concerning the same incident).

Just as evidence that a criminal investigation took place may lead to jury speculation as to the result of the investigation, evidence related to the decision not to charge Defendants criminally carries a substantial risk of misleading the jury and causing jury speculation as to why the government declined to bring charges. And evidence of nonprosecution is of limited probative value because of the higher burden of persuasion in a criminal case and because a prosecutor exercising her discretion may consider other factors not relevant in a civil case. *See*

*Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1252 (6th Cir. 1987).[1] Accordingly, the court excludes any evidence related to the decision not to charge Defendants criminally, including the declination letter, under Federal Rule of Evidence 403. *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury . . . .").

However, even if the court excludes evidence of nonprosecution, the jury will nevertheless receive evidence indicating that the Utah Attorney General conducted a criminal investigation. The court recognizes that evidence of this criminal investigation may lead to jury speculation as to the result. Accordingly, the court intends to instruct the jury that the result of that investigation has no relevance to the present civil trial. The jury—not the Utah Attorney General—is tasked with determining civil liability. The court will accept further arguments on the specific language of the instruction when it considers jury instructions. Finally, if a party or witness opens the door by testifying that Defendants broke laws or acted criminally, Defendants may revisit this issue and request leave to introduce evidence that they were not prosecuted on charges arising from the accident to rebut such testimony.

Accordingly, the court GRANTS Plaintiffs' motion in limine.

---

[1] The Third Circuit has helpfully articulated these rationales. First, "criminal and civil trials require different burdens of proof for proving guilt and liability, respectively." *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002). And second, "prosecutorial discretion may take into account many other factors not relevant in a civil suit [and a]t best, the evidence of non-prosecution is evidence of an opinion by the prosecutor." *Am. Home Assurance Co.*, 753 F.2d at 325.

DATED March 14, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge