IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION TO SUBSTITUTE EXPERT** <br><br> Case No. 1:18-cv-00002-JNP-DBP <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Dustin B. Pead |

On July 7, 2022, Plaintiffs moved this court to permit a substitute expert for Debra Schultz. *See* ECF No. 202. Nurse Schultz recently informed Plaintiffs that she was no longer available to provide expert testimony due to her advanced cancer. In lieu of Nurse Schultz's testimony, Plaintiffs moved the court to substitute Patricia McQuillen as an expert.

On July 11, 2022, Defendants lodged their objection to Plaintiffs' motion to substitute an expert. Defendants argue that Nurse McQuillen is not qualified under Rule 702 and that Nurse McQuillen's testimony expands beyond that of Nurse Schultz. For the following reason, the court OVERRULES Defendants' objections and GRANTS Plaintiffs' motion to substitute expert.

As an initial matter, Nurse McQuillen qualifies as an expert on the relevant topic. "Federal Rule of Evidence 702 requires a district court to assess proffered expert testimony to ensure it is both relevant and reliable." *United States v. Avitia-Guillen*, 680 F.3d 1253, 1256 (10th Cir. 2012). As part of this inquiry, "[t]he district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."

*Id.* (citations omitted). Defendants argue that Nurse McQuillen is not qualified as an expert because she has no medical experience in a correctional setting. But Nurse McQuillen's resume indicates that she does, indeed, have experience nursing in the correctional setting. For instance, she served as a per diem registered nurse at the Santa Maria Juvenile Hall and as a registered nurse at the San Luis Obispo County Jail. *See* ECF No. 208-3 at 2-3. And Nurse McQuillen has experience as a facilities auditor for Santa Barbara County Public Health and Probation Departments. *Id.* at 2. Moreover, a medical professional need not necessarily have experience in a correctional setting to qualify as an expert on whether adequate medical care was provided. For instance, the question of whether it is reasonable to take a patient's pulse after a fall does not depend on whether the patient is treated in a correctional setting. Accordingly, the court finds that Nurse McQuillen qualifies as an expert.

Defendants next argue that Nurse McQuillen's testimony inappropriately extends beyond that of Nurse Schultz's. "Substitute experts, while not bound to the testimony of the expert they are replacing, cannot meaningfully change their testimony from that of the previous expert." *Stratton v. Thompson/Ctr. Arms, Inc.*, No. 4:18-cv-40, 2022 WL 2119346, at *5 (D. Utah June 13, 2022). "In other words, the testimony of the substitute expert must be 'substantially similar' to that of the original expert." *Id.* (citation omitted). At oral argument, Defendants pointed to two specific ways in which they allege that Nurse McQuillen's opinion differs from Nurse Schultz's.

First, Defendants argued that Nurse Schultz indicated that Anderson provided "virtually no medical care" to Miller whereas Nurse McQuillen indicated that Anderson provided "no medical care" to Miller. Defendants argue that this discrepancy is a substantial difference between the two opinions. The court disagrees. This difference between the two opinions is merely semantic. As an initial matter, Nurse Schultz uses the two phrases interchangeably in her

expert report. She states that "[i]t is in my professional opinion that virtually no medical care was administered by Nurse Marvin Anderson to Heather Miller." ECF No. 105-1 at 3. But just three sentences later, Nurse Schultz states that she believes that "by providing no medical care to Heather Miller while incarcerated at the Davis County Jail," Anderson "contributed to her early and untimely death." *Id.* Accordingly, contrary to Defendants' representations, Nurse Schultz did offer the opinion that jail staff provided "no medical care." Moreover, her interchangeable use of the two phrases suggests that the difference is semantic, not substantive. And the court agrees. The difference between "no medical care" and "virtually no medical care" is simply not material, and certainly does not represent a meaningful change in the expert testimony.

Defendants argue that allowing Nurse McQuillen to testify to this opinion will cause them substantial prejudice. But when pressed at oral argument, Defendants struggled to articulate any prejudice they would face, particularly given the fact that Defendants elected not to depose Nurse Schultz. Because Nurse Schultz also stated that jail staff provided "no medical care," it is unclear why Nurse McQuillen's use of the same phrase would suddenly cause Defendants great prejudice or why Defendants would need to depose Nurse McQuillen, but not Nurse Schultz.

Second, Defendants argue that Nurse McQuillen's opinion that "the disregard of the Registered Nurse to initiate fundamental medical care appeared to be related to a discriminatory prejudice noted in the testimony of M. Anderson, RN" expands Nurse McQuillen's opinion beyond that of Nurse Schultz. ECF No. 208-1 at 5. Here, the court agrees. Plaintiffs argue that Nurse Schultz's statement that Anderson's actions "show complete disregard for Heather's wellbeing, and lack of sound nursing judgment" advances substantially similar testimony. *See* ECF No. 105-1 at 3. But while Nurse Schultz's expert report references a disregard for Miller's wellbeing, it never raises the idea that such disregard stemmed from a discriminatory prejudice

3

on the part of jail staff. Accordingly, the court strikes this portion of Nurse McQuillen's testimony.

In sum, the court GRANTS Plaintiffs' motion to substitute expert Nurse Schultz with Patricia McQuillen, RN. However, Nurse McQuillen may not testify as to whether the alleged failure to provide adequate medical care stemmed from discriminatory prejudice.

DATED July 13, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge