# Special Verdict Form

**Important:**

In the following pages, you will fulfill your role as jurors by answering a series of questions. For questions with yes/no answers, indicate your answer by placing a check mark next to your selected response. Your response to each question must be unanimous.

You should complete the questions in the order they are written. However, you may not need to answer each question. Carefully read and follow the instructions printed in italics.

## FINDINGS OF FACT

1. Do you find by a preponderance of the evidence that Anderson was aware that Miller faced a substantial risk of serious harm or is there enough circumstantial evidence to support an inference that Anderson failed to verify or confirm a strongly suspected serious risk to Miller?

> **ANSWER:**
>
> Yes  X
>
> No ____
>
> *Proceed to the next question.*

2. Do you find by a preponderance of the evidence that Anderson consciously failed to take reasonable measures to address the substantial risk of harm to Miller despite his knowledge of a substantial risk of serious harm?

> **ANSWER:**
>
> Yes  X
>
> No ____
>
> *Proceed to the next question.*

## CLAIM ONE AGAINST ANDERSON

3. Do you find by a preponderance of the evidence that Anderson was deliberately indifferent to Miller's serious medical needs? *The elements of this federal claim against Anderson are explained in Final Instruction Nos. 26-29.*

**ANSWER:**

Yes _X_

No ___

*If you answered Yes, proceed to question 4. If you answered No, proceed to question 5.*

## CLAIM ONE: DAMAGES

4. Refer to your answer to the prior question. If you marked yes, state the total amount of damages caused by Anderson to Miller because of his violation of federal law. If you find that Miller has not proven by a preponderance of the evidence that she is entitled to compensatory damages for claim one, you must award one dollar as nominal damages. *Damages are explained in Final Instruction Nos. 41-50.*

**ANSWER:**

*Anderson*

$ 300,000

*Proceed to the next question.*

## CLAIM TWO AGAINST DAVIS COUNTY

5. Do you find by a preponderance of evidence that Miller has established that Davis County is liable to Miller's estate? *The federal claim against Davis County is explained in Final Instruction Nos. 30-36.*

**ANSWER:**

Yes _X_

No ____

*If you answered Yes, proceed to question 6. If you answered No, proceed to question 7.*

## CLAIM TWO: DAMAGES

6. Refer to your answer to the prior question. If you marked yes, state the total amount of damages caused by Davis County to Miller because of its violation of federal law. If you find that Miller has not proven by a preponderance of the evidence that she is entitled to compensatory damages for claim two, you must award one dollar as nominal damages. *Damages are explained in Final Instruction Nos. 41-50.*

**ANSWER:**

*Davis County*

$ 3,850,000

*Proceed to the next question.*

## STELLA'S CLAIM THREE AGAINST DAVIS COUNTY, RICHARDSON, ANDERSON, AND ONDRICEK

7. Do you find by a preponderance of the evidence that <u>Stella</u> has established her claim under the Utah state constitution against the following Defendants? *The state constitutional claim against Defendants is explained in Final Instruction Nos. 37-40.*

**ANSWER:**

*Davis County*

Yes ✗

No ____

*Richardson*

Yes ~~[scribbled out]~~

(No ✗)

*Anderson*

Yes ____

No ✗

*Ondricek*

Yes ____

No ✗

*If you answered Yes to any of the Defendants, proceed to question 8. If you answered No to all of the Defendants, proceed to question 9.*

8. Refer to your answer to the prior question. For any Defendant for whom you marked yes, state the total amount of damages caused by each defendant to Stella because of that Defendant's violation of state law. If you find that Stella has not proven by a preponderance of the evidence that she is entitled to compensatory damages for claim three, you must award one dollar as nominal damages. For any Defendant for whom you marked no, do not fill out the blank. *Damages are explained in Final Instruction Nos. 41-50.*

**ANSWER:**

*Davis County*

$ 2,000,000

*Richardson*

$ _____

*Anderson*

$ _____

*Ondricek*

$ _____

*Proceed to the next question.*

## MILLER'S CLAIM THREE AGAINST DAVIS COUNTY, RICHARDSON, ANDERSON, AND ONDRICEK

9. Do you find by a preponderance of the evidence that <u>Miller</u> has established her claim under the Utah state constitution against the following Defendants? *The state constitutional claim against Defendants is explained in Final Instruction Nos. 38-41.*

**ANSWER:**

*Davis County*

Yes ✗

No ____

*Richardson*

Yes ____

No ✗

*Anderson*

Yes ____

No ✗

*Ondricek*

Yes ____

No ✗

*If you answered Yes to any of the Defendants, proceed to question 10. If you answered No to all of the Defendants, proceed to question 11.*

10. Refer to your answer to question 9. For any Defendant for whom you marked yes, state the total amount of damages caused by each defendant to <u>Miller</u> because of that Defendant's violation of state law. If you find that Miller has not proven by a preponderance of the evidence that she is entitled to compensatory damages for claim three, you must award one dollar as nominal damages. For any Defendant for whom you marked no, do not fill out the blank. *Damages are explained in Final Instruction Nos. 41-50.*

**ANSWER:**

*Davis County*

$ 3,850,000

*Richardson*

$ _____

*Anderson*

$ _____

*Ondricek*

$ _____

*Proceed to the next question.*

## DUPLICATIVE DAMAGES

11. Miller has two claims against Anderson (claims 1 and 3). If you awarded Miller compensatory damages for both claims against Anderson, please state the total amount of compensatory damages to which you find she is entitled. In calculating the total amount of damages, do not include the same damages twice. That is, if Miller suffered the same injury or injuries for both claims, she may only collect damages for each injury once. *See Final Instruction No. 44.* If you awarded nominal or no damages for one or both claims, you do not need to answer this question.

**ANSWER:**

$ _____

*Proceed to the next question.*

12. Miller has two claims against Davis County (claims 2 and 3). If you awarded Miller compensatory damages for both claims against Davis County, please state the total amount of compensatory damages to which you find she is entitled. In calculating the total amount of damages, do not include the same damages twice. That is, if Miller suffered the same injury or injuries for both claims, she may only collect damages for each injury once. *See Final Instruction No. 44.* If you awarded nominal or no damages for one or both claims, you do not need to answer this question.

**ANSWER:**

$ ~~seven million~~ 7,700,000

*Proceed to the next question.*

## PUNITIVE DAMAGES: RICHARDSON AND ANDERSON'S LIABILITY TO STELLA

13. Do you find by clear and convincing evidence that <u>Stella</u> is eligible to receive punitive damages against any of the following Defendants, and if so, do you choose to award Stella punitive damages against such Defendant(s)? *The basis for punitive damages is explained in Final Instruction Nos. 51-52.*

**ANSWER:**

*Richardson*

   Yes _____

   No __X__

*Anderson*

   Yes _____

   No __X__

*If you answered Yes to either Defendant, proceed to the next question. If you answered No to both Defendants, proceed to question 15.*

14. Refer to your answer in the prior box. For any Defendant for whom you marked yes, state the amount of punitive damages that you choose to award to <u>Stella</u>. For any Defendant for whom you marked no, do not fill out the blank. *The amount of punitive damages is explained in Final Instruction No. 53.*

**ANSWER:**

*Richardson*

   $ _____

*Anderson*

   $ _____

*Proceed to the next question.*

## **PUNITIVE DAMAGES: RICHARDSON'S LIABILITY TO MILLER**

15. Do you find by clear and convincing evidence that <u>Miller</u> is eligible to receive punitive damages against Richardson, and if so, do you choose to award Miller punitive damages against Richardson? *The basis for punitive damages is explained in Final Instruction Nos. 51-52.*

**ANSWER:**

Yes \_\_\_\_\_

No ✓

*If you answered Yes, proceed to the next question. If you answered No, proceed to the next question.*

16. Refer to your answer in the prior box. If you answered yes, state the amount of punitive damages that you choose to award to <u>Miller</u>. If you marked no, do not fill out the blank. *The amount of punitive damages is explained in Final Instruction No. 53.*

**ANSWER:**

$_____

*Proceed to the next question.*

## PUNITIVE DAMAGES: ANDERSON'S LIABILITY TO MILLER

17. Do you find by a preponderance of the evidence that <u>Miller</u> is eligible to receive punitive damages against Anderson? *The basis for punitive damages is explained in Final Instruction Nos. 51-52.*

**ANSWER:**

Yes _____

No __X__

*Proceed to the next question.*

18. Do you find by clear and convincing evidence that <u>Miller</u> is eligible to receive punitive damages against Anderson? *The basis for punitive damages is explained in Final Instruction Nos. 51-52.*

**ANSWER:**

Yes _____

No __X__

*Proceed to the next question.*

19. If you answered yes to question 17 *or* 18, do you choose to award Miller punitive damages against Anderson? *The basis for punitive damages is explained in Final Instruction Nos. 51-52.*

**ANSWER:**

Yes _____

No __X__

*If you answered Yes, proceed to the next question. If you answered No, proceed to the closing instruction.*

20. Refer to your answer in the prior box. If you answered yes, state the amount of punitive damages that you choose to award to <u>Miller</u>. If you marked no, do not fill out the blank. *The amount of punitive damages is explained in Final Instruction No. 53.*

**ANSWER:**

$_____

*Proceed to the closing instruction.*

## **CLOSING INSTRUCTION**

After answering the questions above as instructed, the Jury has completed this Special Verdict Form. The Jury Foreperson should sign the document for return to the court.

DATED this 22 day of July, 2022

_____
Jury Foreperson