IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA and the ESTATE OF HEATHER MILLER,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, and JAMES ONDRICEK,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 50 MOTION**<br><br>Case No. 1:18-cv-00002-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

At the close of Plaintiffs' case in chief, Defendants moved for judgement as a matter of law under Federal Rule of Civil Procedure 50(a). Specifically, Defendants moved the court to dismiss (1) Plaintiffs' claims for punitive damages; and (2) Stella's claim for relief under the Utah State Constitution. Plaintiffs elected to respond to the motion orally. The court heard argument on the motion and reserved judgment until after the verdict. The court now GRANTS IN PART and DENIES IN PART Defendants' motion.

**LEGAL STANDARD**

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party." FED. R. CIV. P. 50(a). "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006) (citation omitted). "Judgment as a matter of law is cautiously

and sparingly granted and then only when the court is certain the evidence *conclusively* favors one party such that reasonable [people] could not arrive at a contrary verdict." *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1130 (10th Cir. 2019).

## ANALYSIS

I.  **PUNITIVE DAMAGES CLAIMS**

The jury found that neither Miller's estate nor Stella was eligible for punitive damages, and as a result, did not award punitive damages to either Plaintiff. Accordingly, the court DENIES AS MOOT Defendants' motion as to Plaintiffs' claims for punitive damages.

II. **STELLA'S CLAIM FOR RELIEF**

Defendants argue that they are entitled to judgment as a matter of law on Stella's claim under the Utah Constitution because Stella suffered no distinct injury as a result of the government's actions. Defendants argue that basic principles of standing, along with the court's reasoning for refusing to allow Stella's § 1983 claim, support their position. In other words, Defendants argue that Stella cannot recover under the Utah Constitution based on the violation of her daughter's constitutional rights.

Plaintiffs concede that Stella has no independent claim under the Utah Constitution. At the final pre-trial conference, Plaintiffs' counsel admitted that "Ms. Stella doesn't have her own state constitutional claim." *See* ECF No. 228-1 at 4. However, Plaintiffs argue that, under Utah law, parents can recover loss of consortium damages in a wrongful death case. In essence, Plaintiffs argue that Stella has a constitutional claim deriving from the harm suffered by Miller.

In their briefing and argument on this issue, both parties have conflated Stella's wrongful death claim with her claim under the Utah Constitution. The court initially analyzed this question under the wrongful death standard. ECF No. 197 at 7-9. And Utah law clearly allows for a parent

2

to recover for the death of a child in a wrongful death lawsuit. Accordingly, there is no question that Stella held a statutory wrongful death claim. *See* UTAH CODE § 78B-3-106(1) (providing that "when the death of a person is caused by the wrongful act or neglect of another, his heirs . . . may maintain an action for damages against the person causing the death").

But Plaintiffs did not allege or advance a statutory wrongful death claim. Rather, Plaintiffs pled only one state claim—a claim for "Deprivation of Rights under Article I, Section 9 of the Utah Constitution Unnecessary Rigor in Confinement." ECF No. 10 at 9. And Plaintiffs tried this case as a constitutional—not a wrongful death—claim. Plaintiffs never submitted jury instructions describing the legal standard for a statutory wrongful death claim. ECF No. 124. Indeed, the final jury instructions never introduced the concept of a death caused by "the wrongful act or neglect of another."[1] UTAH CODE § 78B-3-106(1). Nor did Plaintiffs object when the court proceeded with jury instructions that did not include a statutory wrongful death claim. And the verdict form submitted to the jury made no mention of a statutory wrongful death action. ECF No. 236. Again, Plaintiffs did not object to a verdict form that omitted any statutory wrongful death claim by Stella.

Moreover, prosecuting a statutory wrongful death claim would have involved compliance with the Utah Government Immunity Act. *See Madsen v. Utah*, 583 P.2d 92, 93 (Utah 1978) ("The plain meaning of the section reflects a legislative intent to retain sovereign immunity for any injuries occurring while the incarcerated person is in prison and under the control of the State."); *Cardell v. Thompson*, 845 F. Supp. 2d 1182, 1199 (D. Utah 2012) (finding that the UGIA barred a wrongful death claim for failure to provide medical care after police tased plaintiff unless the

---

[1] Indeed, in their briefing on a motion in limine to exclude discussion of the negligence and medical malpractice standards, Plaintiffs specifically argued that discussion of the negligence and medical malpractice standards were irrelevant to this case and likely to confuse the jury. ECF No. 92 at 1-2 ("Plaintiffs have only alleged constitutional claims in this matter, and the comparisons between the present case and medical malpractice or negligence claims will lead to confusion.").

3

officers acted or failed to act through fraud or willful misconduct). But neither party raised the UGIA because both sides understood that Plaintiffs never intended to advance a statutory wrongful death claim. At bottom, the record clearly demonstrates that Plaintiffs did not plead or prosecute a statutory wrongful death claim, and accordingly, they have waived any such claim.

Plaintiffs instead alleged a claim under the Utah Constitution. The Utah Supreme Court has not directly addressed whether a family member can bring a claim under the unnecessary rigor clause of the Utah Constitution that is derivative of a constitutional violation against a deceased family member. Where "the state's highest court has not decided the issue presented, [the court] may either certify the question to that court or predict how it would rule." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1230 (10th Cir. 2000). The court elects the latter option.

The Utah Supreme Court has held that "[t]o ensure that damages actions are permitted only 'under appropriate circumstances'" in a lawsuit brought under the Utah Constitution, "a plaintiff must establish . . . three elements before he or she may proceed with a private suit for damages." *Spackman ex rel. Spackman v. Bd. of Educ.*, 16 P.3d 533, 538 (Utah 2000) (citation omitted). The first element requires that "a plaintiff must establish that he or she suffered a 'flagrant' violation of his or her constitutional rights." *Id.* Although the Utah Supreme Court has not so explicitly held, the plain language of this condition requires that the plaintiff herself directly suffer the constitutional violation.[2] Moreover, the purpose behind the unnecessary rigor clause supports the

---

[2]Although not controlling, at least one other judge in the District of Utah has agreed with this interpretation. *See Ostler v. Harris*, No. 2:18-cv-254, 2019 WL 4259652 (D. Utah Sept. 9, 2019). In *Ostler*, Plaintiffs attempted to amend the complaint to bring a claim against the government by the deceased's heirs ("the proposed plaintiffs"). The proposed plaintiffs remained opaque as to whether the claim was under Utah's wrongful death statute or under the Utah Constitution. The court ultimately rejected the claim, holding that

> [o]n the one hand, [Plaintiffs] insist that the Heirs' statutory claim is separate from a constitutional claim [but] on the other hand their argument conflates the two claims, seeking the best of both worlds without the worst of either. A statutory

4

position that the prisoner herself must bring a claim. Specifically, "[t]he Utah Supreme Court has explained that the unnecessary rigor clause protects *prisoners and arrestees* against 'unnecessary abuse.'" *Christensen v. Salt Lake Cnty.*, 510 P.3d 299, 307 (Utah Ct. App. 2022) (emphasis added and citation omitted).

In conceding that Stella did not have her own state constitutional claim, Plaintiffs' counsel effectively conceded that Defendants did not violate Stella's state constitutional rights. Rather, Plaintiffs explicitly relied on a violation of Miller's rights to create a claim for Stella. For the reasons discussed above, it appears that the Utah Supreme Court would reject this approach. *Spackman* suggests that Stella must establish that *she*—not Miller—suffered a flagrant violation of her constitutional rights. And Plaintiffs have simply not identified or offered evidence that Defendants violated any of Stella's Utah state constitutional rights.

Therefore, the court GRANTS Defendants' motion for judgment as a matter of law as to Stella's claim against Davis County under the Utah Constitution.

---

> wrongful death claim is held by the Heirs but barred here by the [Utah Governmental Immunity Act]. Constitutional due process and unnecessary rigor claims are not barred by the UGIA but are held by [the decedent] alone . . . . In short, the law has closed the door the Proposed Plaintiffs seek to open. Allowing their claims to enter through a backdoor in provisions for due process and unnecessary rigor—provisions based on another's constitutional rights—would undermine determinations by Utah's Legislature and its highest court.

*Id.* at *3.

The court has identified two additional cases where a court addressed a claim by a family member on behalf of a deceased prisoner under the unnecessary rigor clause of the Utah Constitution. In both instances, however, the court dismissed the plaintiff's claim under the Utah Constitution without addressing whether the family member was an appropriate plaintiff. See *Christensen v. Salt Lake Cnty.*, 510 P.3d 299, 308 (Utah Ct. App. 2022) (considering factual concessions made in federal case, father of woman who died in county jail did not have viable unnecessary rigor claim); *Rodriguez v. Cache Cnty. Corp.*, No. 1:18-cv-115, 2021 WL 1791963, at *9-10 (D. Utah May 4, 2021) (rejecting as factually deficient wife' unnecessary rigor claim on behalf of her husband). Accordingly, the court finds these cases unhelpful.

## CONCLUSION

The court DENIES AS MOOT Defendants' motion for judgment as a matter of law regarding punitive damages. The court GRANTS Defendants' motion for judgment in its favor as a matter of law on Stella's state constitutional claim.

DATED August 1, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
