Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>  Plaintiffs,<br><br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>  Defendants. | **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES PURSUANT 42 U.S.C. § 1988(b)**<br><br>Case No:  1:18-cv-002<br><br>Judge:   Jill Parrish |

Plaintiffs Cynthia Stella and the Estate of Heather Miller hereby move for attorney's fees pursuant to 42 U.S.C. § 1988(b).

## **INTRODUCTION**

Plaintiffs prevailed in their 42 U.S.C. § 1983 litigation when the jury ruled in their favor on federal constitutional violations by Nurse Anderson and Davis County. ECF 236. Plaintiffs

1

are entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b) for vindicating Heather Miller's federal civil rights. Plaintiffs respectfully request the Court enter attorney's fees against Defendants Davis County and Nurse Anderson for the sum $760,630.15.

## DOCUMENTS IN SUPPORT

Plaintiffs have included the Declaration of Dan Baczynski (Ex. A), Declaration of Tad Draper (Ex B), Declaration of Cynthia Stella (Ex C), and Declaration of Colin King (Ex D) to support Plaintiffs' Motion for Attorney's Fees.

## ARGUMENT

### I. Plaintiffs are entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b)

Statute 42 U.S.C. § 1988(b) provides that in a § 1983 action (as was brought here), the court may allow the prevailing party a reasonable attorney's fee as part of Rule 54 costs. "Although the power to award such fees is discretionary, that discretion is narrow…."[1] "[W]hen a plaintiff prevails in a civil rights suit, the plaintiff ordinary should not have his vindication of these rights eviscerated by an obligation to pay his attorney's reasonable fees". *Id*. Consequently, there is a presumption that attorney's fees will be awarded to a prevailing plaintiff.[2]

---

[1] *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998).

[2] See *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

2

### A. Plaintiffs are the Prevailing Parties

To justify attorney's fees, Plaintiffs must first demonstrate they are prevailing parties.[3] Plaintiffs prevail if "they succeed on any significant issue in litigation which achieves some benefit the parties sought in bringing suit".[4] Here, Plaintiffs succeeded on two of their four §1983 claims and obtained over $4 million in relief for federal constitutional violations. Plaintiffs are prevailing parties because they succeeded on some of their claims and obtained a significant award. See *Starrett v. Wadley*, 876 F.2d 808, 825 (10th Cir. 1989) (finding plaintiff who prevailed on one of two claims for $75,000 is prevailing party)

### B. Plaintiffs seek Reasonable Attorney's Fees

Once a party has demonstrated she prevailed, the Court is then tasked with ascertaining reasonable attorney's fees. Determining a reasonable attorney's fee starts with a Lodestar calculation: the number of hours reasonably expended on the litigation multiplied by the lawyer's reasonable hourly rate.[5] Plaintiffs bear the burden to demonstrate the hours expended and the hourly rates are reasonable.[6] Once Plaintiffs make an adequate showing, the burden then shifts to the Defendants to prove either element is unreasonable. *Id*.

---

[3] *Dahlem by Dahlem v. Bd. of Educ. of Denver Pub. Sch.*, 901 F.2d 1508, 1511 (10th Cir. 1990)

[4] *Id*.

[5] *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).

[6] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

3

### A. Hours Expended

Plaintiffs have the burden to demonstrate counsel's alleged time expended on the case was reasonable. To meet that burden, courts require "that lawyers keep meticulous time records that "reveal ... all hours for which compensation is requested and how those hours were allotted to specific tasks."[7] Plaintiffs are also required to make "a good faith effort" to exclude fees which are "excessive, redundant, or otherwise unnecessary".[8] Plaintiffs have met their burden where counsel kept meticulous records of their time, have removed hours from their billings as redundant or unnecessary, and have discounted an additional fifty hours of time as an exercise of billing discretion. With the reduction, Mr. Baczynski spent 732.4 hours on this case. Mr. Draper spent 768 hours. These totals are reasonable for a five-year civil rights case which was appealed and culminated in trial.[9]

### B. Reasonable Hourly Rate

Plaintiffs respectfully submit that $450 for Tad Draper and $400 for Dan Baczynski are reasonable hourly rates for their counsel. These rates reflect the "prevailing market rates in the relevant community".[10] The District of Utah has previously found similar rates reasonable for

---

[7] *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983).

[8] *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40.

[9] . *Felders v. Bairett*, No. 2:08-CV-993 CW, 2017 WL 378467, at *2 (D. Utah Jan. 25, 2017) (finding 1,431 hours reasonable in a civil rights case which also went on interlocutory appeal and ended with a successful trial).

[10] *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984); see also Declaration of Dan Baczynski and Declaration of Tad Draper.

4

civil rights attorneys.[11] Plaintiffs have also submitted a declaration from Colin King, an attorney with reasonable comparable skill and experience, to support counsel's hourly rate.[12] This evidence satisfies Plaintiffs' burden to establish reasonable hourly rates for counsel.[13]

At these hourly rates, Plaintiffs' attorney's fees would total:

- Dan Baczynski:    732.4 hours x $400 = $292,960
- Tad Draper:       768 hours   x $450 = $345,600
   - Totals:         1500.4 hours       = $638,560

> C. *The Court should award a multiplier of 19% due to the risks of loss, length of the case, and Plaintiffs' level of success.*

After the Lodestar has been calculated, the Court has the discretion to increase or decrease reasonable attorney's fees based on several factors involved in the litigation, including risks, delays, and results of the case.[14] The analysis begins with a consideration of the risks. As the Tenth Circuit reiterated (citing the Supreme Court): "[w]e deem it desirable and an

---

[11] *M.D. v. Anthem Health Plans of Kentucky*, No. 217CV00675JNPCMR, 2020 WL 1369410, at *3 (D. Utah Mar. 23, 2020) (approving a rate of $450); *Saenz Mencia v. Allred*, No. 2:11-CV-200, 2017 WL 4480836, at *4 (D. Utah Oct. 6, 2017) (approving $450); *Mglej v. Gardner*, No. 2:13-CV-00713-CW, 2022 WL 2065588, at *3 (D. Utah June 8, 2022) (approving rates of rates range from $330–$425); citing *Morrison v. Express Recovery Servs.*, Inc., No. 1:17-CV-51, 2020 WL 3791893, at *3 (D. Utah July 7, 2020) (concluding hourly rates of $350-$425 for attorneys and $180 for paralegals is appropriate for the Salt Lake City legal market).

[12] See e.g. *Mglej v. Gardner*, No. 2:13-CV-00713-CW, 2022 WL 2065588, at *3 (D. Utah June 8, 2022) ("[E]vidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.").

[13] See *Malloy v. Monahan*, 73 F.3d 1012, 1019 (10th Cir. 1996) (affidavit from counsel and expert in support met plaintiff's burden to show reasonable hourly rate).

[14] *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1356 (10th Cir. 1992)

appropriate application of the statute to hold that *if the trial court specifically finds that there was a real risk-of-not-prevailing issue in the case,* an upward adjustment of the lodestar may be made".[15] This case presented with significant risk of loss and non-payment to counsel. Plaintiffs had the "heavy burden" of proving deliberate indifference.[16] Plaintiffs also need to overcome the "very high burden" of Nurse Anderson's qualified immunity defense.[17] Multiple highly qualified attorneys reviewed and ultimately turned down the case because of the risk for loss.[18] And counsel has lost similar cases before the District Court of Utah.[19] There were real risks involved with the case that justify consideration of an enhancement.

Courts also consider the duration of the suit, including any delays, when weighing the appropriateness of an enhancement. The 10th Circuit has explained:

> Plainly, expenses of doing business continue during litigation and delayed payment may work a hardship on the attorney who is not compensated regularly for work completed. Similarly, compensation received years after the services were rendered… is not equivalent to the same dollar amount received reasonably promptly as the legal services are preformed. To deny an attorney compensation for delay in payment in cases where the time

---

[15] *Id* at 1357.

[16] See *Keith v. Koerner*, No. 11-CV-2281-DDC-JPO, 2015 WL 4920283, at *12 (D. Kan. Aug. 18, 2015), aff'd in part, rev'd in part, 843 F.3d 833 (10th Cir. 2016)

[17] *Glover v. Gartman*, 899 F. Supp. 2d 1115, 1140 (D.N.M. 2012) ("the qualified immunity test is a very high burden for the plaintiff").

[18] See Cynthia Stella's Declaration.

[19] See *Johnson v. Davis Cnty.*, No. 1:18-CV-00080-DBB, 2021 WL 615325, at *1 (D. Utah Feb. 17, 2021), aff'd, No. 21-4030, 2022 WL 830202 (10th Cir. Mar. 21, 2022)

> involved in conscientious representation has been great and the litigation has been protracted would plainly run contrary to the purposes underlying the civil rights statute. [20]

The factor focuses on "unanticipated delay" and is particularly cogent where the delay is unjustifiable caused by defendants.[21]

Plaintiffs' counsel has incurred significant costs and delayed compensation for the near five-year duration of this litigation. The case has gone far longer than originally anticipated. The Court resolved summary judgment motions three years ago: September 23, 2019.[22] Plaintiffs were prepared for trial at that time. Then, Defendant Nurse Anderson filed an interlocutory appeal. Not only did it delay the case by sixteen months, but he raised arguments which could not be raised on an interlocutory appeal – resulting in its dismissal for lack of jurisdiction. When the case came back, it was further delayed by COVID. These delays, due in significant part to Defendant Anderson's appeal, justify an enhancement.[23]

Finally, the results obtain support an enhancement.[24] As the Supreme Court noted:

> "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will

---

[20] *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990) (cleaned up)

[21] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555, 130 S. Ct. 1662, 1674, 176 L. Ed. 2d 494 (2010)

[22] ECF 65.

[23] See *Felders v. Bairett*, No. 2:08-CV-993 CW, 2017 WL 378467, at *3 (D. Utah Jan. 25, 2017) (eight-year litigation, including an interlocutory appeal, warranted enhancement).

[24] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S. Ct. 1662, 1674, 176 L. Ed. 2d 494 (2010) (superior results can justify an enhancement).

> encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.[25]

Based on a jury verdict search, Plaintiffs appear to have won the largest civil rights verdict ever obtained in the District of Utah. This certainly qualifies as a "exceptional success" and further grants the Court latitude to award an enhancement.[26]

> D. *Plaintiffs suggest an enhancement of 19 percent based on the rate of inflation from commencement of the case to completion.*

Finally, if the Court deems an enhancement proper, Plaintiffs must present a factual and specific explanation for the percentage of the proposed enhancement.[27] Here, Plaintiffs propose the Court consider the amount of inflation between the commencement of the case and date of payout. This measure is proper and relevant considering the Tenth Circuit has already identified that "compensation received years after the services were rendered… is not equivalent to the same dollar amount received reasonably promptly as the legal services are preformed".[28] The U.S. Bureau of Labor Statistics find a dollar in January 2018 (the time of filing) has the same

---

[25] *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983)

[26] See *Clayton v. Thurman*, 775 F.2d 1096, 1098 (10th Cir. 1985) (affirming enhancement to one attorney of 33% where inmate prevailed in recovering $145,000 in damages)

[27] See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 560, 130 S. Ct. 1662, 1677, 176 L. Ed. 2d 494 (2010) (finding a 75% enhancement based on differences between quality of counsel insufficiently explained).

[28] *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990) (cleaned up)

buying power as $1.19 today.[29] Plaintiffs propose the Court therefore enhance the attorney's fees award by 19% in line with current inflationary pressures.[30] If the Court orders a 19% enhancement, Plaintiffs attorney's fees would total:

- Totals:           1500.4 hours         = $638,560

    Enhancement:        x 1.19

    **GRAND TOTAL:     $759,886.40**

## CONCLUSION

Plaintiffs respectfully ask the Court to order attorney's fees pursuant to 42 U.S.C. § 1988 totaling $759,886.40.

DATED this October 5, 2022.

                                              BACZYNSKI LAW, PLLC

                                              /s/ Daniel Baczynski
                                              Counsel for Plaintiffs

---

[29] Available at: https://www.bls.gov/data/inflation_calculator.htm

[30] If the Court is interested in using inflation as the basis for an enhancement but disagrees with starting from the date of filing, Plaintiffs propose using 15 percent as an alternative. This represents the inflation from the time Defendant filed his appeal (October 2019) to the date of completion.

## CERTIFICATE OF SERVICE

I certify that on this October 5, 2022, I caused **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES PURSUANT 42 U.S.C. § 1988(b)** to be filed with the Court through its ECF filing system, with service provided to the following:

>Jesse C. Trentadue
>Michael W. Homer
>Sarah E. Jenkins
>jesse32@sautah.com
>mhomer@sautah.com
>sjenkins@sautah.com
>SUITTER AXLAND, PLLC
>8 East Broadway, Suite 200
>Salt Lake City, Utah 84111
>Tel: (801) 532-7300
>Fax: (801) 532-7355

/s/ Daniel Baczynski