Daniel Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Dbaczyn2@gmail.com

LAW OFFICES OF TAD D. DRAPER P.C.
Tad D. Draper, Bar # 4311
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 553-1700
(801) 255-5588 fax
Legaljustice3@gmail.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>Plaintiffs,<br><br>v.<br><br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MAVIN ANDERSON, JAMES ONDRICEK,<br><br>Defendants. | **OPPOSITION TO DEFENDANT NURSE ANDERSON'S POST-TRIAL MOTIONS**<br><br><br>Case No:  1:18-cv-002<br><br><br>Judge:   Jill Parrish |

### **INTRODUCTION**

Defendant Anderson asks the Court to reconsider issues which have been litigated and adjudicated multiple times over. He asks the Court to find the evidence does not support deliberate indifference, even though both the Court and the jury found otherwise. He asks the Court to conduct a new trial, this time allowing the jury rather than the court to decide qualified immunity despite Tenth Circuit guidance to the contrary. Anderson criticizes the Court's

1

decision to take the Rule 50 motion on punitive damages under advisement – a discretionary act specifically allowed under the Federal Rules which Defendant now calls error. Finally, Anderson raises the novel defense that Miller induced bad medical care by alerting Anderson to potential meth withdrawal. Defendant Anderson fails to present any grounds for a new trial or to amend the judgment. The motion should be denied.

## RECONSIDERATION STANDARD

Defendants ask the Court to amend the judgment pursuant to Rule 59(e). "Relief under Rule 59(e) is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion may also be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (denying motion because "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

## ARGUMENT

**I.      Defendant Anderson has failed to demonstrate a justification fort relief under Rule 59(e).**

Defendant Anderson asks the Court to amend the judgment pursuant to Rule 59(e). "A court may grant a Rule 59(e) motion to alter or amend a judgment "only to correct manifest errors of law or to present newly discovered evidence." *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005). "Relief under Rule 59(e) is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204

2

F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion may also be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (denying motion because "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

The Court should deny the Motion because Plaintiff has not identified any change in controlling law or newly discovered evidence that would warrant altering the Judgment. Rather, Defendant asks for a second opportunity to argue points already litigated and resolved by the Court. Defendant should not be permitted use Rule 59 to secure a "second bite at the apple." *Bryner v. Mancini Welch & Geiger LLP*, No. 2:09-CV-1060 TS, 2010 WL 2754844, at *1 (D. Utah July 12, 2010) ("[p]ermitting Plaintiff to amend a failed complaint would give him a second bite at the apple. This is not the purpose of a rule 59 Motion."). Indeed, a Rule 59(e) that motion "simply rehashes arguments" is improper and granting an improper motion is reversible error. It *Nelson v. City of Albuquerque*, 921 F.3d 925, 927 (10th Cir. 2019). The Motion should be denied on this ground alone. See *Christine S. v. Blue Cross Blue Shield of New Mexico*, No. 218CV00874JNPDBP, 2022 WL 2132288, at *2 (D. Utah June 14, 2022).

    a. <u>Defendant Anderson rehashes his arguments about deliberate indifference and qualified immunity.</u>

Defendant Anderson reraises his Rule 50 argument that he is entitled to judgment as a matter of law on deliberate indifference and qualified immunity. (ECF 244). The Court already denied the motion, finding sufficient evidence to support the jury's conclusions that Anderson was aware of a substantial risk of serious harm to Miller and consciously failed to take reasonable measures to address the risk. *Id* at *7-9. Defendant cites to no new facts or any

change in controlling law to justify altering the Court's decision. There is no justification for the Court to revisit its prior ruling.

   b. <u>Next, Defendant Anderson reargues that qualified immunity should have been presented to the jury</u>.

Defendant also reargues his position that the question of qualified immunity should have been presented to the jury. This issue was vigorously litigated and repeatedly resolved by the Court when drafting jury instructions and the verdict form.[1] Defendant Anderson does not raise any new evidence, nor does he allege a change in the law.[2] Anderson simply suggests the Court was wrong. That is an argument on appeal, not a motion to reconsider.

   c. <u>Defendant Anderson then relitigates whether punitive damages should have been dismissed as a matter of law</u>.

Defendant next complains about the Court taking Anderson's Rule 50 motion on punitive damages under advisement. Though the jury did not award punitive damages, Defendant now claims the Court committed harmful error by allowing Plaintiffs to submit the question. Defendant Anderson, however, failed to object to the Court' election to resolve the motion after the trial (as specifically allowed under Fed. R. Civ. P. 50(b)).[3] A Rule 59 Motion is not the place to present arguments that should have been previously raised.[4] To the extent the Court's

---

[1] Transcript (786:11 – 787:14).

[2] While Anderson cites to two 10th Circuit decisions (*Maestas v. Lujan* and *Trujillo v. Large*), both predate 2010 and therefore cannot represents a change in the law.

[3] Transcript at (581:1 – 589:5).

[4] *Banister v. Davis*, 207 L. Ed. 2d 58, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision

decision can even be classified as an "error", Defendant Anderson waived his objection by failing to raise the issue at trial.[5]

## II. Even if there are grounds to reconsider, the Court cannot accept Defendant's invitation to reweigh the evidence as to deliberate indifference.

Even if there are grounds to reconsider, the Court cannot accept Defendant's invitation to reweigh the deliberate indifference evidence on a Rule 59 Motion. Anderson argues there was insufficient evidence for any reasonable jury to find he acted with deliberate indifference. Anderson backs this position even though both the jury and this Court found Anderson "was aware that Miller faced a substantial risk of serious harm" and "consciously failed to take reasonable measures to address the substantial risk". ECF 236 at *2; ECF 244 at *12.

Regardless, "a motion to alter or amend is not available for claims that a verdict was against the weight of the evidence". *Woods v. First Nat'l Bank of Durango*, 705 F. App'x 684, 689 (10th Cir. 2017). The Court simply cannot "address the weight or sufficient of the evidence" on reconsideration. *Id*. Anderson's sought-after relief is not available through Rule 59.

Moreover, even if the Court could reweigh the evidence for the jury, Anderson cannot meet the high burden of showing "the jury verdict is… clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 762

---

issued.")

[5] See *Woods v. First Nat'l Bank of Durango*, 705 F. App'x 684, 691 (10th Cir. 2017) (unraised objection to evidence did not need to be addressed on a motion for new trial due to waiver)

(10th Cir. 2009). While there were some facts which supported Anderson, the majority pointed to disregard for Heather Miller's safety. As the Court summarized,

> "[t]he evidence demonstrates Anderson failed to take reasonable measures, such as conducting a complete initial assessment, engaging in periodic medical monitoring, completing periodic vital signs checks, or attending to the patient when deputies called him, to address the substantial risk of harm to Miller".

ECF 244 at *11-12. This evidence supports the jury's finding of deliberate indifference.

### III.     The Court did not err in resolving qualified immunity itself rather than sending the question to the jury.

Defendant Anderson laments that the Court, not the jury, resolved his qualified immunity defense. Generally, however, whether a defendant is protected by qualified immunity is a question of law, not a jury question. *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001); *Furnace v. Oklahoma Corp. Comm'n*, 51 F.3d 932, 935 (10th Cir. 1995) ("[Qualified] Immunity is not a jury question; it must be decided as a matter of law by the court"). Juries should not be asked to resolve the "'purely legal question' raised by a qualified immunity defense." *Id.*, at 1127-28. While juries occasionally play a role in the analysis, this is limited to the "few cases where qualified immunity may turn on a jury's resolution of discrete factual questions". *Gonzales v. Duran*, 590 F.3d 855, 860 (10th Cir. 2009). But even under these narrow circumstances, the Tenth Circuit has advised that "the better approach is for the court to submit special interrogatories to the jury to establish the facts" – as the Court did in this case. *Id*.

Still, Defendants argue the special interrogatories were insufficient because they did not address whether Nurse Anderson's conduct was objectively reasonable. Setting aside that the jury clearly concluded Anderson did not act reasonably (by finding Anderson "consciously failed

6

to take reasonable measures to address the risk") the question of reasonableness is strictly a legal one for the Court to resolve. See *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001). It would have been error for the Court to submit this question to the jury. Consequently, it does not justify a new trial.

### IV. The Court did not err in taking the Rule 50 Motion on punitive damages under advisement.

Defendant Anderson then complains that the Court did not resolve his Rule 50 Motion on punitive damages prior to completion of trial. Pursuant to Rule 50(b), the Court took the motion under advisement and reserved ruling on the question until the trial's completion.[6] The jury did not award punitive damages and the issue became moot. Still, Defendant claims this was harmful error because it allowed Plaintiffs to argue in favor of punitive damages. Defendant Anderson, however, fails to explain how a discretionary act specifically contemplated under the Federal Rules could possibly constitute error. The Court did not err in taking the Rule 50 Motion under advisement.[7]

### V. Equitable estoppel is inapplicable

Finally, Defendant Anderson argues Plaintiffs are "equitably estopped" from claiming Anderson acted with deliberate indifference. Basically, Anderson claims Heather Miller included Anderson to provide bad medical care. To start, this argument was never raised in a dispositive

---

[6] See *Davis v. Davis*, 405 F. App'x 279, 281 (10th Cir. 2010)

[7] Nor did the Court err in allowing the punitive damages to be considered along with the merits of the claims. Defendants claim the case should have been bifurcated, but Defendants never requested a bifurcated trial.

7

motion and should be considered waived. Moreover, equitable estoppel does not save Nurse Anderson from his deliberate indifference. Whether Anderson believed Miller was suffering from withdrawal does not excuse his multiple failures to assess, screen, and monitor Miller. Heather Miller was at Nurse Anderson's mercy and he deprived Miller of reasonable medical care. The equities do not support Anderson escaping liability.

## CONCLUSION

Defendants ask the Court to reconsider its prior ruling. Not only is there no justification to do so, but their arguments in support of simply fail.[8] Plaintiffs respectfully ask the Court to deny the motion.

DATED this November 8, 2022.

BACZYNSKI LAW, PLLC

/s/ Daniel Baczynski
Counsel for Plaintiffs

---

[8] Defendant Anderson incorporates other arguments raised by Davis County by reference. Plaintiffs hereby do the same as to their opposition brief which will be filed later this week.

8

## CERTIFICATE OF SERVICE

I certify that on this November 8, 2022, I caused **OPPOSITION TO DEFENDANT NURSE ANDERSON'S POST-TRIAL MOTION** to be filed with the Court through its ECF filing system, with service provided to the following:

>Jesse C. Trentadue
>Michael W. Homer
>Sarah E. Jenkins
>jesse32@sautah.com
>mhomer@sautah.com
>sjenkins@sautah.com
>SUITTER AXLAND, PLLC
>8 East Broadway, Suite 200
>Salt Lake City, Utah 84111
>Tel: (801) 532-7300
>Fax: (801) 532-7355

/s/     Daniel Baczynski