IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA STELLA, and the ESTATE OF HEATHER MILLER,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>DAVIS COUNTY, SHERIFF TODD RICHARDSON, MARVIN ANDERSON, JAMES ONDRICEK,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST**<br><br>Case No. 1:18-cv-00002-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a motion to amend judgment to add prejudgment interest filed by Cynthia Stella ("Stella") and the Estate of Heather Miller ("Miller") (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 59. ECF No. 259. For the reasons set forth below, the court DENIES the motion.

## BACKGROUND

On September 27, 2022, the court entered an $8,000,000 judgment in this case following a jury trial in which Defendants Marvin Anderson ("Anderson") and Davis County were found liable for violating Heather Miller's ("Miller") rights under the Eighth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983 ("§ 1983") and Davis County was found liable for violating Miller's rights under Article I, Section 9 of the Utah Constitution. ECF No. 252. The verdict form returned by the jury included options to award compensatory damages and punitive damages. ECF No. 236. The jury chose not to award punitive damages. *Id*. The instructions given to the jury specified that if the jury awarded Plaintiffs damages for Miller's lost earnings, then the amount of those damages was to be calculated to reflect the present cash value of those earnings.

ECF No. 243 at 72. The jury was not instructed to make such an adjustment for non-economic damages. *Id*. at 73.

On October 25, 2022, Plaintiffs filed a motion to amend judgment to include prejudgment interest for the $3.85 million of the damages awarded as a result of their successful § 1983 claim. ECF No. 259. Plaintiffs argued that an award of prejudgment interest would address a six-year delay in recovery for unabated pain and suffering, loss of life, and lost relationships. *Id*. at 3. Defendant Davis County responded with a memorandum in opposition to this motion on November 8, 2022. ECF No. 269. The County argued that because Plaintiffs were requesting prejudgment interest for non-economic damages, they were not entitled to prejudgment interest. Plaintiffs filed their reply on November 22, 2022. ECF No. 283.

## LEGAL STANDARD

While prejudgment interest is normally awarded in federal cases, "it is not recoverable as a matter of right." *Zuchel v. City & County of Denver*, 997 F.2d 730, 746 (10th Cir. 1993). Rather, "[a]n award of prejudgment interest is within the district court's discretion." *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1073 (10th Cir. 2008) (quoting *Resolution Trust Corp. v. Fed. Sav. & Loan Ins. Corp.*, 25 F.3d 1493, 1506 (10th Cir. 1994)). A two-step analysis governs the application of this discretion. The first step requires the court to consider "whether an award of prejudgment interest would serve to compensate the injured party." *Zuchel*, 997 F.2d at 746. The second step requires the court to "determine whether the equities would preclude the award of prejudgment interest." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1257 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996)). The overall purpose of prejudgment interest "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *U.S. Indus.*, 854 F.2d at 1256.

## ANALYSIS

Davis County argues that the court should deny Plaintiffs' motion because an award of prejudgment interest for non-economic damages would not serve a compensatory function, as required by the first step of the Tenth Circuit's prejudgment interest analysis. Ultimately, the court agrees with the County and concludes that Plaintiffs are not entitled to prejudgment interest for the non-economic damages awarded in this dispute.

As an initial matter, Davis County's opposition to this motion is premised on the assumption that Plaintiffs seek prejudgment interest for non-economic damages. Plaintiffs offer no argument against the notion that the entire $3.85 million that the jury awarded under § 1983 is non-economic in nature. Indeed, Plaintiffs' briefing assumes that this is the case.[1] The court will, thus, proceed with the understanding that Plaintiffs request prejudgment interest only for non-economic damages.

The Tenth Circuit has not taken a stance on whether prejudgment interest is warranted when damages are not economic in nature. *See White v. Wycoff*, No. 13-cv-01761-CMA-MJW, 2016 WL 9632932, at *2 (D. Colo. July 7, 2016) (noting that the court had not found any "Tenth Circuit precedent dispositive of the issue"), *aff'd, White v. Chafin*, 862 F.3d 1065 (10th Cir. 2017). Instead, it grants district courts total discretion to decide whether to award prejudgment interest for such damages. *Id*. In this Circuit, the trend among district courts is to find that "the notion of prejudgment interest [is] incompatible with the concept of non-economic damages." *Id*. (quoting *Clawson v. Mt. Coal Co.*, No. 01-cv-02199-MSK-MEH, 2007 WL 201253, at *14 (D. Colo. Jan.

---

[1] Plaintiffs' assumption comes despite the fact that their closing argument at trial included a request that the jury award economic damages in the amount of $84,390 for the wages Miller would have earned in the 291 weeks after her death but prior to the jury's verdict and $156,613.15 for the present value of the wages Miller could have earned for the remainder of her expected lifespan after the verdict. Baczynski Tr. 846:5-23.

24, 2007)); *see, e.g., Chatman v. Buller*, 2013 WL 5729603, at *3 (E.D. Okla. Oct. 22, 2013) (declining to award prejudgment interest on non-economic damages based on a finding that the plaintiff's "emotional distress, mental anguish, and suffering did not deprive him of the monetary value of his loss from the time of the loss to the payment of the judgment" and would thus "duplicate damages already awarded."); *Ebonie S. v. Pueblo Sch. Dist.* 60, No. 09-cv-00858-WJM-MEH, 2015 WL 1906086, at *2 (D. Colo. Apr. 23, 2015) (noting that the preference in favor of prejudgment interest "is relevant only where the policy in favor of such an award – namely, that the Plaintiff will be compensated for the lost monetary value since the date of the injury – is applicable."); *Wycoff*, 2016 WL 9632932, at *2 (finding that "awarding prejudgment interest for non-economic damages is fundamentally at odds with the policy that animates the doctrine.").

This court is predisposed to follow the Circuit's trend because awarding prejudgment interest for non-economic damages is out of step with the purpose of such an award. Prejudgment interest is added to damages in order "to compensate a plaintiff for the monetary value of [her] loss from the time of the injury until the payment of judgment." *Wycoff*, 2016 WL 9632932, at *2. Stated another way, prejudgment interest exists in recognition of the fact that if a plaintiff was not deprived of value when she was wronged by defendant, the value that she lost would have been invested and grown with time. With this in mind, non-economic damages are clearly incompatible with prejudgment interest. "Unlike a hard asset, such as wages that would have been received but for discrimination, one cannot invest one's unhurt feelings in the stock market in order to earn a return." *Clawson*, 2007 WL 201253, at *14. Indeed, to draw an equivalence between non-economic damages and economic damages when awarding prejudgment interest would "imply the preposterous notion that one's suffering could, at the time, have been used as an investment vehicle." *Id*.

4

Plaintiffs make two responses to this argument. First, they note that courts of appeal in several circuits affirmatively allow district courts to grant prejudgment interest for non-economic damages and, in at least one case, even require an award of interest.[2] Establishing that awarding prejudgment interest is discretionary does nothing to change this court's analysis. The question posed by this motion is whether the court should exercise its discretion, not whether discretion exists in the first place. And though it is true that district courts must award prejudgment interest for emotional harm in the Fifth Circuit,[3] only Tenth Circuit law is binding on this court.

Second, Plaintiffs argue that "non-economic damages awarded for a plaintiff's pain and suffering are just as much an actual loss (for which prejudgment interest is in order) as purely economic damages." ECF No. 283 (quoting *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013)) (quotation marks omitted). It is undoubtedly true that emotional harm is an "actual loss," but this is beside the point. As Justice Blackmun has stated, "prejudgment interest exists in order to make up for the lost use of *money*." *Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330 (1988) (Blackmun, J., concurring in part and dissenting in part) (emphasis added). Though

---

[2] *See, e.g., Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 444 (1st Cir. 1991) ("It has been held that prejudgment interest may be awarded on damages for past intangible loss, such as pain and suffering."); *Thomas v. Texas Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002) ("Prejudgment interest should apply to all past injuries, including past emotional injuries . . . Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole."); *Hillier v. S. Towing Co.*, 740 F.2d 583, 586 (7th Cir. 1984) ("The district court erred, however, in its determination that "the law does not allow for prejudgment interest for . . . intangible damages (pain and suffering and loss of society) . . . We cannot conclude that the law precludes an award of prejudgment interest on intangible damages."); *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) ("First, the district court seemed to suggest that prejudgment interest is not appropriate when applied to an award of non-economic damages. This is incorrect. We have held that prejudgment interest is an element of compensation, not a penalty. Non-economic damages awarded for a plaintiff's pain and suffering are 'just as much an 'actual loss' (for which prejudgment interest is in order)' as purely economic damages. Thus, to the extent the district court denied prejudgment interest because it thought such interest is unavailable for non-economic damages, the district court abused its discretion.").

[3] *Thomas*, 297 F.3d 361 (see above).

Plaintiffs suffered a real loss, the non-economic loss at issue here did not strip them of their ability to access and use Miller's money at the time of her death.

In sum, the court is persuaded that "[a]ssessing prejudgment interest on plaintiffs' non-economic damages would be fundamentally at odds" with the compensatory purpose of prejudgment interest." *Echon v. Sackett*, No. 14-CV-03420-PAB-NYW, 2019 WL 8275344 (D. Colo. Feb. 12, 2019), *aff'd sub nom. Villanueva Echon v. Sackett*, 809 F. App'x 468 (10th Cir. 2020). Because Plaintiffs are unable to meet their first burden under the two-step test for awarding prejudgment interest, there is no need for the court to examine the equities in the case and it declines to award prejudgment interest without further analysis.

## CONCLUSION & ORDER

For the foregoing reasons, the court DENIES Plaintiffs' motion to amend judgment to add prejudgment interest.

DATED August 18, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge