## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CYNTHIA STELLA**, and the **ESTATE OF HEATHER MILER,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | Case No. 1:18-CV-00002-JNP |
| **DAVIS COUNTY**, **SHERIFF TODD RICHARDSON**, **MAVIN ANDERSON**, and **JAMES ONDRICEK**, | District Judge Jill N. Parrish |
| Defendants. | |

On September 27, 2022, the court entered judgment pursuant to a jury verdict against Defendant Marvin Anderson in the amount of $300,000 and against Defendant Davis County in the amount of $7,700,000. ECF No. 252. Defendants Anderson and Davis County ("Movants") subsequently filed a notice of appeal on September 13, 2023. ECF No. 299. Movants now seek an order staying Plaintiffs' execution of the judgment pending that appeal's resolution.[1] ECF No. 309. *Id.* Plaintiffs oppose this motion. ECF No. 314. Movants have responded to Plaintiffs' objections and requested expedited consideration of their motion without oral argument. ECF Nos. 315–17.

## LEGAL STANDARD

### *Rule 62(b)*

"Rule 62([b])[2] has been interpreted to mean that an appellant may obtain a stay of [a]

---

[1] Movants request relief in the form of an order (1) staying Plaintiffs' execution of the judgment and (2) waiving the posting of a supersedeas bond or other security in order to obtain a stay or (if the court sets a bond to stay the judgment) a reasonable period of time for Defendants to obtain and post the bond. ECF No. 309.

[2] Some of the parties' briefing refers to Rule 62(d), which does not apply to this motion. In 2018, former Rule 62(d) was renumbered as Rule 62(b). This rule governs an appellant's ability to obtain a stay on the execution of a judgment pending appeal by posting a bond or other security. *See* Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendments.

money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *Soc'y of Lloyd's v. Bennett*, 2003 U.S. Dist. LEXIS 25476, at *9 (D. Utah Mar. 17, 2003) (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 887 F. Supp. 249, 250 (D. Kan. 1995)). When ordering such a stay, district courts should require a "full supersedeas bond . . . in normal circumstances." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (citations omitted). However, district courts have inherent discretionary authority in setting such bonds and may dispose of the bond requirement in appropriate circumstances. *See, e.g., Soc'y of Lloyd's*, No. 2:02-CV-204TC, 2003 U.S. Dist. LEXIS 25476, at *10 (D. Utah Mar. 17, 2003) (citing *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty.*, 932 F. Supp. 1147, 1149 (S.D. Ind. July 24, 1996); *Miami Int'l Realty Co.*, 807 F.2d at 873–74); *see also Northern Indiana Public Service v. Carbon County Coal*, 799 F.2d 265, 281 (7th Cir. 1986) ("[I]t is a misreading of Rule 62([b]) . . . to suggest that an appellant who wants to stay execution pending appeal must post a bond. The rule requires him to post a bond if he wants an automatic stay, but not if he is content to throw himself on the district judge's discretion.") (citation omitted).

The Seventh Circuit has laid out five factors when deciding whether to waive the supersedeas bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[3] *Dillon v. City of Chicago*, 866 F.2d

---

[3] The Tenth Circuit has not adopted this five-factor test. However, district courts within the Tenth Circuit routinely apply this test. *See Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 2022 U.S. Dist. LEXIS 81261, at *5–6 (D. Utah May 4, 2022); *Avt-New York, L.P. v. Olivet Univ.*, 2023 U.S. Dist. LEXIS 44031, at *6 (D. Utah Mar. 14, 2023) (discussing the continued applicability of the *Dillon* court's test even following the 2018 amendments to

902, 904–05 (7th Cir. 1988) (citations omitted).

### Rule 62(f)

"If a judgment *is a lien* on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f) (emphasis added). In the State of Utah, "*if a person records a judgment* . . . in the office of the county recorder, that judgment . . . becomes a lien[.]" Utah Code § 38-5-1(1)-(2) (emphasis added). Utah procedural law, which Rule 62(f) would direct this court to apply if Plaintiffs had recorded their judgment, would not require the Movants to post a bond in order to obtain a stay on execution of the Judgment because Davis County is a political subdivision of the State of Utah. *See* Utah R. Civ. P. 62(d). But Plaintiffs have not recorded their judgment. ECF No. 314. As a result, the parties dispute whether Utah state law applies pursuant to Rule 62(f) because the judgment would be a lien if recorded but is not presently a lien. Courts have come down on both sides of this unsettled legal issue.[4]

### ANALYSIS

Movants seek a stay on the execution of the judgment and ask the court to waive Rule 62(b)'s bond requirement. In support, they argue that under the *Dillon* factors, there is overwhelming evidence that such relief is warranted because Davis County, as a political

---

Rule 62(b), which provided for adequate "other security" to be provided in lieu of a supersedeas bond; *Hampton v. Barclays Bank Del.*, 2020 U.S. Dist. LEXIS 243469, at *14 (D. Kan. Dec. 29, 2020) (collecting cases). The parties also both invoked the *Dillon* test in their briefs. ECF Nos. 309, 314.

[4] *Compare Hoban v. Wash. Metro. Area Transit Auth.*, 841 F.2d 1157, 1158–59 (D.C. Cir. 1988) ("if [] the judgment *would* result in a lien on the property of the judgment debtor" — local statute did require recording to create a lien, see D.C. Code § 15-102) (emphasis added); Smith v. Village of Maywood, No. 84 2269, 1991 WL 277629, at *1 (N.D. Ill.,1991) (citing *Hoban*), *with Wilmer v. Bd. Of County Comm'rs*, 844 F. Supp. 1414 (D. Kan. 1993) ("the judgment *results* in a lien") (emphasis added); *Aldasoro v. Kennerson*, 915 F. Supp. 188 (S.D. Cal. 1995) (ruling that Rule 62(f)'s ambiguity should be resolved against the appellant because a judgment is not a lien under California law until it is recorded). Faced with the unsettled law on this issue, the court declines to unnecessarily opine on Rule 62(f)'s applicability in this case when sufficient grounds exist under Rule 62(b) to grant Movants a stay on execution of the Judgment without posting a bond.

subdivision of the State of Utah, is undoubtedly able to satisfy the judgment without unreasonable delay. ECF No. 309. Second, Movants argue that the judgment is a lien under Utah law, and as a result, Rule 62(f) directs that Utah law should apply—and Utah law would not require a bond to stay the judgment. *Id.* Plaintiffs respond that Movants have failed to meet their burden to demonstrate a bond should not be required to stay execution of the judgment. ECF No. 314. They argue both that the *Dillon* factors under Rule 62(b) weigh against the Movants and that Movants' Rule 62(f) argument is mistaken because the judgment is not a lien under Utah law because it has not yet been recorded. *Id.* Movants insist that Plaintiffs' attempt to avoid recording their judgment to deny Movants the benefit of Rule 62(f)'s applicability should be taken as evidence that Plaintiffs don't want to be secured creditors or have waived the bond requirement. ECF No. 315.

The parties' briefs and accompanying exhibits clearly demonstrate that a stay is warranted in this case and that the bond requirement should be waived based on the *Dillon* factors.[5] Movants are therefore granted their requested stay pursuant to Rule 62(b).

The first factor is the complexity of the collection process. Plaintiffs insist this case is unlike *Dillon* itself and that a bond should be required because Movants haven't established that "funds are readily available . . . and a procedure is in place for paying the judgment." ECF No. 14, at 5 n.11 (citing *Brinkman v. Dep't of Corr. of State of Kan.*, 815 F. Supp. 407, 409 (D. Kan. 1993)). But Movants have established as much. Davis County has pre-funded a joint liability reserve fund for the payment of a judgment in this case in the amount of $5,000,000 per occurrence. ECF No. 309-1, at 2. And as a political subdivision of the State of Utah, Davis County may avail itself of

---

[5] Another judge on this court reached the opposite conclusion in a recent analogous case. *See Jensen v. W. Jordan City*, 2017 U.S. Dist. LEXIS 202483, at *2–3 (D. Utah Dec. 7, 2017). This case was decided shortly before Rule 62 was amended in 2018, liberalizing the standard for bonds relating to stays upon the execution of judgments pending appeal. In addition, the *Jensen* court had no occasion to consider the *Dillon* factors because the appellant, a Utah municipality, provided "no support for its assertion" that it was entitled to a stay without a bond. *Id.* at *2. Thus, despite the court denying the municipality's motion to stay judgment with no bond or security requirement, *Jensen* provides little support for the Plaintiffs' position here.

the Utah Governmental Immunity Act, which directs that any remaining amount of a judgment entered in excess of $5,000,000 may be paid (1) from the county's general funds, (2) in "installments that are agreeable to the claimant[,]" or (3) by issuing bonds. Utah Code §§ 63G-7-702(1)-(3). Because funds are readily available to pay the judgment, this factor weighs in Movants' favor.

The second factor is the amount of time required to obtain a judgment after it is affirmed on appeal. Nothing in the parties' briefs or their exhibits raises a concern that Plaintiffs will be unable to obtain a judgment within a reasonable time if they are successful on appeal. The court therefore concludes that this factor weighs against requiring a bond to issue Movants' requested stay.

The third factor is the district court's degree of confidence in the availability of funds to pay the judgment. The court finds no reason to doubt that Davis County will have available funds to pay the judgment. Contrary to Plaintiffs' argument, the court does not find it necessary for Movants to fully "illuminate their financial condition" to demonstrate that funds are or will be available to pay the judgment without unreasonable delay. Davis County has already pre-funded $5,000,000 into a reserve fund to pay the judgment in this case. ECF No. 309-1, at 2. The County may also pay under installments or by issuing bonds under Utah law. Utah Code §§ 63G-7-702(1)-(3). In extreme circumstances, Davis County could rely on its taxing authority to pay the judgment. *See* ECF No. 309, at 9 n.26 (citing *Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 255 (N.D.N.Y. 2002)). This factor therefore weighs heavily in Movants' favor.

The fourth factor is whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money. Based on the foregoing evidence, the court concludes this factor clearly weighs in Movants' favor. The court is further persuaded by Movants' argument

that to require a bond in order to stay the judgment would require the needless expenditure of public funds given their incredibly plain ability to pay. ECF No. 309, at 5 n.11 (citing *Olympia Equipment v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *Northern Indiana Public Service v. Carbon County Coal*, 799 F.2d 265, 281 (7th Cir. 1986)).

The final factor is whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. There is no evidence that Davis County is in such a position, as Movants note. ECF No. 309, at 9. This factor therefore weighs in favor of requiring a bond. Regardless, the court does not find this lone factor sufficient to overcome the weight of the preceding considerations.

Finding that the relevant factors overwhelmingly weigh in Movants' favor, the court exercises its discretion to grant Movants' motion to stay the execution of the judgment in this matter pending the resolution of Defendants' appeal. Movants are not obliged to post a bond or another security to effectuate this stay.

## ORDER

Consistent with this Memorandum Decision and Order, Defendants' Motion to Stay Judgment Pending Appeal (ECF No. 309) is **GRANTED**. The court **ORDERS** that Plaintiffs' execution and/or enforcement of the Judgment (ECF No. 252) is stayed pending Defendants' appeal.

Signed November 30, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge