IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CYNTHIA STELLA**, and the **ESTATE OF HEATHER MILLER**,<br><br>Plaintiffs,<br>v.<br><br>**DAVIS COUNTY**, **SHERIFF TODD RICHARDSON**, **MAVIN ANDERSON**, and **JAMES ONDRICEK**,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES<br><br>Case No. 1:18-CV-002-JNP<br><br>District Judge Jill N. Parrish |

This court recently granted in part and denied in part Plaintiffs' first motion for attorney's fees (ECF No. 253). In that decision, the court ordered Plaintiffs to submit briefing on any supplementary attorney's fees they wished to request for work performed on post-trial motions that was not accounted for in the first attorney's fees motion. ECF No. 298. Pursuant to that order, Plaintiffs filed the present motion for supplemental attorney's fees (ECF No. 302).

Plaintiffs have filed sworn declarations from their attorneys, Daniel Baczynski ("Baczynski") and Tad Draper ("Draper"). ECF Nos. 302-1, 302-2. The declarations contain records of the attorneys' hourly rates and their time spent on post-judgment litigation. For that work, Baczynski billed 108.9 hours at a rate of $400 per hour and Draper billed 31.2 hours at a rate of $450 per hour. *Id.* In addition to this summed amount of $57,600, Plaintiffs request that the court apply the same 20% fee enhancement that it found appropriate on Plaintiffs' prior attorney's fees motion. In total, Plaintiffs therefore request a fee award in the amount of $69,120.

Defendants raise three objections to Plaintiffs' motion and ask the court to award Plaintiffs only $41,545 in supplemental attorney's fees. ECF No. 308, at 2. First, Defendants argue that fees

incurred for time spent on Plaintiffs' unsuccessful pursuit of prejudgment interest should be denied because that pursuit lacks any common set of facts with Plaintiffs' other claims. Consequently, Defendants request an $8,640 reduction in Plaintiffs' requested supplemental attorney's fees. ECF No. 308, at 3–4. Second, Defendants object to the declarations of Baczynski and Draper, arguing that they lack proper support. In sum, Defendants seek a $7,415 reduction in Plaintiffs' requested supplemental attorney's fees as a result. ECF No. 308, at 2. Third, Defendants insist that the rationale underlying the 20% fee enhancement approved by this court on Plaintiffs' first motion for attorney's fees is no longer applicable. Defendants ask the court not to apply any fee enhancement on this motion. ECF No. 308, at 4-6. For the reasons set forth below, the court grants Plaintiffs' motion.

**ANALYSIS**

### I. PREJUDGMENT INTEREST

Defendants argue that fees incurred for time spent on Plaintiffs' unsuccessful pursuit of prejudgment interest should be denied because that pursuit shared no common set of facts with Plaintiffs' other claims. ECF No. 308, at 3-4. This argument confuses two issues. The first issue—which was raised and litigated on Plaintiffs' first attorney's fees motion—is whether the court should decline to award fees incurred in furthering unsuccessful claims against Defendants James Ondricek and Sheriff Todd Richardson and claims for punitive damages. In its prior order, the court explained that district courts "may not reduce an attorney's fee request if successful and unsuccessful claims are based on a common core of facts." *Stella v. Davis Cnty.*, No. 18-CV-00002-JNP, 2023 U.S. Dist. LEXIS 145924, at *15 (D. Utah Aug. 18, 2023) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995)) (internal quotation marks omitted). That issue, which the court resolved in Plaintiffs' favor, is distinct from the question of whether the court may

award attorney's fees for Plaintiffs' unsuccessful attempt to obtain prejudgment interest. In other cases, this court has stated that "[s]triking time spent on unsuccessful motions effectively requires the court 'to second-guess every decision made by Plaintiffs to determine whether each decision actually advanced Plaintiffs' case.'" *See, e.g., United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, No. 2:12-CV-00381-JNP-CMR, 2023 U.S. Dist. LEXIS 18112, at *15-16 (D. Utah Feb. 2, 2023) (quoting *N. Regal Homes, Inc. v. RoundPoint Mortg. Servicing Corp.*, No. 1:15-CV-00035, 2018 U.S. Dist. LEXIS 15066, at *10 n.3 (D. Utah Jan. 29, 2018)). Because the court's role is not to award attorney's fees only for work on successful motions, this court may award attorney's fees for Plaintiffs' unsuccessful attempts to obtain prejudgment interest. Only an indication that the Plaintiffs' motions were frivolous attempts to collect more fees would lead the court to a different conclusion, and no such argument has been made in this case.

In short, the court finds no reason why fees incurred through Plaintiffs' unsuccessful attempt to obtain prejudgment interest should not be awarded simply because Plaintiffs' motions were unsuccessful. The court therefore declines Defendants' request to reduce Plaintiffs' supplemental attorney's fees by $8,640.00 on this basis.[1]

## II. EVIDENTIARY OBJECTIONS

The court now turns to Defendants' evidentiary objections. Defendants argue for a reduction in Plaintiffs' requested attorney's fees in the amount of $7,415.00 because Baczynski and Draper submitted poorly formatted time logs, obscuring the complete description of some work done. Defendants argue that any formatting error should lead an entire time log entry to be removed from Plaintiffs' fee calculation. ECF No. 308, at 2. Hopefully, Defendants recognize the

---

[1] Because the court finds it proper to award Plaintiffs with attorney's fees for their unsuccessful work to obtain prejudgment interest, the court will dismiss Defendants' argument that a fee enhancement should not be applied because it is allegedly an alternative means to obtain prejudgment interest.

3

weakness in this argument.

Many of the lines in Plaintiffs' time logs that Defendants ask the court to reject are so nearly complete that it is obvious what work was done (despite any formatting error). For example, Baczynski's time log states that he spent 2.5 hours on November 3rd, 2.9 hours on November 6th, and 1.7 hours on November 7th "Drafting Opposition to Anderson's Post Trial Motior[]." ECF No. 308-1, at 3. Defendant asks the court—based solely on the absence of the second half of the letter "n"—to reduce Plaintiffs' supplemental attorney's fees by thousands of dollars. In a similarly egregious example, Defendants ask the court to strike Plaintiffs' request for attorney's fees based on Baczynski's 1.4 hours spent "Drafting Supp Authority re: Attys Fees Mot[.]" ECF No. 308-1, at 5. The court can competently surmise that Baczynski was working on a "motion" despite his abbreviation of that term. Context illuminates the meaning of other allegedly unclear time log entries. On November 11th, for example, Draper spent 0.7 hours on a "Call w/Dan motion for new trial Davis County." ECF No. 308-1, at 1. The Defendants apparently agree that it is clear enough what work Draper did during that time. Yet Defendants contest the following line, which states that Draper then spent 1.9 hours, also on November 11th, making "Edits to Dan's brief motion new trial Davis cou[]." *Id.* Despite the context provided by the preceding line, the Defendants suggest that there is significant ambiguity as to whether Draper was editing Baczynski's brief on Davis County's new trial motion. The court disagrees.

Courts should reduce attorney's fees when supporting documentation is vague or incomplete. *See, e.g., Maas Ling v. Brachfeld*, No. CIV 96-1772 MV/JHG, 2000 U.S. Dist. LEXIS 24694, at *3 (D.N.M. Sept. 29, 2000) (citing *Lousiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). But Defendants have not shown that this is such a case. The court finds Plaintiffs' evidence sufficient to support their motion while many of Defendants' evidentiary

4

objections appear to be completely baseless. The court will not grant Defendants' requested reduction in Plaintiffs' attorney's fees on this basis as a result.

### III. FEE ENHANCEMENT

In its order on Plaintiffs' first attorney's fees motion, this court found that a 20% multiplier to the lodestar amount was appropriate for two reasons. First, the court explained that this was an "exceptional case" in which Plaintiffs had a real risk of not prevailing. *Stella*, 2023 U.S. Dist. LEXIS 145924, at *27 (citing *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1356 (10th Cir. 1992)). Second, due to that risk, Plaintiffs "experienced substantial difficulties obtaining counsel." *Id.* at *29. Those factors were sufficient to demonstrate Plaintiffs' eligibility for a 20% fee enhancement, *id.* at *29-30, though other factors such as inflation and Plaintiffs' excellent results at trial strengthened that conclusion, *id.* at *30-31.

Defendants urge the court not to apply any fee enhancement at this stage. In support, Defendants argue that the cost of inflation is inapplicable because post-judgment motions were much more recent than the issues discussed in the first attorney's fees order. ECF No. 308, at 4-5. But inflation was not a necessary condition to apply the fee enhancement in the first place. Next, Defendants argue that Plaintiffs' risk of not prevailing on post-trial motions is less significant than the risk of not prevailing at trial. *Id.* at 5. That may be true. But as the court noted in its prior order granting attorney's fees, the relevant question in determining the appropriateness of a fee enhancement is not whether the Plaintiffs conducted exceptional work on a motion that was likely to be decided for the Defendants. Instead, the question is whether, "*prior to the litigation*, the attorney for the prevailing party was confronted with a 'real risk of not prevailing[,]'" such that the *case* may be deemed "exceptional." *See Stella*, 2023 U.S. Dist. LEXIS 145924, at *27-28 (citing *Homeward Bound, Inc.*, 963 F.2d at 1360) (emphasis added). It is not relevant that Plaintiffs

faced a lesser burden to find counsel or a lower risk of prevailing at the post-judgment litigation stage. The nature of the case itself has not changed, and the 20% fee enhancement therefore remains appropriate on Plaintiffs' supplemental attorney's fees motion. Moreover, the court is unpersuaded by Defendants' argument that the amount of the judgment should somehow alter that conclusion.[2] The court, in its discretion, will thus grant Plaintiffs' motion in its entirety.

**ORDER**

Consistent with this Memorandum Decision and Order, Plaintiffs' supplemental motion for attorney's fees (ECF No. 302) is **GRANTED**. The court therefore **ORDERS** Defendants to pay Plaintiffs $69,120.00 in supplemental attorney's fees.

Signed December 4, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[2] Defendant cites *Ramos v. Lamm*, 713 F.2d 546, 557 (10th Cir. 1983) in support of its argument that because the judgment in this case was significant, a fee enhancement is inappropriate. ECF No. 6, n.13. *Ramos*, however, discusses the appropriateness of a fee enhancement based on the number of hours that an attorney works on a case—not the amount of the judgment entered on behalf of an attorney's clients. 713 F.2d at 557. This case therefore appears to be inapposite to the Defendants' argument. Defendants provide no other support for this argument.